IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COTTON STATES MUTUAL 2007 SEP 28  A 10: 11
INSURANCE COMPANY,

        Plaintiff,    DEBRA P. HACKETT, C.  

**ORIGINAL**

U.S. DISTRICT COURT
MIDDLE DISTRICT AL CASE NO CV 2 : 07CV 868 - WKW

v.

                                    *

LEE A. SELLARS and
JASON ANDREW DONALD,

        Defendants.            *

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff Cotton States Mutual Insurance Company and files this Declaratory Judgment Action against Lee A. Sellars and Jason Andrew Donald seeking a determination of its rights and obligations pursuant to an insurance policy issued to Lee A. Sellars for the following reasons and alleges as follows:

1.    Cotton States Mutual Insurance Company is a mutual insurance corporation organized and existing pursuant to the laws of the State of Georgia with its principle place of business in Atlanta, Georgia.

2.    Lee A. Sellars is an individual citizen of the State of Alabama who upon information and belief, resides at 6213 Oliver Drive, Montgomery County, Montgomery, Alabama, 36117.

3.    Jason Andrew Donald is an individual citizen of the State of Alabama who upon information and belief, resides at 9655 Wilson Rd., Elberta, Alabama, 36530. This Court has jurisdiction over this act pursuant to 28 USCA §2201, The Federal Declaratory Judgment Act.

4. Jason Andrew Donald is an individual citizen of the State of Alabama who upon information and belief, resides at 9655 Wilson Rd., Elberta, Alabama, 36530. This Court also has jurisdiction over this action pursuant to 28 USCA §1332 (a)(1) as the Defendant is a citizen of Alabama and the Plaintiff is a corporate entity and a citizen of Georgia and the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

5. Venue is proper in the United States District Court for the Middle District of Alabama, Northern Division pursuant to 28 USCA §1391 (a) and (b).

6. This is an action for Declaratory Judgment for the purpose of determining an actual controversy between the parties as hereinafter more fully appears.

7. The subject matter of this litigation involves a Personal Automobile Insurance Policy written by Cotton States Mutual Insurance Company and obtained by Defendant Lee A. Sellars in connection with a vehicle owned by Lee A. Sellars identified as a 1996 Honda Accord VIN# 1HGCD5692TA219613.

8. An actual controversy exists among the parties regarding the obligations, if any, of the Plaintiff pursuant to this insurance policy. A copy of this insurance policy is attached hereto and incorporated herein as if fully stated as Exhibit "A".

9. The subject policy period began November 6, 2006 as noted on the attached auto insurance policy Declaration Page, attached hereto and incorporated herein as Exhibit "B".

10. Defendant Sellars has made a claim pursuant to this automobile policy for defense and indemnity with regard to claims being made against Defendants

by a individual who claims to have been injured as a result of a motor vehicle accident involving the Defendant's vehicle.

11.    The facts as relayed to Plaintiff are:  on April 3, 2007, the Honda Accord identified herein was at the residence of Jason Donald at 9655 Wilson Road in Elberta, Baldwin County, Alabama, 36530.  Jason Donald is the boyfriend of the Defendant's daughter Lindley Sellars.  The daughter asserts she and the subject vehicle were at the Wilson Road address and that she had gone to sleep.  When she awoke early in the morning hours of April 3, 2007, the subject vehicle had been taken by her boyfriend Jason Donald without her express permission.

12.    Lindley Sellars as Defendant's daughter, did not give express permission to Jason Donald to operate the subject vehicle on the morning of April 3, 2007.  The Defendant Lee A. Sellars did not give permission express or implied to Jason Donald to operate the subject vehicle on the morning of April 3, 2007.

13.    On the morning of April 3, 2007, Jason Donald contacted Lindley Sellars to advise he had been involved in a motor vehicle accident while operating the subject vehicle.

14.    The facts as relayed to the Plaintiff are that Jason Donald while bending over to pick up a CD off of the floorboard of the subject vehicle, crossed the center line of County Road 20 located in Baldwin County, Alabama, and collided head on into a vehicle operated by Rosemary Rowell Stanley.  The head on collision caused serious and significant injury to Ms. Stanley and resulted in significant property damage to both vehicles.

15.  After being advised of the accident, Lindley Sellars contacted the Defendant her father, to advise of same.  The Defendant called and filed a report with the Foley, Alabama Police Department reporting the unauthorized use of the vehicle by Jason Donald.  The report/case number given by the Foley Police Department is 07-1642. Attached hereto as Exhibit C.

16.  The Alabama Uniform Traffic Accident Report taken by the officer responding to the scene is attached hereto as Exhibit D.  The Accident Report indicates Jason Donald had slurred speech at the time the officer investigated the accident and admitted to have been drinking earlier in the evening.  Jason Donald further admitted to the officer to haven taken medication earlier that morning.  At the time the accident report was completed, a blood test had been taken and charges were pending as a result of the test.

17.  Rosemary Rowell Stanley has retained counsel and has advised Lee A. Sellars of an intent to pursue him for a "horrible" physical injury claim wherein it is claimed Ms. Stanley "is never going to have use of her arm again and her kneecap was blown apart."  See attached Exhibit E.

18.  Defendant Sellars has made the demand upon Plaintiff Cotton States to provide defense and indemnity pursuant to his Automobile Insurance Policy for the claims to be brought on behalf of Stanley.

19.  The Automobile Insurance Policy issued by Plaintiff contains exclusions from coverage for the claims asserted by Stanley as the vehicle owned by Defendant and insured by Plaintiff was not operated in conformity with the policy of insurance at the time of the accident.

20.    The Automobile Insurance Policy excludes from coverage any exemplary or punitive damages to be sought by Stanley.

21.    The Automobile Insurance Policy excludes coverage in the event the vehicle is operated by a driver who is lacking the express permission of the named insured.

22.    The Automobile Insurance Policy further excludes coverage for medical payments for any injury sustained while occupying a vehicle without the express permission of the named insured.

23.    The Automobile Insurance Policy contains limitations of liability up to the limit of coverage provided.

24.    Plaintiff Cotton States Mutual Insurance Company hereby requests a Declaratory Judgment such that the exclusions mentioned above and contained within the Automobile Insurance Policy attached hereto, provide no coverage for the claims of Stanley against Defendants Sellars or Donald.

25.    Further, Cotton States Mutual Insurance Company requests a declaration the Automobile Insurance Policy does not impose any duty on Cotton States in favor of the Defendants herein arising out of the claims asserted by Stanley.

26.    Further, Cotton States Mutual Insurance Company seeks a declaration the Automobile Insurance Policy does not provide coverage for bodily injury or property damage either for Stanley or Donald arising out of the motor vehicle accident as asserted by the claim of Stanley.

27.    Further, Cotton States Mutual Insurance Company seeks a declaration the Automobile Insurance Policy does not provide coverage for bodily injury or

property damage either for Stanley or Donald arising out of the accident as asserted by the Stanley claim.

28.   Further, Cotton States Mutual Insurance Company seeks a declaration the Automobile Insurance Policy does not provide coverage for a defense of Defendant Sellars or Donald arising out of the motor vehicle accident as asserted by the claim of Stanley.

29.   Additionally and/or in the alternative, should this Court find there is any coverage for the motor vehicle accident or the claim as asserted on behalf of Stanley pursuant to the Automobile Insurance Policy, which Cotton States Mutual Insurance Company denied, the Automobile Insurance Policy contains an exclusion for punitive or exemplary damages and consequently there is no coverage for punitive or exemplary damages regardless.

