**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | * |
| Plaintiff, | * |
| v. | *   CASE NO 07-cv-868 |
| LEE A. SELLARS and JASON ANDREW DONALD, | * |
| | * |
| Defendants. | |

# REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held via telephone on November 14, 2007, by agreement and was attended by:

> Jannea S. Rogers (ROG024)
> jannea.rogers@arlaw.com
> Adams and Reese LLP
> 11 N. Water Street, Suite 23200
> Mobile, AL 36602
> Telephone:  (251) 433-3234
> Facsimile:  (251)438-7733
> **for Plaintiff;**
>
> William B. Sellars (SEL024)
> wsellars@balch.com
> Louis M. Calligas (CAL060)
> lcalligas@balch.com
> Balch & Bingham LLP
> P. O. Box 78
> Montgomery, Alabama  36101-0078
> Telephone:  (334) 834-6500
> Facsimle:  (334) 269-3115
> **for Defendant Lee Sellar;s**
>
> Despite several attempts, Plaintiffs were unable to contact  Defendant Jason Andrew Donald, 9655 Wilson Rd., Elberta, Alabama   36530, **Pro Se,** and,therefore, he did not participate in the meeting.

The parties do not request a conference with the court before entry of the scheduling order.

1. Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and Defendants brief narrative statement of the facts and defenses, including affirmative defenses, stating the theory of each defense.

### A. PLAINTIFF'S NARRATIVE STATEMENT.

1. Cotton States Mutual Insurance Company is a mutual insurance corporation organized and existing pursuant to the laws of the State of Georgia with its principle place of business in Atlanta, Georgia. Lee A. Sellars and Jason Andrew Donald an individual citizens of the State of Alabama. The subject matter of this litigation involves a Personal Automobile Insurance Policy written by Cotton States Mutual Insurance Company and obtained by Defendant Lee A. Sellars in connection with a vehicle owned by Lee A. Sellars identified as a 1996 Honda Accord VIN# 1HGCD5692TA219613. An actual controversy exists among the parties regarding the obligations, if any, of the Plaintiff pursuant to this insurance policy. The subject policy period began November 6, 2006.

2. Defendant Sellars has made a claim pursuant to this automobile policy for defense and indemnity with regard to claims being made against all Defendants by a individual who claims to have been injured as a result of a motor vehicle accident involving the Defendant's vehicle. The facts as relayed to Plaintiff are: on April 3, 2007, the Honda Accord identified herein was at the residence of Jason Donald is the boyfriend of the Defendant's

        daughter Lindley Sellars. The daughter asserts she and the subject vehicle were at the Wilson Road address and that she had gone to sleep. When she awoke early in the morning hours of April 3, 2007, the subject vehicle had been taken by her boyfriend Jason Donald without her express permission. Lindley Sellars as Defendant's daughter, did not give express permission to Jason Donald to operate the subject vehicle on the morning of April 3, 2007. The Defendant Lee A. Sellars did not give permission express or implied to Jason Donald to operate the subject vehicle on the morning of April 3, 2007.

3. On the morning of April 3, 2007, Jason Donald was involved in a head on collision with a third party that caused serious and significant injury and property damage. After being advised of the accident, Lindley Sellars contacted her father who called and filed a report with the Foley, Alabama Police Department reporting the unauthorized use of the vehicle by Jason Donald. Rosemary Rowell Stanley has retained counsel and has advised of an intent to pursue him for a "horrible" physical injury claim. Defendant Sellars has made the demand upon Plaintiff Cotton States to provide defense and indemnity pursuant to his Automobile Insurance Policy for the claims to be brought on behalf of Stanley. The Automobile Insurance Policy issued by Plaintiff contains exclusions from coverage for the claims asserted by Stanley as the vehicle owned by Defendant and insured by Plaintiff was not operated in conformity with the policy of insurance at the time of the accident. The Automobile Insurance Policy excludes from coverage any exemplary or punitive damages to be sought by Stanley, wherein the vehicle is operated by

