IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> LEE A. SELLARS and JASON ANDREW DONALD, <br><br> Defendants <br><br> and <br><br> ROSEMARY STANLEY, <br><br> Applicant for Intervention. | Civil Action No.: <u>2:07CV868 - WKW</u> |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

BY THE ACCOMPANYING MOTION, non-party Rosemary Stanley ("Stanley") has moved this Court for leave to intervene as a Defendant in this action either as of right under Fed. R. Civ. P. 24(a) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). In support of said motion, Stanley presents the following points of law and argument.

    I.    **Introduction — Facts**

The facts are as recited in the accompanying Motion to Intervene.

    II.    **Intervention as of Right — Rule 24(a)(2)**

Fed. R. Civ. P. 24(a)(2) provides that "[u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Thus, in order to intervene as of right under Rule 24(a)(2), Stanley must show that her motion to intervene is (1) "timely,"  (2) that she "claims an interest relating to the property or transaction which is the subject of the action," (3) that she is "so situated that the disposition of the action may as a practical matter impair or impede [her] ability to protect that interest," and (4) that her interest is not "adequately represented by existing parties."

### A.   Stanley's Motion to Intervene Filed Timely

Intervention as of right under Fed. R. Civ. P. 24(a) (as well as permissive intervention under Fed. R. Civ. P. 24(b)) requires that a motion for intervention be  "timely" filed.  Because the rule does not provide a specific time period for filing a motion to intervene, the factual and procedural circumstances must be examined in order to determine whether a motion for intervention has been filed "timely."

"Timeliness is not a word of exactitude or of precisely measurable dimensions."  *Walker v. Jim Dandy Co.,* 747 F.2d 1360, 1366 (11th Cir. 1984).  According to the Eleventh Circuit, "[t]he timeliness analysis concerns not only the chronology leading up to the motion for intervention but also the circumstances."

*Meek v. Metro. Dade County*, 985 F.2d 1471, 1478 (11th Cir. 1993).

"A court considers the following four factors when asserting the timeliness of a motion to intervene: (1) the period of time during which the putative intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the degree of prejudice to the existing parties as a result of the would-be intervenor's failure to move to intervene as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his position is denied; and (4) the presence of unusual circumstances militating either for or against a determination that the application is timely." *Walker*, 747 F.2d at 1365 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)). "*Stallworth* makes plain that 'absolute measures of timeliness,' such as 'how far the litigation has progressed when intervention is sought' and 'the amount of time that may have elapsed since the institution of the action' are not to be relied upon." *Meek*, 985 F.2d at 1479 (quoting *Stallworth*, 558 F.2d at 266).

Application of the foregoing considerations reveals that Stanley's motion was timely filed. With regard to the first factor, undersigned counsel for the "putative intervenor" (*i.e.*, Stanley) became aware, for the first time, of this declaratory judgment action on or about October 17, 2007, when the attorney who assisted Defendant Donald in preparing his Answer (which Donald filed *pro se*) telephoned the undersigned counsel and advised of the action. As evidenced by

Paragraph 17 of its Complaint, Plaintiff Cotton States knew of undersigned counsel's representation of Stanley as the injured victim of the subject collision, yet it did not name Stanley as a defendant in this action nor did it alert undersigned counsel of the filing of same. Because Plaintiff Cotton States did not alert undersigned counsel when the instant action was filed, it would be unfair for it to object to the timeliness of Stanley's motion to intervene. Upon learning of the action, undersigned counsel began conducting the necessary research and then drafted the motion to intervene and this supporting memorandum.

With regard to the second factor, the "degree of prejudice to the existing parties as a result of the would-be intervenor's failure to move to intervene as soon as [s]he knew or reasonably should have known of h[er] interest" is negligible since the Complaint was filed approximately sixty (60) days ago on September 28, 2007.

Applying the third factor, the "extent of prejudice to the would-be intervenor if [her] position is denied" would be **tremendous**. The subject automobile collision left the "would-be intervenor," Stanley, with permanently disabling injuries. Because the tortfeasor, Donald, appears to have no assets, if the instant action results in a declaratory judgment that Plaintiff Cotton States's insurance coverage does not extend to Donald, the only recovery of monetary damages for Stanley will be her own $20,000 policy of Uninsured / Underinsured Motorist insurance coverage with Alfa Insurance. Stanley has permanently

disabling injuries and has incurred in excess of $100,000 in medical bills resulting from the subject collision. In addition, because Stanley has no health insurance coverage, the only available fund of insurance, her Uninsured Motorist policy, would be grossly inadequate to pay for her past and future losses.

Because there is not an existing defendant with practically the same or similar interests as Stanley, the "extent of prejudice" to her for precluding her participation in this action is significant. The two existing defendants in this action are Sellars (who is Plaintiff Cotton States's policyholder) and Donald (the tortfeasor). Because Sellars has stated that his co-defendant Donald did not have permission to drive his Honda (a position which Stanley disputes), Sellars's position aligns with Plaintiff Cotton States's interest in excluding coverage. As a result, Defendant Sellars's interests are in direct opposition to Stanley's.

