# NOTICE OF CORRECTION

**From: Clerk's Office**

**Case Style: Cotton States Mutual Insurance Company v. Sellars et al**

**Case Number:  2:07-cv-00868-WKW**

**Referenced Pleading:  MOTION for Sum Jgm - Doc. 13**

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice. Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **COTTON STATES MUTUAL INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No.: <u>2:07CV868 - WKW</u> |
| **LEE A. SELLARS and JASON ANDREW DONALD,** ) ) ) | |
| Defendants ) ) | |
| and ) ) | |
| **ROSEMARY STANLEY,** ) ) | |
| Proposed Intervenor. ) ) ) | |

## MOTION TO INTERVENE

COMES NOW a non-party, the proposed intervenor, Rosemary Stanley ("Stanley"), through undersigned counsel, and respectfully moves this Court for leave to intervene as a Defendant in this action either as of right under Fed.R. Civ. P. 24(a) or, in the alternative, permissively under Fed.R. Civ. P. 24(b). As grounds therefor, Stanley says that she claims an interest in and relating to the transaction which is the subject of the pending action and that she is so situated that a disposition of this action without her participation may, as a practical matter, impair or impede her ability to protect that interest. Furthermore, Stanley says that her interest is not

adequately represented and/or protected by existing parties. More specifically, she says as follows:

**1.** Stanley is an adult citizen of Baldwin County, Alabama who resides at 12769 South Main Street, Elberta, Alabama 36530, and is the same person as "Ms. Stanley" identified in Paragraph 14 of the Complaint herein.

**2.** At approximately 4:00 a.m. on the morning of Monday, April 2nd, 2007, Stanley awoke in her Elberta, Alabama home and proceeded to go to work at Cracker Barrel, where she was employed as a waitress.

**3.** Later that same morning, Stanley left her home at approximately 4:40 a.m. and drove Westbound on County Road 20 in her black 2004 Chevrolet Impala.

**4.** During the aforesaid time frame, Defendant Jason Andrew Donald ("Donald") was driving Eastbound down County Road 20 in the same green 1996 Honda Accord automobile (hereinafter "Honda") described in Paragraph 7 of the Complaint herein.

**5.** The section of County Road 20 where the subject collision occurred has only two lanes: an Eastbound lane and a Westbound lane. When Donald and Stanley both reached a point on a bridge near Bell Street and Clark Ridge Road, Donald negligently and/or wantonly caused or allowed the Honda he was operating to collide "head-on" with the motor vehicle being operated by Stanley.

**6.** Donald is, without question, 100% at fault for causing the subject collision. Donald admitted such to the investigating state trooper. Such is further substantiated by the Toxicological Analysis Report bearing Case Number

07MB03840 which shows the presence of alcohol and diazepam (Valium) in Donald's bloodstream, attached hereto as Exhibit "A." Such is further substantiated by the physical evidence that both vehicles were found at rest, interlocked in the outermost edge of Stanley's Westbound lane. The tow truck driver confirms that it is obvious that Donald crossed the center line. Such is also substantiated by the findings of the investigating Alabama Uniform Traffic Accident Report referenced as Exhibit D in Paragraph 16 of the Complaint herein.

7. Stanley suffered a variety of serious injuries in the subject collision including but not limited to a "supracondylar" type fracture of her left humerus which is among the more severe classifications representing about 3% of humerus fractures which has resulted in permanent loss of movement of her left arm. She also suffered a multi-fractured right patella and other injuries. A diagnosis coding summary from Baptist Hospital is attached hereto as Exhibit "B."

8. Upon information and belief and as is stated in Paragraph 7 of the Complaint herein, the Honda driven by Donald was owned by Defendant Lee A. Sellars ("Mr. Sellars"), an adult resident of Montgomery, Alabama.

9. Upon information and belief, Mr. Sellars provided the Honda to his daughter, Lindley Sellars ("Ms. Sellars") for her regular use and in so doing gave Ms. Sellars express and/or implied permission to use said Honda at all times.

10. Upon information and belief, after being provided the Honda by Mr. Sellars, never did Ms. Sellars seek nor did she obtain (her father) Mr. Sellars' express permission to use the Honda each time she drove it.

**11.** Upon information and belief, Ms. Sellars and Donald carried on an exclusive dating relationship continuously for at least six (6) months prior to the subject collision and Mr. Sellars was fully aware of the nature of his daughter's ongoing relationship with Donald.

**12.** Upon information and belief, during the many months prior to the subject collision, Donald frequently drove the Honda with the express and/or implied permission of Ms. Sellars and it was understood between them that Donald could use the Honda without specifically seeking or obtaining permission from Ms. Sellars each time he used it.

