IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | Civil Action No.: 2:07-cv-868 |
| v. | * | |
| LEE A. SELLARS and JASON ANDREW DONALD | * | |
| Defendant. | * | |

## OPPOSITION TO MOTION TO INTERVENE

COMES NOW, Plaintiff Cotton States Mutual Insurance Company ("Cotton States"), by and through undersigned counsel, pursuant to Rule 24 of the *Federal Rules of Civil Procedure* and the Court's Order of December 5, 2007, and files this its Opposition to non-party Rosemary Stanley's ("Stanley") Motion to Intervene, and in support thereof, states the following:

1. On November 30, 2007, Stanley, a non-party to the pending action, filed a Motion to Intervene as a defendant in the action, along with a supporting brief.

2. In her motion and brief, Stanley argues she should be granted intervention as of right or permissive intervention pursuant to Fed.R.Civ.P. 24(a)(2) or 24(b)(2). Stanley's brief sets forth the basic background of the case and, while Cotton States disputes some of Stanley's assertions, those disputed facts are not at issue for purposes of this opposition. However, Stanley's brief fails to directly inform the Court that Stanley

has *not* filed a lawsuit against Defendant Jason Andrew Donald ("Donald") to establish his liability for her injuries.

      3.    While there may be an issue over whether the Motion was timely filed, the Court need not make this determination as binding precedent in the Eleventh Circuit mandates the Court deny Stanley's Motion to Intervene as it fails to set forth a legally protectable interest and shows no question of law or fact in common with the pending action.

      4.    In *Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308 (11th Cir. 2005), the Eleventh Circuit considered this very issue, namely whether a non-party to an insurance policy, who *may* have a claim against the policy proceeds if successful in a suit on liability, is entitled to intervene in a declaratory judgment action determining whether the insurance policy covers the underlying potential liability. *Id.* at 1309. In *Mt. Hawley*, Andre Riguad, as personal representative of the Estate of Kendel Riguad, who drowned at a property that had been owned and managed by the defendants in the declaratory action, appealed the district court's denial of his motion to intervene in the declaratory action that Mt. Hawley filed against the defendants. *Id.* The declaratory action sought judgment that Mt. Hawley owed no duty to defend or indemnify defendants, pursuant to the insurance policy it issued to defendants, in the underlying wrongful death action brought against them by Andre Riguad in state court. *Id.* at 1309-1310. Mt. Hawley alleged they had no duty to defend or indemnify because the defendants failed to cooperate in the defense of the underlying wrongful death action. Id. at 1310. The defendants failed to respond to Mt. Hawley's declaratory judgment action, so Mt. Hawley filed a motion for default. *Id.* Thereafter, Riguad filed a motion to

intervene in the declaratory judgment action, either as of right or by permission, arguing that he had a direct, substantial and legally protectable interest in the subject matter of the declaratory judgment action because if Mt. Hawley owed neither a defense nor coverage to the defendants, then Riguad would not have a pool or fund of money from which to recover his damages in the underlying suit. *Id.* at 1310 - 1311.

The Court disagreed and, after a de novo review, upheld the district court's denial of Riguad's motion to intervene as of right. *Id.* at 1311. In reaching this conclusion the court set out the standard for obtaining intervention as of right as follows:

> Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable. The proposed intervenor must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest… This Court has held that a legally protectable interest is something more than an economic interest. What is required is that the interest be one which the *substantive* law recognized as belonging to or being owned by the applicant. Thus, a legally protectable interest is an interest that derives from a legal right.

*Id.* (internal quotations and citations omitted) (emphasis in original).

The court held Rigaud's interest in the subject matter of the declaratory judgment action was purely economic, and, thus, not legally protectable. The court reasoned Riguad was not a party to the insurance policy and had no legally protectable interest in that insurance policy. *Id*. The court further reasoned Riguad's interest was "purely speculative because it [was] contingent upon his prevailing against the defendants in the wrongful death action." *Id.*; *see also Midwest Employers Cas. Co. v. East Alabama Health Care*, 170 F.R.D. 195 (M.D. Ala. 1996) (acknowledging movant's interest in the insurance proceeds and, thus, in the outcome of the declaratory judgment action, but

holding that the interest did not rise to the level of significant interest); *In re Healthsouth Corporation Insurance Litigation*, 219 F.R.D. 688 (N.D. Ala. 2004) (intervention denied where movants' only interest was in procuring potential insurance proceeds for the underlying suit and where interest was only theoretical as no judgments had been obtained against the insureds). Therefore, the Eleventh Circuit upheld the District Court's denial of the Motion to Intervene as of right.

