IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:07-cv-0868-WKW [wo] ) |
| LEE A. SELLARS, *et al.*, | ) ) |
| Defendants. | ) |

## **ORDER**

This cause is before the court on the Motion to Intervene (Doc. # 13) filed by Rosemary Stanley ("Stanley"). Stanley seeks intervention of right under Rule 24(a), or in the alternative, permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. The plaintiff filed its opposition (Doc. # 18), and the motion to intervene is ready for the court to consider. For the reasons set forth below, the motion to intervene (Doc. # 13) is due to be denied.

*A.     Procedural History & Background*

In this action, Cotton States Mutual Insurance Company ("Cotton States") seeks a declaration that it has no duty to defend or indemnify the defendants from any damages arising out of an automobile accident that occurred between Stanley and Defendant Jason Andrew Donald ("Donald"). (Compl.) At the time of the accident, Donald was driving a vehicle owned by Defendant Lee A. Sellars ("Sellars") and insured by Cotton States. Stanley

seeks to intervene in this action because Donald is proceeding *pro se*[1] and, because he appears to own no assets of significant value, "if the instant action results in a declaratory judgment that Plaintiff Cotton States's insurance coverage does not extend to Donald, the only recovery of monetary damages for Stanley will be her own $20,000 policy of Uninsured / Underinsured Motorist coverage." (Doc. #14, at 4.)

B.   *Intervention of Right*

Rule 24(a) requires a court to permit anyone who, in a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Cotton States asserts that Stanley's motion fails to meet the Rule 24 requirements for intervention as a matter of right and questions the timeliness of the motion. Even if Stanley's motion is assumed timely, she fails to set forth a legally protectable interest sufficient to entitle her to intervention as a matter of right.

In a strikingly similar case, the Eleventh Circuit held that a putative intervenor's interest in the subject matter of a declaratory judgment action was purely economic because he was not a party to the insurance policy and, furthermore, that his interest "is purely

---

[1] Although Donald apparently received assistance from counsel in drafting his answer to the complaint (Doc. # 15-2, at ¶ 16), he did file it *pro se* and Stanley's fears of competent representation have now proven true. Since Stanley's motion to intervene was filed, Donald has failed to comply with Rule 26 and the court's order to compel production of his initial disclosures. As a result, Cotton States has now filed a motion for default judgment against Donald as sanctions for his noncompliance. (Doc. # 27.)

2

speculative because it is contingent upon his prevailing against [the defendants] in the wrongful death action." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). In reaching this conclusion, the Eleventh Circuit rejected the putative intervenor's argument that he has an interest to intervene "because if [the insurer] owes neither a defense nor coverage . . . then [he] will not have [a] pool or fund from which to recover his damages." *Id.* (internal quotation marks omitted). Similarly, Stanley's interest in securing a source of funds from which she might one day recover damages is also insufficient to constitute a legally protectable interest. Therefore, based on the holding of *Mt. Hawley*, Stanley's motion to intervene as a matter of right is due to be denied.

C.   *Permissive Intervention*

Rule 24(b) allows a court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In its declaratory action, Cotton States contends that Donald did not have the requisite permission to use the insured vehicle. Because Stanley disputes this, she contends that her claims or defenses have common questions of law or fact with Cotton States's declaratory action. (Doc. # 14, at 11.) However, as Cotton States points out, "Stanley has no claim or defense of any kind as she has not filed a lawsuit." (Doc. # 18, at 5.)

Even if she had filed a lawsuit, an underlying tort action against the tortfeasor would not share common questions of law or fact with a declaratory action seeking a determination of insurance coverage. The Eleventh Circuit has held that the issue of insurance coverage,

3

which is the primary issue in the declaratory judgment action, "is unrelated to the issue of fault in the [underlying tort] action." *Mt. Hawley*, 425 F.3d at 1312. Therefore, Stanley's motion to permissively intervene is due to be denied.

### D.     *Conclusion*

For the reasons set forth above, it is ORDERED that Stanley's Motion to Intervene (Doc. # 13) is DENIED.

DONE this the 9th day of April, 2008.

                                                     /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE