IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION

| | | |
|---|---|---|
| COTTON STATES MUTUAL<br>INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil Action No.: 2:07-cv-868 |
| v. | | |
| | * | |
| LEE A. SELLARS and<br>JASON ANDREW DONALD | * | |
| | | |
| Defendant. | * | |

**MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

COME NOW Plaintiff, Cotton States Mutual Insurance Company ("Cotton States"), pursuant to Rule 15 and Rule 19 of the *Federal Rules of Civil Procedure,* respectfully moves this Court for leave to amend its Complaint for the following purpose:

1. To add Rosemary and Steven Stanley as party Defendants. As grounds for this motion, Cotton States asserts that on February 7, 2008, Rosemary and Steven Stanley, underlying Plaintiffs, filed suit naming Jason Donald, Lee Sellars, and Lindley Sellars as Defendants. The complaint asserts causes of action for negligence and wantonness against Defendant Jason Donald. It is necessary to join Rosemary and Steven Stanley as Defendants to this declaratory action to determine what obligations, if any, Cotton States owe them pursuant to the Automobile Policy.

2. To add Lindley Sellars as a party Defendant. The underlying complaint contains a count for negligent entrustment against Defendant Lee Sellars and Lindley Sellars. Defendant Lee Sellars and Lindley Sellars have made a demand for defense and

indemnity pursuant to the Cotton States Automobile Policy. Cotton States has agreed to tender a defense without a reservation of rights to the Sellers pursuant to the Automobile policy. It is necessary to join Lindley Sellars as she is a person whose interest could be affected by this Declaration.

WHEREFORE, Cotton States respectfully moves for leave to file the attached Amended Complaint.

>/s/WILLIAM P. BLANTON
>Jannea S. Rogers
>William P. Blanton
>Adams and Reese, LLP
>11 N. Water Street
>Suite 23200
>Mobile, Alabama  36602
>251.433.3234
>251.438-7733- Fax
>jannea.rogers@arlaw.com
>billy.blanton@arlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 18th day of April, 2008 electronically filed the foregoing Corporate Disclosure Statement with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non CM/ECF participants:

William B. Sellars (SEL024)
wsellars@balch.com
Louis M. Calligas (CAL060)
lcalligas@balch.com
Balch & Bingham LLP
P. O. Box 78
Montgomery, Alabama  36101-0078

Jason Andrew Donald
9655 Wilson Road
Elberta, Alabama  36530

<u>William P. Blanton</u>
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO 2:07 CV-868 |
| LEE A. SELLARS, LINDLEY SELLARS, and JASON ANDREW DONALD, | * | |
| | * | |
| Defendants. | | |

### AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, by and through counsel, and amends its Compliant to add Rosemary Stanley, Steven Stanley and Lindley Sellars as additional Defendants and alleges as follows:

1.  Cotton States Mutual Insurance Company is a mutual insurance corporation organized and existing pursuant to the laws of the State of Georgia with its principle place of business in Atlanta, Georgia.

2.  Lee A. Sellars is an individual citizen of the State of Alabama who upon information and belief, resides at 6213 Oliver Drive, Montgomery County, Alabama, 36117.

3.  Jason Andrew Donald is an individual citizen of the State of Alabama who upon information and belief resides at 9655 Wilson Road, Elberta, Alabama, 36530.

4. Lindley Sellars is an individual citizen of the State of Alabama who upon information and belief, resides at 9655 Wilson Road, Elberta, Alabama, 36530.

5. Rosemary and Steven Stanley are citizens of the State of Alabama who upon information and belief, reside at 12769 S. Main Street, Elberta, Alabama, 36530.

6. This Court has jurisdiction over this act pursuant to 28 USCA §2201, The Federal Declaratory Judgment Act. Venue is proper in the United States District court for the Middle District of Alabama, Northern Division pursuant to 28 USCA §1391 (a) and (b).

7. This is an action for Declaratory Judgment for the purpose of determining an actual controversy between the parties as hereinafter more fully appears.

8. The subject matter of this litigation involves a personal Automobile Insurance Policy written by Cotton States Mutual Insurance Company and obtained by Defendant Lee Sellars in connection with a vehicle owned by Lee A. Sellars identified as a 1996 Honda Accord VIN# 1HGCD5692TA219613.

9. An actual controversy exists among the parties regarding the obligations, if any, of the Plaintiff pursuant to this insurance policy. A copy of the insurance policy is attached hereto and incorporated herein as if fully stated as Exhibit "A".

10. The subject policy period began November 6, 2006, as noted on the attached auto insurance policy Declaration Page, attached hereto and incorporated herein as Exhibit "B".

11. The facts as relayed to Plaintiff are: on April 3, 2007, the Honda Accord identified herein was at the residence of Jason Donald at 9655 Wilson Road in Elberta, Baldwin County, Alabama, 36530. Jason Donald was the boyfriend of Defendant Lindley Sellars. Defendant Lindley Sellars asserts she and the subject vehicle were at the Wilson Road address and that she had gone to sleep. When she awoke early in the morning hours of April 3, 2007, the subject vehicle had been taken by her boyfriend Jason Donald without her express permission.

12. Defendant Lindley Sellars did not give express permission to Jason Donald to operate the subject vehicle on the morning of April 3, 2007. Defendant Lee A. Sellars did not give permission, express or implied, to Jason Donald to operate the subject vehicle on the morning of April 3, 2007.