WHEREFORE, Cotton States Mutual Insurance Company prays as follows:

1.   This Court enter a judgment declaring the rights and obligations of each of the parties herein and with regard to the dispute;

2.   Enter a judgment declaring there is no coverage to Defendant Sellars or Donald under the afore mentioned automobile insurance policy in connection with the Stanley claim;

3.   Enter a judgment declaring Cotton States Mutual Insurance Company has no obligation to defend Defendants Sellars and Donald in connection with the Stanley claim;

4. Enter a judgment declaring Cotton States Mutual Insurance Company has no obligation to indemnify Defendant Sellars or Donald in connection with the Stanley claim;

5. Award Cotton States Mutual Insurance Company the cost of this action and;

6. Grant Cotton States Mutual Insurance Company any and all further relief this Court may deem proper.

Respectfully submitted,

JANNEA S. ROGERS
(ROGEJ7403)
Adams and Reese, LLP
P. O. Box 1348
Mobile, Alabama 36633-1348
251.433.3234
251.438.7733 Facsimile
jannea.rogers@arlaw.com
Attorney for Cotton States Mutual
Insurance Company.

Please serve Defendants at the following address:

Lee A. Sellars
6213 Oliver Drive
Montgomery, Alabama 36117

Jason Andrew Donald
9655 Wilson Road
Elberta, Alabama 36530

## PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

**B.** "We", "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are in quotation marks when used.

**D.** "Bodily injury" means bodily harm, sickness or disease, including death that results.

**E.** "Business" includes trade, profession or occupation.

**F.** "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

**G.** "Occupying" means in, upon, getting in, on, out or off.

**H.** "Property damage" means physical injury to, destruction of or loss of use of tangible property.

**I.** "Trailer" means a vehicle designed to be pulled by a:

1. Private passenger auto; or

2. Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

**J.** "Your covered auto" means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner:

a. a private passenger auto; or

b. a pickup or van.

This provision (J.2.) applies only if:

a. you acquire the vehicle during the policy period;

b. you ask us to insure it within 30 days after you become the owner; and

c. with respect to a pickup or van, no other insurance policy provides coverage for that vehicle.

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if:

a. you wish to add or continue Coverage for Damage to Your Auto; or

b. it is a pickup or van used in any "business" other than farming or ranching.

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

3. Any "trailer" you own.

4. Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

a. breakdown;    d. loss; or

b. repair;    e. destruction.

c. servicing;

## PART A—LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include pre-judgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

**B.** "Insured" as used in this Part means:

**EXHIBIT**

A

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer".

2. Any person using "your covered auto".

3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or "trailer".

## SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an "insured":

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Other reasonable expenses incurred at our request.

## EXCLUSIONS

A. We do not provide Liability Coverage for any person:

1. Who intentionally causes "bodily injury" or "property damage".

2. For damage to property owned or being transported by that person.

3. For damage to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   that person.

   This exclusion (A.3.) does not apply to damage to a residence or private garage.

4. For "bodily injury" to an employee of that person during the course of employment. This exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers'

compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee. This exclusion (A.5.) does not apply to a share the expense car pool.

6. While employed or otherwise engaged in the "business" of:

   a. selling;          d. storing; or

   b. repairing;        e. parking;

   c. servicing;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:

   a. you;

   b. any "family member"; or

   c. any partner, agent or employee of you or any "family member".

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any 7business" (other than farming or ranching) not described in Exclusion A.6. This exclusion (A.7.) does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup or van that you own; or

   c. "trailer" used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that person is entitled to do so.

9. For "bodily injury" or "property damage" for which that person:

   a. is an insured under a nuclear energy liability policy; or

   b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:

   a. American Nuclear Insurers;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any motorized vehicle having fewer than four wheels.

2. Any vehicle, other than "your covered auto", which is:

    Copyright, Insurance Services Office, Inc., 1986    **PP 00 01 (Ed. 4/86)**

a. owned by you; or

b. furnished or available for your regular use.

3. Any vehicle, other than "your covered auto", which is:

   a. owned by any "family member"; or

   b. furnished or available for the regular use of any "family member".

   However, this exclusion (B.3.) does not apply to your maintenance or use of any vehicle which is:

   a. owned by a "family member"; or

   b. furnished or available for the regular use of a "family member".

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

B. We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision (B.) will not change our total limit of liability.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A. We will pay reasonable expenses incurred for necessary medical and funeral services because of "bodily injury":

1. Caused by accident; and

2. Sustained by an "insured".

We will pay only those expenses incurred within 3 years from the date of the accident.

B. "Insured" as used in this Part means:

1. You or any "family member":

   a. while "occupying"; or

   b. as a pedestrian when struck by;

   a motor vehicle designed for use mainly on public roads or a trailer of any type.

2. Any other person while "occupying" "your covered auto".

### EXCLUSIONS

We do not provide Medical Payments Coverage for any person for "bodily injury":

1. Sustained while "occupying" any motorized vehicle having fewer than four wheels.

2. Sustained while "occupying" "your covered auto" when it is being used to carry persons or property for a fee. This exclusion (2.) does not apply to a share the expense car pool.

3. Sustained while "occupying" any vehicle located for use as a residence or premises.

4. Occurring during the course of employment if workers' compensation benefits are required or available for the "bodily injury".

5. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:

a. owned by you; or

b. furnished or available for your regular use.

6. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:

   a. owned by any "family member"; or

   b. furnished or available for the regular use of any "family member".

   However, this exclusion (6.) does not apply to you.

7. Sustained while "occupying" a vehicle without a reasonable belief that that person is entitled to do so.

8. Sustained while "occupying" a vehicle when it is being used in the "business" of an "insured". This exclusion (8.) does not apply to "bodily injury" sustained while "occupying" a:

   a. private passenger auto;

   b. pickup or van that you own; or

   c. "trailer" used with a vehicle described in a. or b. above.

9. Caused by or as a consequence of:

   a. discharge of a nuclear weapon (even if accidental);

   b. war (declared or undeclared);

   c. civil war;

   d. insurrection; or

   e. rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

a. nuclear reaction;

b. radiation; or

c. radioactive contamination.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. "Insureds";

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under Part A or Part C.

C. No payment will be made unless the injured person or that person's legal representative agrees in writing that any payment shall be applied toward any settlement or judgment that person receives under Part A or Part C.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

---

## PART C – UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":

   1. Sustained by an "insured"; and

   2. Caused by an accident.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

   Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "Insured" as used in this Part means:

   1. You or any "family member".

   2. Any other person "occupying" "your covered auto".

3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

   1. To which no bodily injury liability bond or policy applies at the time of the accident.

   2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.

     Copyright, Insurance Services Office, Inc., 1986     **PP 00 01 (Ed. 4/86)**

3. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

   a. you or any "family member";

   b. a vehicle which you or any "family member" are "occupying"; or

   c. "your covered auto".

4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any "family member".

2. Owned or operated by a self insurer under any applicable motor vehicle law.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any person:

1. While "occupying", or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. If that person or the legal representative settles the "bodily injury" claim without our consent.

3. While occupying "your covered auto" when it is being used to carry persons or property for a fee. This exclusion (A.3.) does not apply to a share the expense car pool.

4. Using a vehicle without a reasonable belief that that person is entitled to do so.

B. This coverage shall not apply directly or indirectly to benefit any insurer or self insurer under any of the following or similar law:

1. workers' compensation law; or

2. disability benefits law.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. "insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:

1. Paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

2. Paid or payable because of the "bodily injury" under any of the following or similar law:

   a. workers' compensation law; or

   b. disability benefits law.

C. Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

## OTHER INSURANCE

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

A. If we and an "insured" do not agree:

1. Whether that person is legally entitled to recover damages under this Part; or

2. As to the amount of damages;

either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial

responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

## PART D—COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

**A.** We will pay for direct and accidental loss to "your covered auto" or any "non owned auto", including their equipment, minus any applicable deductible shown in the Declarations. We will pay for loss to "your covered auto" caused by:

1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a "non owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

**B.** "Collision" means the upset of "your covered auto" or its impact with another vehicle or object. Loss caused by the following is considered other than "collision":

| | | | |
|---|---|---|---|
| 1. | Missiles or falling objects; | 7. | Malicious mischief or vandalism; |
| 2. | Fire; | 8. | Riot or civil commotion; |
| 3. | Theft or larceny; | 9. | Contact with bird or animal; or |
| 4. | Explosion or earthquake; | 10 | Breakage of glass. |
| 5. | Windstorm; | | |
| 6. | Hail, water or flood; | | |

If breakage of glass is caused by a "collision", you may elect to have it considered a loss caused by "collision".