a driver who is lacking the express permission of the named insured, medical payments for any injury sustained while occupying a vehicle without the express permission of the named insured.  The Automobile Insurance Policy further contains limitations of liability up to the limit of coverage provided.  Plaintiff Cotton States Mutual Insurance Company requests a Declaratory Judgment such that the exclusions contained within the Automobile Insurance Policy, provide no coverage for the claims of Stanley against either Defendants Sellars or Donald nor does it impose any duty on Cotton States in favor of the Defendants for a defense of said claims.  Further, Cotton States Mutual Insurance Company seeks a declaration the Automobile Insurance Policy does not provide a defense for or coverage for bodily injury or property damage either for Stanley or Donald arising out of the motor vehicle accident as asserted by the claim of Stanley.

**B.     DEFENDANT'S NARRATIVE STATEMENT:**

Lee A. Sellars -  Defendant Lee A. Sellars ("Sellars") claims that the Automobile Insurance Policy referenced in the Plaintiff's complaint provides coverage for any and all claims that could be brought against him by Rosemary Rowell Stanley and/or others in connection with the automobile accident referenced in the Plaintiff's complaint and denies that said Automobile Insurance Policy excludes from coverage such claims against him. Sellars further adopts and incorporates herein his answer and response to the allegations of the complaint and his defenses thereto contained in his answer filed in this matter.

Jason Andrew Donald -

This non-jury action should be ready for trial by **July 14, 2008**, and at this time is expected to take approximately **two (2) days**.

2.    The parties request a pretrial conference in the four to six weeks prior to trial.

3.    Discovery Plan.  The parties jointly propose to the court the following discovery plan:

    (a).    Discovery will be needed on the following subjects:

The plaintiff's claims as described in paragraph 1(a), including Plaintiff's claim for a declaratory judgment on the issue of coverage.

Defendant Sellars' claim of coverage as stated in paragraph 1(B)(1) herein and his answer and response to the allegations of the plaintiff's complaint and defenses thereto contained in his answer filed in this matter.

    (b).    All discovery commenced in time to be completed by **April 15, 2008**.

4.    Initial Disclosures.  The parties will exchange by **November 28, 2007** the information required by Fed.R.Civ.P. 26(a)(1).

5.    The parties request until **January 15, 2008** to join additional parties and

amend the pleadings.

      6.    Reports from retained experts under Rule 26(a)(2) due:

          (a).    From Plaintiff/Counter Defendant by **January 30, 2008**.

          (b).    From Defendant/Counter Claimant by **February 21, 2008**.

      7.    Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due 30 days before trial. The parties should have 14 days after the service of final lists of trial evidence to list objections pursuant to Rule 26(a)(3).

      8.    Discovery Limits.

          a.    Maximum of **thirty (30)** interrogatories by each party to any other party. Responses due **thirty (30)** days after service.

          b.    Maximum of **ten (10)** depositions. Each deposition limited to a maximum of **eight (8)** hours unless extended by agreement of parties.

          c.    Maximum of **thirty (30)** requests for admission by each party to any other party. Responses due **thirty (30)** days after service.

          d.    Maximum of **forty-five (45)** requests for production of documents by each party to any other party. Responses due **thirty (30)** days after service.

      9.    All potentially dispositive motions filed by **March 30, 2008**.

      10.    Settlement may be enhanced by use of the following alternative dispute resolution procedure: **None at this time.**

      11.    There are no other matters.

                    /s/ Jannea S. Rogers
                    **Jannea S. Rogers (rogej7403)**

        Attorney for Plaintiff
Adams and Reese LLP
11 N. Water Street, Suite 23200
Mobile, Alabama  36602
jannea.rogers@arlaw.com
Telephone:  (251) 433-3234
Facsimile:  (251)438-7733

/s/ William B. Sellars

**William B. Sellars (SEL024)**
wsellers@balch.com
**Louis M. Calligas (CAL060)**
lcalligas@balch.com
Balch & Bingham
P. O. Box 78
Montgomery, Alabama  36101-0078
Telephone:  (334) 834-6500
Facsimile:  (334) 269-3115