Theoretically, Defendant Donald's interests in this action are similarly situated with Stanley's interests because Donald has an interest in a finding that Cotton States's insurance coverage applies to him and indemnifies him as the tortfeasor. However, simply because Defendant Donald (the tortfeasor) has an *apparent* interest in an adjudication in favor of coverage, his interest is not, in substance, the same as Stanley's interest. Donald is a young man with no assets. If Cotton States prevails in this declaratory judgment action and Stanley subsequently obtains a large judgment against Donald, it will be meaningless because Donald has no assets with which to satisfy such a judgment. Thus, a

"loss" to Donald in such circumstances is only a theoretical loss.

In addition, besides not having any real economic incentive to effectively defend this action, Donald is *pro se*, and, as such, does not have the capability to act in Stanley's stead to protect her interests. For the foregoing reasons, the effect on Stanley if she is denied the fair opportunity to participate in this action to pursue and protect her very real interests would be tremendous.

As previously mentioned, the fourth factor is "the presence of unusual circumstances militating either for or against a determination that the application is timely." Stanley believes that Plaintiff Cotton States's failure to name her as a party defendant in its Complaint or to alert undersigned counsel that the action had been commenced constitutes "unusual circumstances" militating for a determination that Stanley's application is timely. Applying the foregoing enumerated factors, the filing of the accompanying Motion to Intervene is timely.

While "timeliness" is a term of equity, as a general matter, a motion to intervene that is filed two (2) months after commencement of the action can hardly be deemed untimely. *See United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267-68 (E.D. Mich. 1997) (finding no prejudice where motion for intervention was filed two months after proposed intervenors learned of their potential claims and when only limited discovery had taken place). It is worth noting that the present application is more prompt—both in absolute terms and relative to the progress of the litigation—than many others that courts have found to be timely filed. *See, e.g.*,

*Grubbs v. Norris*, 870 F.2d 343, 345-46 (6th Cir. 1989) (allowing intervention nine years after suit was brought and after discovery and trial); *Baker v. City of Detroit*, 504 F. Supp. 841, at 848 (granting intervention three years after suit was filed and three months before trial).

The timeliness requirement is in place to prevent "a tardy intervenor from derailing a lawsuit within sight of the terminal." *United States v. South Bend Community Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983), *cert. denied sub nom.*, 466 U.S. 926 (1984). In the instant case, Stanley's motion to intervene is timely.

### B. Stanley Claims an Interest Relating to Subject Property or Transaction

Stanley, the would-be intervenor, claims an interest "relating to the . . . transaction which is the subject of the action." This is a very relaxed condition as it does not say an "interest in" but rather, an interest "relating to . . . ." Stanley's interests most certainly "relate to" the subject of this action. What is more, Stanley claims an interest relating to <u>both</u> "transactions" which are the subject of the instant action: (1) the policy of insurance between Plaintiff Cotton States and Defendant Sellars and the extension of coverage to Donald; and (2) the subject collision.

*Merriam-Webster's Dictionary of Law* defines a "transaction" as "an action or activity involving two parties or things that reciprocally affect or influence each other." According to *Blacks Law Dictionary*, a transaction is "any activity involving two or more persons." *Blacks Law Dictionary* 1215-16 (abr. 7th ed. 2000). Clearly, the subject contract of insurance is a "transaction." While Stanley may not

be a party to the contract of insurance, the rule allows her to intervene if she has an interest "relating to" it, and her interest in collecting damages against Donald relates to the contract of insurance and this action. Stanley also has an interest in the subject collision because the collision itself is the "transaction" around which the facts giving rise to coverage are centered.

Furthermore, Stanley's interest in the subject policy of insurance is established by Alabama statute. Pursuant to Ala. Code § 27-23-1, *et seq.*, at the time Stanley was involved in the subject collision with Donald, the liability of Cotton States Insurance Company, the proposed insurer, became absolute and Stanley became an assignee of Donald's rights to the insurance proceeds which are at issue in this litigation. *Morewitz v. W. Eng.Ship Owners Prot. Ass'n*, 62 F.2d 1356, 1363 (11th Cir. 1995); *Fleming v. PanAm Fire & Cas. Co.*, 495 F.2d 535 (5th Cir. 1974).

For the foregoing reasons, Stanley, as would-be intervenor, has the kind of "interest" contemplated by Rule 24(a)(2).

### C. Disposition of Action without Stanley's Participation Will Impair or Impede Her Ability to Protect Her Interest

As discussed in detail above, because of the respective identities and positions of the existing defendants, it is very likely that Stanley's ability to protect her interests will be both impaired and impeded if not allowed to participate in this action. If Stanley is not allowed to intervene, Plaintiff Cotton States's position that Defendant Donald lacked requisite permission for insurance coverage to apply will go unchallenged. Because Stanley has information that Donald did have the

requisite permission, it would be unjust to deny her the right to more fully explore this information in discovery to pursue her interests.