**13.** Furthermore, upon information and belief, during the said many months prior to the subject collision, Donald frequently drove the Honda with the ongoing express and/or implied permission of Mr. Sellars and that Mr. Sellars personally witnessed Donald driving the Honda on one or more specific occasions and Mr. Sellars was also aware that his daughter, Ms. Sellars, regularly permitted Donald to use the Honda.

**14.** Furthermore, upon information and belief, during the said many months prior to the subject collision, Mr. Sellars never expressed to Ms. Sellars or to Donald any prohibition on Donald's use of the Honda.

**15.** On September 28, 2007, the Plaintiff herein, Cotton States, filed the instant action for declaratory relief. Specifically, Cotton States seeks an adjudication by this Court that coverages afforded by the policy of insurance between it and Mr. Sellars do not extend to Donald because Donald did not have the permission to use the

Honda required by the policy.

16. Defendant Donald was served with the Complaint herein and on or about October 17, 2007. Donald sought and obtained the help of Robertsdale, Alabama attorney, Stephen Russell Copeland, to assist Donald in preparing an Answer to said Complaint <u>which Donald filed *pro se*</u> on or about October 18, 2007.

17. Upon information and belief, the *pro se* defendant, Donald, is twenty-eight years of age and owns no assets of any significant value. Also, at the time of the subject collision, Donald was unemployed (as was reported by the Alabama Uniform Traffic Accident Report referenced in Paragraph 6 herein.) Such information is relevant to the factors to be considered in determining whether any already existing parties to this action will likely represent and/or protect the interests of the proposed intervenor. The foregoing facts about Donald (with special emphasis on the fact that he is unrepresented by counsel) strongly support the proposed intervenor's assertion that her interests would not be represented and/or protected by Donald. On the contrary, Stanley contends that not only will her interests not be represented and/or protected by Donald, her interests are likely to be irreparably harmed by Donald handling his defense to this action without Stanley's participation as a co-defendant.

18. As a courtesy to undersigned counsel, on or about October 17, 2007, Attorney Copeland (referenced in Paragraph 16 herein) phoned undersigned counsel and advised that the instant action had been commenced. This was the first date that the proposed intervenor, through her undersigned counsel, became aware of the instant action.

**19.** Both Fed.R. Civ. P. 24(a) and Fed.R. Civ. P. 24(b) say that a motion for intervention must be "timely" filed and provide no specific time frame. After a reasonable amount of time was spent conducting the research and drafting this motion and the accompanying memorandum of law in support hereof, they are being filed simultaneously approximately forty days after undersigned counsel was first made aware of the instant action. For this and other reasons specified in the accompanying memorandum, this motion is timely under the rules.

**20.** The accompanying memorandum of law being filed simultaneously with this motion is incorporated into this motion as if fully set forth herein.

FOR THE FOREGOING REASONS and for the reasons set forth in the accompanying memorandum of law, Stanley is entitled to participate in this action as a Defendant-Intervenor either as a matter of right under Fed.R. Civ. P. 24(a) or with the Court's permission under Fed.R. Civ. P. 24(b).

RESPECTFULLY SUBMITTED on this ____**30th**___ day of NOVEMBER, 2007.

>  /s/ Scott Soutullo
> SCOTT SOUTULLO (SOU004)
> Attorney for Movant
> 50 Saint Emanuel Street
> Mobile, Alabama 36602
> Phone:    (251) 391-1212
> Fax:      (251) 650-1358
> Email:    scott@lawyerscott.com

### CERTIFICATE OF SERVICE

I hereby certify that I have on this the **30th** day of **NOVEMBER, 2007,** served a copy of the foregoing on all presently known counsel of parties to this proceeding by electronic delivery to the email addresses shown below and also to the *pro se*

party below by United States Postal Service first class postage prepaid as follows:

Mr. Jason Andrew Donald
*Pro Se* Defendant
9655 Wilson Road
Elberta, AL 36530

Mr. Lee A. Sellars
c/o Louis M. Calligas, Esq.
BALCH & BINGHAM
P.O. Box 78
Montgomery, AL 36101-0078
lcalligas@balch.com
wsellers@balch.com

Cotton States Insurance
c/o Jannea Rogers, Esq.
ADAMS & REESE
P.O. Box 1348
Mobile, AL 36633-1348
jannea.rogers@arlaw.com

                                            /s/ Scott Soutullo
                                       SCOTT SOUTULLO (SOU004)