In determining whether Riguard could intervene with permission, the court stated, "[p]ermissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Id.* at 1312. The Court held the lack of cooperation that Mt. Hawley asserted in the declaratory action was irrelevant to the issue of fault in the wrongful death action. *Id.* "Specifically, the primary issue in the declaratory judgment action is whether Mt. Hawley owes insurance coverage to [the defendants] under the insurance agreement. The issue of insurance coverage is unrelated to the issue of fault in the wrongful death action." *Id.* The court further reasoned Riguad's intervention would not help resolve the issue of whether the defendants were entitled to insurance coverage pursuant to a policy with Mt. Hawley. *Id.* Thus, the court upheld the district court's denial of the permissive intervention. *Id.; see also Midwest Employers Cas. Co. v. East Alabama Health Care*, 170 F.R.D. 195 (M.D. Ala. 1996); *In re Healthsouth Corporation Insurance Litigation*, 219 F.R.D. 688 (N.D. Ala. 2004).

5.    In applying the standards set forth in *Mt. Hawley,* it is clear Stanley's Motion to Intervene is due to be denied. Stanley has failed to show the requisite burden

of proof in order to intervene and, thus, although Stanley has an interest in preserving insurance coverage that *might* pay any judgment she *may* receive in a yet unfiled lawsuit, that interest does not rise to the level required for intervention of right. This is the very situation contemplated by the Eleventh Circuit in *Mt. Hawley*. Stanley's interest, like Riguad's, is purely economic and speculative, and, therefore, is not a legally protectable interest. *Mt. Hawley, 425 F.3d at 1311.*

Stanley's argument that she has a legally protectable interest in the insurance proceeds pursuant to Ala. Code § 27-23-1 et seq. is without merit as it is an immutable principal that a tort claimant does not have standing to bring a declaratory action against a tortfeasor's liability insurer without first obtaining a final judgment determining the tortfeasor's liability. *Knox III v. Western World Insurance Company*, 893 So. 2d 321 (Ala. 2004). Thus, until Stanley actually files suit and receives a judgment against Donald, Stanley has no direct right, but only a theoretical right, to the proceeds of the policy. As such, Stanley's argument fails and she has shown no legally protectable interest in the proceeding. Therefore, Stanley's Motion to Intervene as of right is due to be denied.

Moreover, in order to intervene with permission, Stanley must show a claim or defense or question of law or fact in common to the declaratory judgment action. In this case, Stanley has no claim or defense of any kind as she has not filed a lawsuit. Further, even if Stanley does file a lawsuit, there will not be a common question of law or fact to the declaratory judgment action. The main issue in the declaratory judgment action is whether Cotton States' policy excludes Donald because the insured allegedly did not give him express permission to drive the car at issue. The main issue in the underlying suit,

when filed, will be whether Donald was liable for the injuries sustained by Stanley. These issues are entirely unrelated. *See Mt. Hawly,* 425 F. 3d at 1312. Further, Stanley could not offer the Court any additional information regarding the permission given to Donald other than what Donald himself could offer, and, thus, could not help resolve the issues involved in the coverage dispute. Thus, as in the cases cited above, Stanley's Motion to Intervene with permission is also due to be denied.

WHEREFORE, based on the foregoing, Plaintiff Cotton States Mutual Insurance Company respectfully requests the Court deny non-party Rosemary Stanley's Motion to Intervene as she has no legally protectable interest and no claim or defense in common with the pending declaratory judgment action.

/s/ JANNEA S. ROGERS
Jannea S. Rogers
Attorney for Plaintiff, Cotton States
Mutual Insurance Company.
Adams and Reese, LLP
11 N. Water Street, Ste., 23200
Mobile, Alabama 36602
(251) 433-3234
(251)438-7733 Facsimile
jannea.rogers@arlaw.com

CERTIFICATE OF SERVICE

I certify that I have served a copy on this the 19th day of December of Plaintiff's Opposition to Motion to Intervene on counsel for all parties by depositing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, and/or *via* the Alabama CM/ECF electronic filing and notification system, as follows:

William B. Sellars (SEL024)
wsellars@balch.com
Louis M. Calligas (CAL060)
lcalligas@balch.com
Balch & Bingham LLP

P. O. Box 78
Montgomery, Alabama  36101-0078


Jason Andrew Donald
9655 Wilson Road
Elberta, AL  36530

                                        /s/ JANNEA S. ROGERS
                                        COUNSEL