13. On the morning of April 3, 2007, Defendant Jason Donald contacted Defendant Lindley Sellars to advise he had been involved in a motor vehicle accident while operating the subject vehicle.

14. The facts as relayed to the Plaintiff are that Defendant Jason Donald while bending over to pick up a CD off the floorboard of the subject vehicle crossed the center line of County Road 20 located in Baldwin County, Alabama, and collided head on into a vehicle operated by Defendant

        Rosemary Stanley. The head on collision caused serious and significant injury to Ms. Stanley and resulted in significant property damage to both vehicles.

15. After being advised of the accident, Defendant Lindley Sellars contacted Defendant Lee Sellars, to advise of same. Defendant Lee Sellars called and filed a report with the Foley, Alabama Police Department reporting the unauthorized use of the vehicle by Defendant Jason Donald. The report/case number given by the Foley Police Department is 07-1642. Attached hereto as Exhibit C.

16. The underlying complaint filed by Defendant Rosemary and Steven Stanley allege negligence and wantonness against Defendant Jason Donald. (Complaint attached Exhibit "D").

17. The Complaint contains a Count for negligent entrustment against Defendant Lee Sellars and Defendant Lindley Sellars. Plaintiff has agreed to provide Defendants' Lee and Lindley Sellers with indemnity and defense with regards to claims being made against them by Rosemary and Steven Stanley in the lawsuit entitled *Rosemary Stanley and Steven Stanley v. Jason Donald and Lindley Sellars and Lee Sellars*, CV-2008-900137. Defendant Lee and Lindley Sellers are named as parties to this action to the extent that they are parties whose interest could be affected by this declaratory action.

18. The Automobile Insurance Policy issued by Plaintiff contains exclusions from coverage for the claims asserted by Stanley as the vehicle driven by Defendant Jason Donald.

19. The Automobile Insurance Policy excludes form coverage any exemplary or punitive damages to be sought by Defendant Rosemary Stanley.

20. The Automobile Insurance Policy excludes from coverage in the event the vehicle is operated by a driver who is lacking the express permission of the named insured.

21. The Automobile Insurance Policy further excludes coverage for medical payments for any injury sustained while occupying a vehicle without the express permission of the named insured.

22. The Automobile Insurance Policy contains limitations of liability up to the limit of coverage provided.

23. Plaintiff Cotton States Mutual Insurance Company hereby requests a Declaratory Judgment such that the exclusions mentioned above and contained within the Automobile Insurance Policy attached hereto, provide no coverage for the claims of Defendant Rosemary and Steven Stanley against Defendant Jason Donald.

24. Further, Cotton States Mutual Insurance Company requests a declaration the Automobile Insurance Policy does not impose any duty on Cotton States in favor of the Defendants herein arising out of the claims asserted by Defendants Rosemary and Steven Stanley.

25. Further, Cotton States Mutual Insurance Company seeks a declaration the Insurance Policy does not provide coverage for bodily injury or property damage either for Rosemary Stanley, Steven Stanley or Jason Donald arising out of the motor vehicle accident as asserted by the claim of Stanley.

26. Cotton States Mutual Insurance Company seeks a declaration the Automobile Insurance Policy does not provide coverage for a defense of Defendant Jason Donald arising out of the motor vehicle accident as asserted by the claims of Rosemary and Steven Stanley.

27. Additionally and/or in the alternative, should this Court find there is any coverage for the motor vehicle accident or the claim as asserted on behalf of Rosemary and Steven Stanley pursuant to the Automobile Insurance Policy, which Cotton States Mutual Insurance Company denied, the Automobile Insurance Policy contains an exclusion for punitive or exemplary damages and consequently there is not coverage for punitive or exemplary damages regardless.

WHEREFORE, Cotton States Mutual Insurance Company prays as follows:

1. This Court enters a judgment declaring the rights and obligations of each of the parties herein and with regard to the dispute;

2. Enter a judgment declaring there is not coverage to Defendant Jason Donald under the aforementioned Automobile Insurance Policy in connection with the claims asserted by Rosemary and Steven Stanley;

3. Enter a judgment declaring Cotton States Mutual Insurance Company has no obligation to defend Defendant Jason Donald in connection with the claims asserted by Rosemary and Steven Stanley; and

4. Enter a judgment declaring Cotton States Mutual Insurance Company has no obligation to indemnify Defendant Jason Donald in connection with claims asserted by Rosemary and Steven Stanley.

/s/ WILLIAM P. BLANTON
Jannea S. Rogers(rogej7403)
William P. Blanton (blan5046)
Adams and Reese LLP
Post Office Box 1348
Mobile, Alabama 36633
251.433.3234
251.438.7733 - facsimile
jannea.rogers@arlaw.com
**Attorneys for Plaintiff Cotton States Mutual Insurance Company**

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this the 16th day of April, 2008, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non CM/ECF participants:

William B. Sellars
Louis M. Calligas
Balch & Bingham LLP
P. O. Box 78
Montgomery, Alabama  36101-0078

**By United States First Class Mail to:**

Jason Andrew Donald
9655 Wilson Road
Elberta, Alabama  36530


Lindley Sellars
9655 Wilson Road
Elberta, Alabama  36530

/s/ William P. Blanton
OF COUNSEL