**C.** "Non owned auto" means any private passenger auto, pickup, van or "trailer" not owned by or furnished or available for the regular use of you or any "family member" while in the custody of or being operated by you or any "family member". However, "non owned auto" does not include any vehicle used as a temporary substitute for a vehicle you own which is out of normal use because of its:

| | | | |
|---|---|---|---|
| 1. | Breakdown; | 4. | Loss; or |
| 2. | Repair; | 5. | Destruction. |
| 3. | Servicing; | | |

### TRANSPORTATION EXPENSES

In addition, we will pay up to $10 per day, to a maximum of $300, for transportation expenses incurred by you. This applies only in the event of the total theft of "your covered auto". We will pay only transportation expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when "your covered auto" is returned to use or we pay for its loss.

### EXCLUSIONS

We will not pay for:

1. Loss to "your covered auto" which occurs while it is used to carry persons or property for a fee. This exclusion (1.) does not apply to a share the expense car pool.

2. Damage due and confined to:

   a. wear and tear;

   b. freezing;

   c. mechanical or electrical breakdown or failure; or

   d. road damage to tires.

   This exclusion (2.) does not apply if the damage results from the total theft of "your covered auto".

3. Loss due to or as a consequence of:

   a. radioactive contamination;

   b. discharge of any nuclear weapon (even if accidental);

   c. war (declared or undeclared);

   d. civil war;

   e. insurrection; or

   f. rebellion or revolution.

4. Loss to equipment designed for the reproduction of sound. This exclusion (4.) does not apply if the equipment is permanently installed in "your covered auto" or any "non owned auto".

5. Loss to tapes, records or other devices for use with equipment designed for the reproduction of sound.

6. Loss to a camper body or "trailer" you own which is not shown in the Declarations. This exclusion (6.) does not apply to a camper body or "trailer" you:

   a. acquire during the policy period; and

   b. ask us to insure within 30 days after you become the owner.

7. Loss to any "non owned auto" or any vehicle used as a temporary substitute for a vehicle you own, when used by you or any "family member" without a reasonable belief that you or that "family member" are entitled to do so.

          Copyright, Insurance Services Office, Inc., 1986          PP 00 01 (Ed. 4/86)

8. Loss to:

    a. TV antennas;

    b. awnings or cabanas; or

    c. equipment designed to create additional living facilities.

9. Loss to any of the following or their accessories:

    a. citizens band radio;

    b. two way mobile radio;

    c. telephone; or

    d. scanning monitor receiver.

This exclusion (9.) does not apply if the equipment is permanently installed in the opening of the dash or console of "your covered auto" or any "non owned auto". This opening must be normally used by the auto manufacturer for the installation of a radio.

10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:

    a. special carpeting and insulation, furniture, bars or television receivers;

    b. facilities for cooking and sleeping;

    c. height extending roofs; or

    d. custom murals, paintings or other decals or graphics.

11. Loss to equipment designed or used for the detection or location of radar.

12. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in the "business" of:

    a. selling;    d. storing; or

    b. repairing;    e. parking;

    c. servicing;

vehicles designed for use on public highways. This includes road testing and delivery.

13. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in any "business" not described in exclusion 12. This exclusion (13.) does not apply to the maintenance or use by you or any "family member" of a "non-owned auto" which is a private passenger auto or "trailer".

## LIMIT OF LIABILITY

A. Our limit of liability for loss will be the lesser of the:

    1. Actual cash value of the stolen or damaged property; or

    2. Amount necessary to repair or replace the property.

    However, the most we will pay for loss to any "non owned auto" which is a "trailer" is $500.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

    1. You; or

    2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER INSURANCE

If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non owned auto" or any vehicle used as a temporary substitute for a vehicle you own shall be excess over any other collectible insurance.

## APPRAISAL

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    1. Pay its chosen appraiser; and

    2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

## PART E – DUTIES AFTER AN ACCIDENT OR LOSS

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

    1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. to physical exams by physicians we select. We will pay for these exams.

   b. to examination under oath and subscribe the same.

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss when required by us.

C. A person seeking Uninsured Motorists Coverage must also:

1. Promptly notify the police if a hit and run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect "your covered auto" and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if "your covered auto" is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F—GENERAL PROVISIONS

### BANKRUPTCY

Bankruptcy or insolvency of the "insured" shall not relieve us of any obligations under this policy.

### CHANGES

This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us. If a change requires a premium adjustment, we will adjust the premium as of the effective date of change.

We may revise this policy form to provide more coverage without additional premium charge. If we do this your policy will automatically provide the additional coverage as of the date the revision is effective in your state.

### FRAUD

We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

### LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the "insured" has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the **Liability of an "insured"**.

### OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do not apply under Part D, against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

### POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

B. The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

### TERMINATION

A. **Cancellation.** This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

     Copyright, Insurance Services Office, Inc., 1986     **PP 00 01 (Ed. 4/86)**

a. returning this policy to us; or

b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

   a. at least 10 days notice:

     (1) if cancellation is for nonpayment of premium; or

     (2) if notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or

   b. at least 20 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

   a. for nonpayment of premium; or

   b. if your driver's license or that of:

     (1) any driver who lives with you; or

     (2) any driver who customarily uses "your covered auto";

   has been suspended or revoked. This must have occurred:

     (1) during the policy period; or

     (2) since the last anniversary of the original effective date if the policy period is other than 1 year; or

   c. if the policy was obtained through material misrepresentation.

**B. Nonrenewal.** If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at last 20 days before the end of the policy period. If the policy period is other than 1 year, we will have the right not to renew or continue it only at each anniversary of its original effective date.

**C. Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D. Other Termination Provisions.**

1. If the law in effect in your state at the time this policy is issued, renewed or continued:

   a. requires a longer notice period;

   b. requires a special form of or procedure for giving notice; or

   c. modifies any of the stated termination reasons;

we will comply with those requirements.

2. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

3. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".

**B.** Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

*Paul M. Harmon*
**Secretary**

*Barbara A Baurer*
**President**

# MUTUAL POLICY CONDITIONS

This policy is issued by a Mutual Company having special regulations lawfully applicable to its organization, membership, policies or contracts of insurance, of which the following shall apply to and form a part of this policy:

This policy is nonassessable. The policyholder is a member of the company and shall participate, to the extent and upon the conditions fixed and determined by the Board of Directors of the Company in accordance with the provisions of law, in the distribution of dividends so fixed and determined.

The insured is hereby notified that by virtue of this policy he is a member of Cotton States Mutual Insurance Co., and is entitled to vote either in person or by proxy at any and all meetings of said company. The annual meeting of the policyholders is held at the home on the first Wednesday of each December in Atlanta, Georgia, at 10:30 a.m.

## PP 03 01 (Ed 6/80)
## FEDERAL EMPLOYEES USING AUTOS
## IN GOVERNMENT BUSINESS

**The following are not covered persons under Part A:**

1. The United States of America or any of its agencies.
2. Any person with respect to bodily injury or property damage resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the bodily injury or property damage.