### D. Stanley's Interests Not Adequately Represented by Existing Parties

Stanley's interests will not be adequately represented by Defendant Sellars or Defendant Donald. *See* discussion *infra* Section I.A., pp. 5-6. Besides not having any real economic incentive to effectively defend this action, Donald is *pro se* and, thus, lacks the <u>capability</u> to adequately represent Stanley's interests. Adequate representation of Stanley's interests will require active engagement in the discovery process which Defendant Donald, because he is unrepresented by counsel, cannot do.

It is worth noting that although defendants are presumed to be adequate representatives, proposed intervenors carry only a "minimal" burden of showing that their interests "may" not be adequately represented by defendants. *Michigan State AFL-CIO*, 103 F.3d at 1247 (quoting *Linton v. Commissioner of Health and Environment*, 973 F.2d 1311, 1319 (6th Cir. 1992)); *see also Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). While a "slight difference in interests ... does not necessarily show inadequacy," the "interests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate." *Jansen*, 904 F.2d at 342 [NEED FULL CASE CITE] (quoting *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir. 1967) (internal

quotations omitted)).

### III.    Permissive Intervention — Rule 24(b)(2)

Fed. R. Civ. P. 24(b)(2) states, in pertinent part, that "[u]pon timely application anyone shall be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." The rule goes on to provide that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." In order to qualify for permissive intervention under Rule 24(b)(2), Stanley must show that her motion to intervene is (1) "timely," (2) that her "claim or defense and the main action have a question of law or fact in common," and that (3) her intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties."

### A.    Stanley's Motion To Intervene Filed Timely

The considerations to evaluate the timeliness of a motion to intervene are equitable in nature and are the same for intervention as of right under Fed. R. Civ. P. 24(a) and for permissive intervention under Fed. R. Civ. P. 24(b). Therefore, reference is now made to the foregoing discussion on timeliness, *see infra* Section I.A., pp. 2-7, as if such were fully set forth hereinbelow.

### B.    Stanley's Claim and Main Action Have Common Questions of Law or Fact

The main action is a declaratory judgment action which the plaintiff filed to pursue a finding by this Court that the tortfeasor, Donald, should be excluded from

insurance coverage because plaintiff contends that Donald did not have the requisite permission to use the Honda. Stanley contends that the tortfeasor, Donald, did have the requisite permission to use the Honda and is covered by the subject policy of insurance. The plaintiff's action and Stanley's claims and/or defenses, thus, have common questions of law or fact as required by the Rule.

### C. Stanley's Intervention Will Not Unduly Delay Or Prejudice Original Parties' Rights

The instant action was filed on September 28, 2007. Stanley's intervention approximately two months later is not "undue delay," especially when taking into consideration the fact that the plaintiff, Cotton States, did not alert Stanley or her undersigned counsel of the commencement of the instant action. Therefore, if this intervention does cause any delay, the delay should be attributed not to the intervention, but to Cotton States' failure to at least alert Stanley to the instant action.

**Discussion**

Any doubts concerning the propriety of intervention must be resolved in favor of intervenors. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1246 (6th Cir. 1997) ("[R]ules governing intervention are 'construed broadly in favor of the applicants.'" (quoting *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995)). The interests of justice and fact finding militate in favor of this intervention, especially because the damages sustained by Stanley are the very

reason Cotton States Insurance filed the instant action in the first place.

**Conclusion**

For the foregoing reasons, the accompanying Motion to Intervene is due to be granted.

RESPECTFULLY SUBMITTED on this _____**30th**_____ day of NOVEMBER, 2007.

```
                    /s/ Scott Soutullo
SCOTT SOUTULLO (SOU004)
Attorney for Movant
50 Saint Emanuel Street
Mobile, Alabama 36602
Phone:    (251) 391-1212
Fax:      (251) 650-1358
Email:    scott@lawyerscott.com
```

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the **30th** day of **NOVEMBER, 2007,** served a copy of the foregoing on all presently known counsel of parties to this proceeding by electronic delivery to the email addresses shown below and also to the *pro se* party below by United States Postal Service first class postage prepaid as follows:

Mr. Jason Andrew Donald
*Pro Se* Defendant
9655 Wilson Road
Elberta, AL 36530

Mr. Lee A. Sellars
c/o Louis M. Calligas, Esq.
BALCH & BINGHAM
P.O. Box 78
Montgomery, AL 36101-0078
lcalligas@balch.com
wsellers@balch.com

Cotton States Insurance
c/o Jannea Rogers, Esq.
ADAMS & REESE
P.O. Box 1348

Mobile, AL 36633-1348
jannea.rogers@arlaw.com

                                          /s/ Scott Soutullo
                                    SCOTT SOUTULLO (SOU004)