**The following endorsements, PP 03 09 and PP 04 01, apply if there a re separate limits of liability shown in the Declarations for Bodily Injury and Property Damage Liability under the Liability Coverage and, if applicable, for "each person" and "each accident" under the Uninsured Motorists Coverage:**

## PP 03 09 (Ed. 04/86)
## SPLIT LIABILITY LIMITS

The first paragraph of the Limit of Liability provision in Part A is replaced by the following:

**LIMIT OF LIABILITY**

The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

## PP 04 01 (Ed. 04/86)
## SPLIT UNINSURED MOTORISTS LIMITS

The first paragraph of the Limit of Liability provision in Part C is replaced by the following:

**LIMIT OF LIABILITY**

The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident. This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

    Copyright, Insurance Services Office, Inc., 1986    PP 00 01 (Ed. 4/86)

# Cotton States Mutual Insurance Company

**A MUTUAL COMPANY**  •  **NONASSESSABLE POLICY**

## Personal Automobile Policy





# Our Most Important Policy Is Trust.<sup>SM</sup>

**Coverage under this policy is provided
by the company indicated on the declarations page.**

Cotton States Insurance  •  244 Perimeter Center Parkway N.E.  •  Atlanta, Georgia 30346-2397

# YOUR PERSONAL AUTO POLICY—QUICK REFERENCE

### DECLARATIONS PAGE

Your Name and Address
Your Auto or Trailer
Policy Period
Coverages and Amounts of Insurance

| | Beginning On Page | | Beginning On Page |
|---|---|---|---|
| **AGREEMENT** | 1 | **PART D**—COVERAGE FOR DAMAGE TO YOUR AUTO | 6 |
| **DEFINITIONS** | 1 | Insuring Agreement | |
| **PART A**—LIABILITY COVERAGE | 1 | Transportation Expenses | |
| Insuring Agreement | | Exclusions | |
| Supplementary Payments | | Limit of Liability | |
| Exclusions | | Payment of Loss | |
| Limit of Liability | | No Benefit to Bailee | |
| Out of State Coverage | | Other Insurance | |
| Financial Responsibility | | Appraisal | |
| Other Insurance | | | |
| **PART B**—MEDICAL PAYMENTS COVERAGE | 3 | **PART E**—DUTIES AFTER AN ACCIDENT OR LOSS | 7 |
| Insuring Agreement | | **PART F**—GENERAL PROVISIONS | 8 |
| Exclusions | | Bankruptcy | |
| Limit of Liability | | Changes | |
| Other Insurance | | Fraud | |
| **PART C**—UNINSURED MOTORISTS COVERAGE | 4 | Legal Action Against Us | |
| Insuring Agreement | | Our Right to Recover Payment | |
| Exclusions | | Policy Period and Territory | |
| Limit of Liability | | Termination | |
| Other Insurance | | Transfer of Your Interest in this Policy | |
| Arbitration | | Two or More Auto Policies | |

BJP8054 (04/86)

CS 01
(Ed. 07/98)

## ALABAMA AMENDATORY ENDORSEMENT AUTOMOBILE

### PART I

THE ENDORSEMENTS CONTAINED IN THIS STATE AMENDATORY ENDORSEMENT APPLY TO YOUR PERSONAL AUTOMOBILE POLICY.

### PP 00 02 (Ed. 4/86)
### TRANSITION ENDORSEMENT

This endorsement amends the policy as follows:

**DEFINITIONS**

The Definitions Section is amended as follows:

A. The fourth paragraph is replaced by the following:

Other words and phrases are defined. They are either boldfaced or in quotation marks when used.

B. The terms "bodily injury", "business" and "property damage" are defined terms wherever they appear.

They are defined as follows:

"Bodily injury" means bodily harm, sickness or disease including death that results.

"Business" includes trade, profession or occupation.

"Property Damage" means physical injury to, destruction of, or loss of use of tangible property.

C. The term "covered person" is replaced by the term "insured" wherever it appears with no change in definition.

### CS 01 87 (Ed. 1/88)
### AMENDMENT OF POLICY PROVISIONS ALABAMA

### I. LIABILITY COVERAGE

Part A—LIABILITY COVERAGE is amended as follows:

A. Exclusion A.8. is deleted and replaced by the following:

8. Using a vehicle without the express permission of the "named insured".

### II. MEDICAL PAYMENTS COVERAGE

Part B—MEDICAL PAYMENTS is amended as follows:

A. Exclusion 7. is deleted and replaced by the following:

7. Sustained while "occupying" a vehicle without the express permission of the "named insured".

### III. UNINSURED MOTORISTS COVERAGE

Part C is amended as follows:

A. The following is added to the first paragraph of the Insuring Agreement:

We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgements or settlements.

B. Sections 2. and 3. of the definition of "uninsured motor vehicle" are replaced by the following:

"Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

2. To which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

3. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in "bodily injury" without hitting:

a. you or any "family member";

b. a vehicle which you or any "family member" are occupying; or

c. "your covered auto".

If there is no physical contact with the hit and run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claim under this or any similar coverage.

C. Exception 1. to the definition of "uninsured motor vehicle" is replaced by the following:

This endorsement contains copyrighted material of the Insurance Services Office, Inc. with its permission 1990.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

    1. Owned by or furnished or available for the regular use of you or any "family member" unless there is no liability coverage available under Part A of this policy to respond for damages sustained by you or any "family member".

D. Exception 3. to the definition of "uninsured motor vehicle" does not apply.

E. Exclusion A.1. does not apply.

F. Exclusion A. 4. is deleted and replaced by the following:

    4. Using a vehicle without the express permission of the "named insured".

G. The Limit of Liability provision is replaced by the following:

## LIMIT OF LIABILITY

A. Except as provided in B. below, our maximum limit of liability for all damages resulting from any one accident is:

    1. The limit of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to "your covered auto", when there is only 1 insured vehicle; or

    2. when there is more than 1 insured vehicle:

        a. the limit of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to the "your covered auto" an "insured" was "occupying" at the time of the accident, plus the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to any other of "your covered autos" up to a maximum of 2 additional limits; or

        b. If an "insured" was not "occupying" one of "your covered autos" at the time of the accident, the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to any of "your covered autos" up to a max- imum of 3 limits.

This is the most we will pay regardless of the number of:

    1. "Insureds";

    2. Claims made; or

    3. Vehicles involved in the accident.

B. If Uninsured Motorists Coverage is payable because liability coverage under Part A is excluded for damages sustained by you or any

"family member", our maximum limit of liability for all damages resulting from any one accident is:

    1. That part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to "your covered auto" that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, when there is only 1 insured vehicle; or

    2. When there is more than 1 insured vehicle:

        The sum of that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to any of "your covered autos" that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, up to a maximum of 3 vehicles.

This is the most we will pay regardless of the number of:

    1. "Insureds";

    2. Claims made; or

    3. Vehicles involved in the accident.

C. Regardless of whether A. or B. applies, no one will be entitled to receive duplicate payments for the same elements of loss as a result of the applicat- ion of this provision.

D. Any amounts otherwise payable for damages under this coverage shall be reduced by all sums paid because of "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

E. Any coverage afforded under this endorsement shall apply over and above all sums paid or payable for the same elements of loss because of the "bodily injury" under any of the following or similar law:

    1. Workers' Compensation law; or

    2. Disability benefits law.

However, no one will be entitled to receive duplicate payments for the same elements of loss.

F. Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

## IV. COVERAGE FOR DAMAGE TO YOUR AUTO

Part D—COVERAGE FOR DAMAGE TO YOUR AUTO—is amended as follows:

A. Exclusion 7. is deleted and replaced by the following:

    7. Loss to any "non-owned auto" or any vehicle used as a temporary substitute for a vehicle you own, when used by you or any "family member" without the express permission of the "named insured".

The following endorsement replaces PP 04 01 shown in policy jacket and applies only if CS 01 87 above applies and if separate limits of liability are shown in the Declarations for "each person" and "each accident" for bodily injury for Uninsured Motorists Coverage.

### PP 04 84 (Ed. 3/87)
### SPLIT UNINSURED MOTORISTS LIMITS

Paragraphs A. and B. of the Limit of Liability provision for Uninsured Motorists Coverage are replaced by A. and B. as follows:

### LIMIT OF LIABILITY

A. Except as provided in B. below:

1. When there is only 1 insured vehicle:

    a. the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

    b. subject to this limit for each person, the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

2. When there is more than 1 insured vehicle:

    a. and the "insured" was "occupying" "your covered auto" at the time of the accident:

      (1) the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to that "your covered auto", plus the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any other of "your covered autos" up to a maximum of 2 additional limits, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

      (2) subject to this limit for each person the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to that "your covered auto", plus the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any other of "your covered autos" up to a maximum of 2 additional limits, is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

    b. and the "insured" was not "occupying" one of "your covered autos" at the time of the accident:

      (1) the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any of "your covered autos" up to a maximum of 3 limits, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

      (2) subject to this limit for each person, the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any of "your covered autos" up to a maximum of 3 limits, is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of

    1. "Insureds";

    2. Claims made; or

    3. Vehicles involved in the accident.

B. If Uninsured Motorists Coverage is payable because liability coverage under Part A is excluded for damages sustained by you or any "family member":

    1. When there is only 1 insured vehicle:

      a. that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

      b. subject to this limit for each person, that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

2. When there is more than 1 insured vehicle:

   a. the sum of that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any of "your covered autos" that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, up to a maximum of 3 limits, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

   b. subject to this limit for each person, the sum of that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any of "your covered autos" that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act up to a maximum of 3 limits, is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made; or

3. Vehicles involved in the accident.

---

**PP 03 26 (Ed. 12/82)**
## LIABILITY COVERAGE EXCLUSION ENDORSEMENT

LIABILITY COVERAGE

The following exclusion is added to Part A. Section A: We do not provide Liability Coverage to any person for bodily injury to you or any "family member".

---

**PP 03 05 (Ed. 8/83)x**
## LOSS PAYABLE CLAUSE

Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of your covered auto. However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

---

**CS 775 (Ed. 12/87)**
## AMENDMENT OF PART F - GENERAL PROVISIONS
### NONRENEWAL SECTION

The Nonrenewal section of the termination provision of Part F—General Provisions is replaced by the following:

**Nonrenewal** If we decide not to renew or continue this policy we will mail notice to the named insured shown in the Declarations at the address last shown in this policy. Notice will be mailed at least 20 days before the end of the policy period. If the policy period is less than 1 year, we will not exercise our right to refuse to renew or continue this insurance except at the end of any six month interval after the original effective date.

---

**CS 201 (10/87)**
## COMMUNICABLE DISEASE AND
## SEXUAL MISCONDUCT EXCLUSION

The following exclusion is added to Part A Liability Coverage and Part B Medical Payments Coverage.

This policy does not cover and will not pay for:

1. Claims that arise out of the transmission of a Communicable Disease, unless caused by an auto accident.

2. Sexual misconduct or molestation in violation of penal or criminal statutes.

CS 01 (Ed. 07/98)    This ...dorsement contains copyrighted material of the Insurance Services Office, Inc. with its permission 1990.    Page 4 of 4

PMS-124
(Ed. 01/91)

## Amendment of Mutual Policy Conditions
## (Not Applicable to Shield Insurance Policyholders)

The third paragraph of the Mutual Policy Conditions is replaced by the following:

You, the named insured, by virtue of this policy, are a member of Cotton States Mutual Insurance Company and are entitled to vote either in person or by proxy at any and all meetings of said company. The annual meeting of the policyholders is held at the home office of the Company, 244 Perimeter Center Parkway, N.E., Atlanta, Georgia 30346 on the first Tuesday after the fourth Monday of April of each year at 10:30 a.m., Atlanta time.

PMS-124 (Ed. 01/91)

CS 03 03
(Ed. 01/90)

## TOWING AND LABOR COSTS COVERAGE

We will pay towing and labor costs incurred each time "**your covered auto**" or any "**non-owned auto**" is disabled, up to $ * for each disablement.  If a "**non-owned auto**" is disabled, we will provide the broadest towing and labor costs coverage applicable to any "**your covered auto**" shown in the Declarations. We will only pay for labor performed at the place of disablement.

*Refer to Declarations for Limits.

CS 03 03 (Ed. 01/90)     This endorsement contains copyrighted material of the Insurance Services Office, Inc. With its permission 1987.

APA0831100

## Cotton States INSURANCE

INSURED COPY
PERSONAL AUTO POLICY
AMENDED DECLARATION * * EFFECTIVE 04/03/2007
SUPERSEDES ANY PREVIOUS DECLARATION BEARING
THE SAME NUMBER FOR THIS POLICY PERIOD
REASON FOR AMENDMENT :   DELETE VEHICLE

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|
| #BWNCNTT<br>#APA0831100857IA5#<br>LEE A SELLARS<br>6213 OLIVER DR<br>MONTGOMERY, AL 36117 | LARRY LIVEOAK<br>P O BOX 1298<br>MILLBROOK, AL 36054<br><br>PHONE: 334/285-2881 |

VEHICLES COVERED

| VEH | ST | TER | YR | MAKE-DESCRIPTION | SERIAL NUMBER | AGE | SYM | CLASS | ST AM | CHG DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 001 | AL | 006 | 1996 | FORD EXPLORER | 1FMDU32X8TUB22812 | 6 | 07 | 885123 | | 11/06/2006 |
| 002 | AL | 006 | 1980 | TYTA P/U | RN42084439 | 6 | 06 | 885120 | | 11/06/2006 |
| 004 | AL | 006 | 1999 | HOND ACCORD EX | 1HGCG5658XA126895 | 6 | 13 | 835423 | | 11/06/2006 |

INSURANCE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE

| COVERAGE | LIMITS OF LIABILITY | PREMIUMS | | |
|---|---|---|---|---|
| | | UNIT 1 | 2 | 4 |
| BODILY INJURY LIABILITY<br>$100,000 EACH PERSON / $300,000 EACH ACCIDENT | | 88.00 | 67.00 | 145.00 |
| PROPERTY DAMAGE LIABILITY<br>$100,000 EACH ACCIDENT | | 62.00 | 47.00 | 102.00 |
| MEDICAL PAYMENTS - $5,000 PER PERSON | | 8.00 | 6.00 | 13.00 |
| UNINSURED MOTORIST BODILY INJURY LIABILITY<br>$20,000 EACH PERSON / $40,000 EACH ACCIDENT | | 27.00 | 27.00 | 27.00 |
| OTHER THAN COLLISION - $250 DEDUCTIBLE | | | | 66.00 |
| OTHER THAN COLLISION - $50 DEDUCTIBLE | | 37.00 | | |
| COLLISION - $1000 DEDUCTIBLE | | | | 105.00 |
| COLLISION - $250 DEDUCTIBLE | | 96.00 | | |
| TOWING AND LABOR - $25 | | 4.00 | | 4.00 |

PS-267 04/1989

---CONTINUE ON NEXT PAGE---

EXHIBIT
B

**Cotton States**
INSURANCE®

INSURED COPY

## PERSONAL AUTO POLICY
### AMENDED DECLARATION * * EFFECTIVE 04/03/2007
SUPERSEDES ANY PREVIOUS DECLARATION BEARING
THE SAME NUMBER FOR THIS POLICY PERIOD
REASON FOR AMENDMENT :   DELETE VEHICLE

04/30/2007

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|
| #BWNCNTT<br>#APA0831100857IA5#<br>LEE A SELLARS<br>6213 OLIVER DR<br>MONTGOMERY, AL 36117 | LARRY LIVEOAK<br>P O BOX 1298<br>MILLBROOK, AL 36054<br><br>PHONE: 334/285-2881 |

|  | | TOTAL BY UNIT | 322.00 | 147.00 | 462.00 |
|---|---|---|---|---|---|
| 6% ANTI-THEFT DISCOUNT | APPLIED UNIT   4 | | | | |

PS-267 04/1989

---CONTINUE ON NEXT PAGE---

2

**Cotton States INSURANCE®**

INSURED COPY    04/30/2007

PERSONAL AUTO POLICY
AMENDED DECLARATION * * EFFECTIVE 04/03/2007
SUPERSEDES ANY PREVIOUS DECLARATION BEARING
THE SAME NUMBER FOR THIS POLICY PERIOD
REASON FOR AMENDMENT :    DELETE VEHICLE

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|

#BWNCNTT
#APA0831100857IA5#
LEE A SELLARS
6213 OLIVER DR
MONTGOMERY, AL 36117

LARRY LIVEOAK
P O BOX 1298
MILLBROOK, AL 36054

PHONE: 334/285-2881

---

VEHICLES COVERED
VEH ST TER  YR  MAKE-DESCRIPTION SERIAL NUMBER    AGE SYM CLASS  ST AM  CHG DATE
005 AL 006 1995 TYTA T100 SR5    JT4VD22F1S0008344 6  15  835420          11/06/2006
INSURANCE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE

| COVERAGE | LIMITS OF LIABILITY | PREMIUMS UNIT 5 |
|---|---|---|
| BODILY INJURY LIABILITY | $100,000 EACH PERSON / $300,000 EACH ACCIDENT | 124.00 |
| PROPERTY DAMAGE LIABILITY | $100,000 EACH ACCIDENT | 87.00 |
| MEDICAL PAYMENTS - $5,000 PER PERSON | | 11.00 |
| UNINSURED MOTORIST BODILY INJURY LIABILITY | $20,000 EACH PERSON / $40,000 EACH ACCIDENT | 27.00 |
| OTHER THAN COLLISION - $250 DEDUCTIBLE | | 59.00 |
| COLLISION - $1000 DEDUCTIBLE | | 83.00 |
| TOWING AND LABOR - $25 | | 4.00 |

TOTAL BY UNIT   395.00
TOTAL RETURN PREMIUM    $44.00

TOTAL TERM PREMIUM  $1,326.00

6 YEAR CONTINUOUS RENEWAL DISCOUNT APPLIED
MULTI-POLICY DISCOUNT APPLIES

PS-267 04/1989

---CONTINUE ON NEXT PAGE---

3

**Cotton States**
INSURANCE®

APA0831100

INSURED COPY

PERSONAL AUTO POLICY
AMENDED DECLARATION * * EFFECTIVE 04/03/2007
SUPERSEDES ANY PREVIOUS DECLARATION BEARING
THE SAME NUMBER FOR THIS POLICY PERIOD
REASON FOR AMENDMENT :   DELETE VEHICLE

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|
| #BWNCNTT<br>#APA0831100857IA5#<br>LEE A SELLARS<br>6213 OLIVER DR<br>MONTGOMERY, AL 36117 | LARRY LIVEOAK<br>P O BOX 1298<br>MILLBROOK, AL 36054<br><br>PHONE: 334/285-2881 |

PS-267 04/1989

---CONTINUE ON NEXT PAGE---

4

**Cotton States INSURANCE®**

APA0831100          INSURED COPY          04/30/2007

## PERSONAL AUTO POLICY
## AMENDED DECLARATION * * EFFECTIVE 04/03/2007
### SUPERSEDES ANY PREVIOUS DECLARATION BEARING
### THE SAME NUMBER FOR THIS POLICY PERIOD
### REASON FOR AMENDMENT :   DELETE VEHICLE

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|

#BWNCNTT
#APA0831100857IA5#
LEE A SELLARS
6213 OLIVER DR
MONTGOMERY, AL 36117

LARRY LIVEOAK
P O BOX 1298
MILLBROOK, AL 36054

PHONE: 334/285-2881

| DRIVER ID | DRIVER NAME | LICENSE NUMBER | BIRTH DATE |
|---|---|---|---|
| 01 | LEE A SELLARS | 2415211 | 10/30/1947 |
| 02 | CYNTHIA SELLARS | 3518348 | 02/27/1949 |
| 03 | LINDLEY SELLARS | 6775661 | 04/06/1982 |
| 04 | JAMIE E SELLARS | 7073990 | 08/25/1984 |

MB

APPLICABLE FORMS

| FORM # | DATE | UNIT | FORM # | DATE | UNIT | FORM # | DATE | UNIT | FORM # | DATE | UNIT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PP0001 | 04/86 | ALL | CS01 | 07/98 | ALL | BJP80540486 | | ALL | PMS124 | 01/91 | ALL |
| CS0303 | 01/90 | 001 | CS0303 | 01/90 | 004 | CS0303 | 01/90 | 005 | | | |

BY *Charles Roy Martin*
AUTHORIZED SIGNATURE

PS-267 04/1989

THANK YOU FOR LETTING US SERVE YOU

5

# ALABAMA UNIFORM INCIDENT/OFFENSE REPORT

| VICTIM SSN | COMPLAINANT SSN | ☒ INCIDENT  ☐ OFFENSE  ☐ SUPPLEMENT | 2 CASE #  071642 | 3 SFX |
|---|---|---|---|---|

| 4 ORI #  AL0050300 | 5 DATE AND TIME OF THIS REPORT  M D Y  04/02/2007 | 16:11 ☒ AM ☐ PM ☐ MIL | 6 AGENCY NAME  FOLEY POLICE DEPARTMENT | 7 # SUPPLEMENT ORIGINAL OFFENSE DATE M D Y |
|---|---|---|---|---|

**8 REPORTED BY** ☒ VICTIM OR

**9 ADDRESS (STREET, CITY, STATE, ZIP)** 10 PHONE

| 12 VICTIM (LAST, FIRST, MIDDLE NAME)  SELLARS, LINDLEY JEAN | 13 ADDRESS (STREET, CITY, STATE, ZIP)  6213 OLIVER DR, Montgomery, AL 36117 | 14 PHONE  (334) 272-3550 |
|---|---|---|
| 15 EMPLOYER/SCHOOL  UNEMPLOYED | 16 OCCUPATION | 17 ADDRESS (STREET, CITY, STATE, ZIP) | (334) 202-5717 |

| 18 ☒ RESIDENT ☐ NON-RESIDENT | 20 INJURY ☒ Y ☒ N | 21 RACE ☒ A | 22 SEX ☒ MALE ☐ FEMALE | 24 HGT 5'05" | 24 WGT 223 | 25 DOB M D Y 04/06/1982 | 26 AGE 24 | 27 WAS OFFENDER KNOWN TO VICTIM? ☒ Y ☐ N | 28 VICTIM WAS (EXPLAIN RELATIONSHIP)  Girlfriend | 29 CODE  GF |
|---|---|---|---|---|---|---|---|---|---|---|

| 30 TYPE INCIDENT OR OFFENSE ☐ FEL ☒ MISD  Unauthorized Use of Auto | 31 DEGREE (CIRCLE)  1  2  3 | 32 UCR CODE  2411 | 33 STATE CODE/LOCAL ORDINANCE  013A-06-0011 |
|---|---|---|---|
| 34 TYPE INCIDENT OR OFFENSE ☐ FEL ☐ MISD | 35 DEGREE (CIRCLE)  1  2  3 | 36 UCR CODE | 37 STATE CODE/LOCAL ORDINANCE  JD |

| 38 PLACE OF OCCURRENCE  9655 WILSON RD, Elberta, AL 36530 | 39 SECTOR |
|---|---|

| 40 POINT OF ENTRY ☐ DOOR ☐ WINDOW ☐ ROOF ☐ OTHER | 41 METHOD OF ENTRY ☐ FORCIBLE ☒ NO FORCE ☐ ATT FORCIBLE | 42 ASSAULT ☐ SIMPLE ☐ AGGR. | 43 TREATMENT FOR ASSAULT INJURY ☐ Y ☒ N | 50 CODE |
|---|---|---|---|---|

| 44 OCCURRED ON OR BETWEEN  04/02/2007 | 45 TIME 3:00 ☐ AM ☒ PM ☐ MIL | 46 | 47 LIGHTING ☐ | 48 WEATHER ☒ CLEAR ☐ CLOUDY ☐ RAIN ☐ FOG ☐ SNOW | 49 PREMISE ☐ HWY.-ST.-ALLEY ☐ RAILROAD ☒ RESIDENCE ☐ CHURCH ☐ SCHOOL ☐ CONVENIENCE ☐ INDUSTRIAL ☐ SERVICE STA. | ☐ BANK ☐ DRUG STORE ☐ APT./TWN. HSE ☐ SHOPPING CENTER ☐ PARKING LOT ☐ OTHER COMMER. ☐ OTHER |
|---|---|---|---|---|---|---|
| 04/02/2007 | 52 TIME 5:30 ☐ AM ☒ PM ☐ MIL | 53 | | ☐ NATURAL ☐ MOON ☐ ART. EXT. ☐ ART. INT. ☐ UNK. | ☐ HAIL ☐ UNK. | |

| 54 VERIFY FOR RAPE EXAM ☐ Y ☒ N | 55 TREAT. FOR RAPE INJURY ☐ Y ☒ N | 56 CIRCUMSTANCES HOMICIDE & ASSAULT | 57 CODE | LOCATION: RAPE |
|---|---|---|---|---|

| 58 WEAPON USED ☐ FIREARM ☒ KNIFE ☐ HANDS, FISTS, VOICE, ETC ☐ OTHER DANGEROUS | 59 DESCRIPTION OF WEAPONS/FIREARMS/TOOLS USED IN OFFENSE DESCRIBE: | ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☒ UNKNOWN |
|---|---|---|

## PROPERTY DESCRIPTION

| 60 QUANTITY | 61 STOLEN, RECOVERED, LOST, FOUND OR DESTROYED (INCLUDE MAKE, MODEL, SIZE, TYPE, SERIAL NUMBER, COLOR, ETC.) | 62 DOLLAR VALUE STOLEN | DAMAGED | 63 RECOVERED DATE | VALUE |
|---|---|---|---|---|---|
| 1 | VEHICLE ; HONDA ; ACCORD ; GRN | 5,000.00 | | 04/02/2007 | 5,000.00 |

## DOLLAR VALUE

| 64 MOTOR VEHICLE  $5,000.00 S  $5,000.00 R  D  C | 65 CURRENCY, NOTES  S  R  D  C | 66 JEWELRY  S  R  D  C | 67 CLOTHING/FURS  S  R  D  C | 68 FIREARMS  S  R  D  C | 69 OFFICE EQUIPMENT  S  R  D  C |
|---|---|---|---|---|---|
| 70 ELECTRONICS  S  R  D  C | 71 HOUSEHOLD  S  R  D  C | 72 CONSUMABLE GOODS  S  R  D  C | 73 LIVESTOCK  S  R  D  C | 74 MISCELLANEOUS  S  R  D  C | |

## VEHICLES

| 75 CHECK CATEGORIES | ☒ STOLEN | ☐ RECOVERED | ☐ SUSPECTS VEH | ☐ VICTIMS VEH. | ☒ UNAUTH. USE | ☐ ABANDONED |
|---|---|---|---|---|---|---|

| 76 # STOLEN 1 | 77 LIC. 3A5068Y | 78 LIS. AL | 79 LIY. 2007 | 80 TAG COLOR | 81 VIN  1HGCD5692TA219613 |
|---|---|---|---|---|---|
| 82 VYR 1996 | 83 VMA HONDA | 84 VMO ACCORD | 85 VST 4D | VCO: TOP: GRN BOTTOM GRN | 87 ADDITIONAL DESCRIPTION  VEHICLE |
| STOLEN MTR. VEH ONLY ☐ | 88 AREA STOLEN ☐ BUS. ☐ RES. ☐ RUR | 89 OWNERSHIP VERIFIED BY: | ☐ TAG RECEIPT ☐ BILL OF SALE ☐ TITLE ☐ OTHER | 90 WARRANT SIGNED ☒ Y ☐ N | |

| 91 AUTO INSURER NAME (COMPANY, ADDRESS (STREET, CITY, STATE, ZIP)  COTTON STATES INS. | 92 PHONE |
|---|---|
| MOTOR VEH. RECOVERY ONLY REQUIRED FOR SACLEDR CODE | 93 STOLEN IN YOUR JURISDICTION? ☐ WHERE? | 94 RECOVERED IN YOUR JURISDICTION? ☐ WHERE? |

**TYPE OR PRINT IN BLACK INK**                    ACJIC—32 REV. 8-96

EXHIBIT C



Rosemary Stanley in bed showing right leg brace, etc. and left arm bandages, etc. 04/15/07





AST-27
REV. 1/91

DUI

## ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT


COPY

Should Areas To Be Used By Data Processing Only

**LOCATION AND TIME**

| Month | Day | Year | Time | Day of Week | County | City |
|---|---|---|---|---|---|---|
| 04 | 02 | 2007 | 04:55 | | 05 | |

On Street Road or Highway: Co. Rd. 20
At Intersection of or Between (Node 1): Bell St.
And (Node 2): Clark Ridge Rd.

| 1124 | 15203 | 7303 | 3 | 0 0 . 0 0 |

First Harmful Event: 20
Event Location: 1
Distance to Fixed Object: NA FT

**UNIT NO / DRIVER**

Driver Full Name: Jason Andrew Donald
Street Address: 9655 Wilson Rd.
City and State: Elberta, Al
Zip: 36530
Telephone No.: 251 202-5717

| Month | Day | Year | Race | Sex | DL State | Driver License No. |
|---|---|---|---|---|---|---|
| 04 | 19 | 1979 | W | M | Al | 6407072 |

Place of Employment: Unemployed
Liability Insurance Co.: Unknown

Maneuver: 11    Travel Road Name: Co. Rd. 20    Road Code: 1124    Most Contr. Circumstance: 23

**COM VEH**
| Year | Make | Model | Body | V.I.N. | License Tag Number | State | Year |
|---|---|---|---|---|---|---|---|
| 1996 | HOND | ACC | 4D | 1HGCD5692TA219613 | 3A5088Y | Al | 2007 |

Owner's Name: Lindley Sellers
Street or R.F.D.: 6213 Oliver Dr.
City: Montgomery
State: Al
Zip: 36117

Speed Limit: 45    Est. Speed: 50    MPH
Vehicle Towed By Whom: Orange Beach Towing ( Rot. )
To Whom: Orange Beach Towing ( Local )

**UNIT NO / DRIVER**

Driver Full Name: Rosemary Rowell Stanley
Street Address: 12769 Main St.
City and State: Elberta, Al
Zip: 36530
Telephone No.: Non e

| Month | Day | Year | Race | Sex | DL State | Driver License No. |
|---|---|---|---|---|---|---|
| 10 | 03 | 1956 | W | F | Al | 3500294 |

Place of Employment: Unknown
Liability Insurance Co.: Alfa

Maneuver: 01    Travel Road Name: Co. Rd. 20    Road Code: 1124    Most Contr. Circumstance: 97

**COM VEH**
| Year | Make | Model | Body | V.I.N. | License Tag Number | State | Year |
|---|---|---|---|---|---|---|---|
| 2004 | Chev | Imp | 4D | 2G1WN52K149302626 | 5A1257W | Al | 2008 |

Owner's Name: Same

Speed Limit: 45    Est. Speed: 45    MPH
Vehicle Towed By Whom: Orange Beach Towing ( Rot. )
To Whom: Orange Beach Towing ( Local )

**CODES**



EXHIBIT
D

**SEATING**

| Unit 1 | 1. | 41 | 10 |
| Unit 2 | 2 | 43 | |

Other Involved Unit (Circle One)
- 12 = Pedestrian
- 13 = Rider of Domestic Animal
- 14 = Occ. of Non-Motorized Vehicle
- 15 = Victim of Other Circumstances
  Codes Not Applicable
- Other Involved Safety Equipment

**VICTIMS**

| Name | Address | | | | | Injury Type | Age | Sex | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Jason Andrew Donald | 9655 Wilson Rd. Elberta, Al 36530 | 1 | 1 | A | 27 | M | N | M |
| South Baldwin | Taken To | Medstar | | | | | | |
| Rosemary Rowell Stanley | 12769 Main St. Elberta, Al 36530 | 2 | 1 | A | 50 | F | N | M |
| USA Medical Center | Taken To | Life Flight | | | | | | |

**CODES**

K = Killed    A = Victim or Carried from Scene
B = Bruises/Abrasions/Swelling    C = No Visible—Has Painful

**NARRATIVE AND DIAGRAM**

Co. Rd. 20

A.O.I.

N

Bridge Rail

24'

Drawing not to scale:

Officer's Opinion of What Happened: V1 was traveling East on Co. Rd. 20, V2 was traveling West. Driver of V1 stated that he had took his eyes off the roadway to pick up a cd in the floor board of V1. When he looked back up, he noticed that he was in V2's lane but could not react in time. As a result, V1 collided into V2 head on. V1 also admitted to taken some medication earlier that morning. A blood sample was given with written consent at the hospital. Charges are pending on the results of the test. He also had slurred speach and had been drinking earlier that night. V1 and V2 came to a final rest in the roadway.

**ROADWAY ENVIRONMENT**

| Unit | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | | | | | | | |

**INVESTIGATION**

| Light | Weather | Locale | |
|---|---|---|---|

| Time Police Notified | Time Police Arrived | Time EMS Arrived | |
|---|---|---|---|
| 05:03 PM | 06:08 PM | 05:15 PM | |

Witness Full Name: NA
Witness Full Name: NA

NA

| Name of Investigating Officer | | Officer ID | 1164 | Agency ORI | ALAST0200 | Supervisor Reviewed |
|---|---|---|---|---|---|---|
| Trp. Greg Eubanks | | | | | | 835 |
| Name of Other Investigating Officers at Scene | | Officer ID | 1297 | Agency ORI | ALAST0200 | |
| Trp. Brandon Christen | | | | | | |

Signature of Investigating Officer    1164    Date 04/05/2007

Metropolitan Reporting Bureau - Order Confirmation

Please print and save this confirmation for your records:

# Metropolitan Reporting Bureau
P.O. Box 926  Philadelphia, PA  19105-0926
**Phone:**(800) 245-6686  **Fax:**(800) 343-9047
**email:** order@metroreporting.com
www.metroreporting.com

# Order Confirmation - Request ID# 1080633

| Account#: 05743 | Insured: Lee A Sellars | | Date of Loss: 04/02/2007 |
|---|---|---|---|
| Adjuster: Michael Williams | Claim#: 001302000071100 | Policy#: APA0831100 | Time: 05:30AM |
| Phone#: 800-964-5404 | Fax#: 800-457-1660 | Policy State: | Report Type |
| Email: MICHAEL.WILLIAMS@COTTONSTATES.COM | cc: GREG.STEWART@COTTONSTATES.COM | | Accident |

## Loss Information

| County Road 20 Folet Or Elberta, AL | Police Dept Alabama State Patrol | Barracks | Case# ??????????????? |
|---|---|---|---|

IV went left of center and hit the AV

## Vehicle Information

| Year: | Vehicle Type: | VIN: | Plate State | Plate#: |
|---|---|---|---|---|
| 2000 | Honda Accord | 1HGCD5692TA219613 AL | AL | 3A5088Y |

## Driver Information

| Driver | | Other Person | |
|---|---|---|---|
| Jason Donald | | ?????????? | |
| DOB: 04/19/1979 | | DOB: | |
| License# 6407072 | State AL | | |

**New** Click a button below to learn about some of the other services we provide:

| MetroCarHistory CLICK HERE | MetroCourtSearch CLICK HERE | People Search click here | MetroDMV click here | Letter of Interest CLICK HERE |
|---|---|---|---|---|

Continue

Metropolitan Reporting Bureau - Order Confirmation

Please print and save this confirmation for your records:

# Metropolitan Reporting Bureau

P.O. Box 926  Philadelphia, PA  19105-0926
**Phone:**(800) 245-6686 **Fax:**(800) 343-9047
**email:** order@metroreporting.com
www.metroreporting.com

# Order Confirmation - Request ID# 1080654

| Account#: 05743 | Insured: Lee A Sellars | | Date of Loss: 04/02/2007 |
|---|---|---|---|
| Adjuster: Michael Williams | Claim#: 001302000071100 | Policy#: APA0831100 | Time: 05:30AM |
| Phone#: 800-964-5404 | Fax#: 800-457-1660 | Policy State: | Report Type |
| Email: MICHAEL.WILLIAMS@COTTONSTATES.COM | cc: GREG.STEWART@COTTONSTATES.COM | | |
| | | | Other |

## Loss Information

| CR 20 Foley or Elberta, AL | Police Dept Foley AL PD | Barracks | Case# 071642 |
|---|---|---|---|

Our insured filed an unauthorized use of automobile report with Foley AL PD. Unauthorized user in an accident

## Vehicle Information

| Year: | Vehicle Type: | VIN: | Plate State | Plate#: |
|---|---|---|---|---|
| 1996 | Honda Accord | 1HGCD5692TA219613 AL | AL | 3A5088Y |

## Driver Information

| Driver | Other Person |
|---|---|
| Jason Donald | |
| DOB: 04/19/1979 | DOB: |
| License# 6407072 | State AL |

**New** Click a button below to learn about some of the other services we provide:

| MetroCarHistory CLICK HERE | MetroCourtSearch CLICK HERE | People Search click here | MetroDMV click here | Letter of Interest CLICK HERE |
|---|---|---|---|---|

Continue

April 10, 2007

To: Greg Stewart

From: Lee Sellars

Subject: Unauthorized Use Report

Pages to Follow: 1

# S c o t t   S o u t u l l o, P.C.

## Attorney-at-Law

P.O. Box 16605
Mobile, Alabama 36616

Phone: (251) 391-1212
Fax: (251) 650-1358

50 Saint Emanuel Street
Mobile Alabama 36602

Licensed in Alabama &
Mississippi

Email: scott@lawyerscott.com
Website: lawyerscott.com

April 17, 2007

Mr. Greg Stewart
COTTON STATES
P.O. Box 105303
Atlanta, GA 30348
    RE:  My Client:      **Rosemary Stanley**
            Your Insured:    **Sellars**
            Cotton States Claim:  **302-0000711**
            Loss Date:      **November 7, 2006**

Dear Mr. Stewart:

My client, Steve Stanley, mentioned that you called him today. That's fine, of course, as I had not yet sent you a rep letter.

I represent Rosemary Stanley for all damages and injuries she sustained in the loss referenced above.

My firm is now in the process of gathering all of the documents, medical and otherwise, to substantiate Ms. Stanley's claims of injuries and related damages.

I realize your insured is starting to say something about a theft, but my clients **elbow was crushed** and she is NEVER going to have full use of her arm again and her **kneecap was blown apart**. I do not like the sound of a claim of theft and I have handled hundreds of these cases, and my suspicion is when somebody thinks that they may have some legal liability as an owner, they start claiming a car was stolen. Please do not let that happen in this case as this is a horrible injury and I need to get compensation for Mrs. Stanley.

Please advise if you need anything at this time. Whenever you require a status update, please feel free to either call me at **(251) 391-1212** or email me at **scott@lawyerscott.com** and I will provide a response that will help you document your claim file for reserve maintenance and other purposes.

Sincerely yours,

SCOTT SOUTULLO

SWS:jlw

EXHIBIT
E

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000556
Cashier ID: brobinso
Transaction Date: 09/28/2007
Payer Name: ADAMS REESE LLP
------------------------------------
CIVIL FILING FEE
 For: ADAMS REESE LLP
 Case/Party: D-ALM-2-07-CV-000868-001
 Amount:          $350.00
------------------------------------
CHECK
 Check/Money Order Num: 025257
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

COTTON STATES MUTUAL INS V. SELLARS
ET AL