IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO 2:07 CV-868 |
| LEE A. SELLARS, LINDLEY SELLARS, and JASON ANDREW DONALD, | * | |
| | * | |
| Defendants. | | |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, by and through counsel, and amends its Compliant to add Rosemary Stanley, Steven Stanley and Lindley Sellars as additional Defendants and alleges as follows:

1.  Cotton States Mutual Insurance Company is a mutual insurance corporation organized and existing pursuant to the laws of the State of Georgia with its principle place of business in Atlanta, Georgia.

2.  Lee A. Sellars is an individual citizen of the State of Alabama who upon information and belief, resides at 6213 Oliver Drive, Montgomery County, Alabama, 36117.

3.  Jason Andrew Donald is an individual citizen of the State of Alabama who upon information and belief resides at 9655 Wilson Road, Elberta, Alabama, 36530.

4.    Lindley Sellars is an individual citizen of the State of Alabama who upon information and belief, resides at 9655 Wilson Road, Elberta, Alabama, 36530.

5.    Rosemary and Steven Stanley are citizens of the State of Alabama who upon information and belief, reside at 12769 S. Main Street, Elberta, Alabama, 36530.

6.    This Court has jurisdiction over this act pursuant to 28 USCA §2201, The Federal Declaratory Judgment Act. Venue is proper in the United States District court for the Middle District of Alabama, Northern Division pursuant to 28 USCA §1391 (a) and (b).

7.    This is an action for Declaratory Judgment for the purpose of determining an actual controversy between the parties as hereinafter more fully appears.

8.    The subject matter of this litigation involves a personal Automobile Insurance Policy written by Cotton States Mutual Insurance Company and obtained by Defendant Lee Sellars in connection with a vehicle owned by Lee A. Sellars identified as a 1996 Honda Accord VIN# 1HGCD5692TA219613.

9.    An actual controversy exists among the parties regarding the obligations, if any, of the Plaintiff pursuant to this insurance policy. A copy of the insurance policy is attached hereto and incorporated herein as if fully stated as Exhibit "A".

10.    The subject policy period began November 6, 2006, as noted on the attached auto insurance policy Declaration Page, attached hereto and incorporated herein as Exhibit "B".

11.    The facts as relayed to Plaintiff are:  on April 3, 2007, the Honda Accord identified herein was at the residence of Jason Donald at 9655 Wilson Road in Elberta, Baldwin County, Alabama, 36530.  Jason Donald was the boyfriend of Defendant Lindley Sellars.  Defendant Lindley Sellars asserts she and the subject vehicle were at the Wilson Road address and that she had gone to sleep.  When she awoke early in the morning hours of April 3, 2007, the subject vehicle had been taken by her boyfriend Jason Donald without her express permission.

12.    Defendant Lindley Sellars did not give express permission to Jason Donald to operate the subject vehicle on the morning of April 3, 2007. Defendant Lee A. Sellars did not give permission, express or implied, to Jason Donald to operate the subject vehicle on the morning of April 3, 2007.

13.    On the morning of April 3, 2007, Defendant Jason Donald contacted Defendant Lindley Sellars to advise he had been involved in a motor vehicle accident while operating the subject vehicle.

14.    The facts as relayed to the Plaintiff are that Defendant Jason Donald while bending over to pick up a CD off the floorboard of the subject vehicle crossed the center line of County Road 20 located in Baldwin County, Alabama, and collided head on into a vehicle operated by Defendant

Rosemary Stanley.  The head on collision caused serious and significant injury to Ms. Stanley and resulted in significant property damage to both vehicles.

15.  After being advised of the accident, Defendant Lindley Sellars contacted Defendant Lee Sellars, to advise of same.  Defendant Lee Sellars called and filed a report with the Foley, Alabama Police Department reporting the unauthorized use of the vehicle by Defendant Jason Donald.  The report/case number given by the Foley Police Department is 07-1642. Attached hereto as Exhibit C.

16.  The underlying complaint filed by Defendant Rosemary and Steven Stanley allege negligence and wantonness against Defendant Jason Donald. (Complaint attached Exhibit "D").

17.  The Complaint contains a Count for  negligent entrustment against Defendant Lee Sellars and Defendant Lindley Sellars. Plaintiff has agreed to provide Defendants' Lee and Lindley Sellars with indemnity and defense with regards to claims being made against them by Rosemary and Steven Stanley in the lawsuit entitled *Rosemary Stanley and Steven Stanley v. Jason Donald and Lindley Sellars and Lee Sellars*, CV-2008-900137. Defendant Lee and Lindley Sellars are named as parties to this action to the extent that they are parties whose interest could be affected by this declaratory action.

18.  The Automobile Insurance Policy issued by Plaintiff contains exclusions from coverage for the claims asserted by Stanley as the vehicle driven by Defendant Jason Donald.

19.  The Automobile Insurance Policy excludes form coverage any exemplary or punitive damages to be sought by Defendant Rosemary Stanley.

20.  The Automobile Insurance Policy excludes from coverage in the event the vehicle is operated by a driver who is lacking the express permission of the named insured.

21.  The Automobile Insurance Policy further excludes coverage for medical payments for any injury sustained while occupying a vehicle without the express permission of the named insured.

22.  The Automobile Insurance Policy contains limitations of liability up to the limit of coverage provided.

23.  Plaintiff Cotton States Mutual Insurance Company hereby requests a Declaratory Judgment such that the exclusions mentioned above and contained within the Automobile Insurance Policy attached hereto, provide no coverage for the claims of Defendant Rosemary and Steven Stanley against Defendant Jason Donald.

24.  Further, Cotton States Mutual Insurance Company requests a declaration the Automobile Insurance Policy does not impose any duty on Cotton States in favor of the Defendants herein arising out of the claims asserted by Defendants Rosemary and Steven Stanley.

25. Further, Cotton States Mutual Insurance Company seeks a declaration the Insurance Policy does not provide coverage for bodily injury or property damage either for Rosemary Stanley, Steven Stanley or Jason Donald arising out of the motor vehicle accident as asserted by the claim of Stanley.

26. Cotton States Mutual Insurance Company seeks a declaration the Automobile Insurance Policy does not provide coverage for a defense of Defendant Jason Donald arising out of the motor vehicle accident as asserted by the claims of Rosemary and Steven Stanley.

27. Additionally and/or in the alternative, should this Court find there is any coverage for the motor vehicle accident or the claim as asserted on behalf of Rosemary and Steven Stanley pursuant to the Automobile Insurance Policy, which Cotton States Mutual Insurance Company denied, the Automobile Insurance Policy contains an exclusion for punitive or exemplary damages and consequently there is not coverage for punitive or exemplary damages regardless.

WHEREFORE, Cotton States Mutual Insurance Company prays as follows:

1. This Court enters a judgment declaring the rights and obligations of each of the parties herein and with regard to the dispute;

2. Enter a judgment declaring there is not coverage to Defendant Jason Donald under the aforementioned Automobile Insurance Policy in connection with the claims asserted by Rosemary and Steven Stanley;

3.    Enter a judgment declaring Cotton States Mutual Insurance Company has no obligation to defend Defendant Jason Donald in connection with the claims asserted by Rosemary and Steven Stanley; and

4.    Enter a judgment declaring Cotton States Mutual Insurance Company has no obligation to indemnify Defendant Jason Donald in connection with claims asserted by Rosemary and Steven Stanley.

/s/ WILLIAM P. BLANTON
Jannea S. Rogers(rogej7403)
William P. Blanton (blan5046)
Adams and Reese LLP
Post Office Box 1348
Mobile, Alabama 36633
251.433.3234
251.438.7733 - facsimile
jannea.rogers@arlaw.com
**Attorneys    for    Plaintiff    Cotton States Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 21st day of April, 2008, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non CM/ECF participants:

William B. Sellars
Louis M. Calligas
Balch & Bingham LLP
P. O. Box 78
Montgomery, Alabama 36101-0078

**By United States First Class Mail to:**

Jason Andrew Donald
9655 Wilson Road
Elberta, Alabama  36530


Lindley Sellars
9655 Wilson Road
Elberta, Alabama  36530

/s/ William P. Blanton
OF COUNSEL

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

B. "We", "us" and "our" refer to the Company providing this insurance.

C. For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are in quotation marks when used.

D. "Bodily injury" means bodily harm, sickness or disease, including death that results.

E. "Business" includes trade, profession or occupation.

F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

G. "Occupying" means in, upon, getting in, on, out or off.

H. "Property damage" means physical injury to, destruction of or loss of use of tangible property.

I. "Trailer" means a vehicle designed to be pulled by a:

1. Private passenger auto; or

2. Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

J. "Your covered auto" means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner:

a. a private passenger auto; or

b. a pickup or van.

This provision (J.2.) applies only if:

a. you acquire the vehicle during the policy period;

b. you ask us to insure it within 30 days after you become the owner; and

c. with respect to a pickup or van, no other insurance policy provides coverage for that vehicle.

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if:

a. you wish to add or continue Coverage for Damage to Your Auto; or

b. it is a pickup or van used in any "business" other than farming or ranching.

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

3. Any "trailer" you own.

4. Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

a. breakdown;    d. loss; or

b. repair;    e destruction.

c. servicing;

## PART A—LIABILITY COVERAGE

### INSURING AGREEMENT

A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include pre-judgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

B. "Insured" as used in this Part means:

EXHIBIT

A

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer".

2. Any person using "your covered auto".

3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or "trailer".

## SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an "insured":

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Other reasonable expenses incurred at our request.

## EXCLUSIONS

A. We do not provide Liability Coverage for any person:

1. Who intentionally causes "bodily injury" or "property damage".

2. For damage to property owned or being transported by that person.

3. For damage to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   that person.

   This exclusion (A.3.) does not apply to damage to a residence or private garage.

4. For "bodily injury" to an employee of that person during the course of employment. This exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers'

compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee. This exclusion (A.5.) does not apply to a share the expense car pool.

6. While employed or otherwise engaged in the "business" of:

   | a. selling; | d. storing; or |
   |---|---|
   | b. repairing; | e. parking; |
   | c. servicing; | |

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:

   a. you;

   b. any "family member"; or

   c. any partner, agent or employee of you or any "family member".

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any 7business" (other than farming or ranching) not described in Exclusion A.6. This exclusion (A.7.) does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup or van that you own; or

   c. "trailer" used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that person is entitled to do so.

9. For "bodily injury" or "property damage" for which that person:

   a. is an insured under a nuclear energy liability policy; or

   b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:

   a. American Nuclear Insurers;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any motorized vehicle having fewer than four wheels.

2. Any vehicle, other than "your covered auto", which is:

    Copyright, Insurance Services Office, Inc., 1986    PP 00 01 (Ed. 4/86)

a. owned by you; or

b. furnished or available for your regular use.

3. Any vehicle, other than "your covered auto", which is:

a. owned by any "family member"; or

b. furnished or available for the regular use of any "family member".

However, this exclusion (B.3.) does not apply to your maintenance or use of any vehicle which is:

a. owned by a "family member"; or

b. furnished or available for the regular use of a "family member".

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

B. We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision (B.) will not change our total limit of liability.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A. We will pay reasonable expenses incurred for necessary medical and funeral services because of "bodily injury":

1. Caused by accident; and

2. Sustained by an "insured".

We will pay only those expenses incurred within 3 years from the date of the accident.

B. "Insured" as used in this Part means:

1. You or any "family member":

a. while "occupying"; or

b. as a pedestrian when struck by;

a motor vehicle designed for use mainly on public roads or a trailer of any type.

2. Any other person while "occupying" "your covered auto".

### EXCLUSIONS

We do not provide Medical Payments Coverage for any person for "bodily injury":

1. Sustained while "occupying" any motorized vehicle having fewer than four wheels.

2. Sustained while "occupying" "your covered auto" when it is being used to carry persons or property for a fee. This exclusion (2.) does not apply to a share the expense car pool.

3. Sustained while "occupying" any vehicle located for use as a residence or premises.

4. Occurring during the course of employment if workers' compensation benefits are required or available for the "bodily injury".

5. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:

   a. owned by you; or

   b. furnished or available for your regular use.

6. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:

   a. owned by any "family member"; or

   b. furnished or available for the regular use of any "family member".

However, this exclusion (6.) does not apply to you.

7. Sustained while "occupying" a vehicle without a reasonable belief that that person is entitled to do so.

8. Sustained while "occupying" a vehicle when it is being used in the "business" of an "insured". This exclusion (8.) does not apply to "bodily injury" sustained while "occupying" a:

   a. private passenger auto;

   b. pickup or van that you own; or

   c. "trailer" used with a vehicle described in a. or b. above.

9. Caused by or as a consequence of:

   a. discharge of a nuclear weapon (even if accidental);

   b. war (declared or undeclared);

   c. civil war;

   d. insurrection; or

   e. rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

   a. nuclear reaction;

   b. radiation; or

   c. radioactive contamination.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. "insureds";

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under Part A or Part C.

C. No payment will be made unless the injured person or that person's legal representative agrees in writing that any payment shall be applied toward any settlement or judgment that person receives under Part A or Part C.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## PART C — UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":

   1. Sustained by an "insured"; and

   2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "Insured" as used in this Part means:

   1. You or any "family member".

   2. Any other person "occupying" "your covered auto".

3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

   1. To which no bodily injury liability bond or policy applies at the time of the accident.

   2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.

    Copyright, Insurance Services Office, Inc., 1986    PP 00 01 (Ed. 4/86)

3. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

    a. you or any "family member";

    b. a vehicle which you or any "family member" are "occupying"; or

    c. "your covered auto".

4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

    a. denies coverage; or

    b. is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any "family member".

2. Owned or operated by a self insurer under any applicable motor vehicle law.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any person:

1. While "occupying", or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. If that person or the legal representative settles the "bodily injury" claim without our consent.

3. While occupying "your covered auto" when it is being used to carry persons or property for a fee. This exclusion (A.3.) does not apply to a share the expense car pool.

4. Using a vehicle without a reasonable belief that that person is entitled to do so.

B. This coverage shall not apply directly or indirectly to benefit any insurer or self insurer under any of the following or similar law:

1. workers' compensation law; or

2. disability benefits law.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. "insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:

1. Paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

2. Paid or payable because of the "bodily injury" under any of the following or similar law:

    a. workers' compensation law; or

    b. disability benefits law.

C. Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

## OTHER INSURANCE

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

A. If we and an "insured" do not agree:

1. Whether that person is legally entitled to recover damages under this Part; or

2. As to the amount of damages;

either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial

responsibility law of t state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made wi 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

A. We will pay for direct and accidental loss to "your covered auto" or any "non owned auto", including their equipment, minus any applicable deductible shown in the Declarations. We will pay for loss to "your covered auto" caused by:

1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a "non owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

B. "Collision" means the upset of "your covered auto" or its impact with another vehicle or object. Loss caused by the following is considered other than "collision":

1. Missiles or falling objects;
2. Fire;
3. Theft or larceny;
4. .Explosion or earthquake;
5. Windstorm;
6. Hail, water or flood;
7. Malicious mischief of vandalism;
8. Riot or civil commotion;
9. Contact with bird or animal; or
10. Breakage of glass.

If breakage of glass is caused by a "collision", you may elect to have it considered a loss caused by "collision".

C. "Non owned auto" means any private passenger auto, pickup, van or "trailer" not owned by or furnished or available for the regular use of you or any "family member" while in the custody of or being operated by you or any "family member". However, "non owned auto" does not include any vehicle used as a temporary substitute for a vehicle you own which is out of normal use because of its:

1. Breakdown;
2. Repair;
3. Servicing;
4. Loss; or
5. Destruction.

### TRANSPORTATION EXPENSES

In addition, we will pay up to $10 per day, to a maximum of $300, for transportation expenses incurred by you. This applies only in the event of the total theft of "your covered auto". We will pay only transportation expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when "your covered auto" is returned to use or we pay for its loss.

### EXCLUSIONS

We will not pay for:

1. Loss to "your covered auto" which occurs while it is used to carry persons or property for a fee. This exclusion (1.) does not apply to a share the expense car pool.

2. Damage due and confined to:
   a. wear and tear;
   b. freezing;
   c. mechanical or electrical breakdown or failure; or
   d. road damage to tires.

   This exclusion (2.) does not apply if the damage results from the total theft of "your covered auto".

3. Loss due to or as a consequence of:
   a. radioactive contamination;
   b. discharge of any nuclear weapon (even if accidental);
   c. war (declared or undeclared);
   d. civil war;
   e. insurrection; or
   f. rebellion or revolution.

4. Loss to equipment designed for the reproduction of sound. This exclusion (4.) does not apply if the equipment is permanently installed in "your covered auto" or any "non owned auto".

5. Loss to tapes, records or other devices for use with equipment designed for the reproduction of sound.

6. Loss to a camper body or "trailer" you own which is not shown in the Declarations. This exclusion (6.) does not apply to a camper body or "trailer" you:
   a. acquire during the policy period; and
   b. ask us to insure within 30 days after you become the owner.

7. Loss to any "non owned auto" or any vehicle used as a temporary substitute for a vehicle you own, when used by you or any "family member" without a reasonable belief that you or that "family member" are entitled to do so.

Copyright, Insurance Services Office, Inc., 1986

PP 00 01 (Ed. 4/86)

8. Loss to:

   a. TV antennas;

   b. awnings or cabanas; or

   c. equipment designed to create additional living facilities.

9. Loss to any of the following or their accessories:

   a. citizens band radio;

   b. two way mobile radio;

   c. telephone; or

   d. scanning monitor receiver.

   This exclusion (9.) does not apply if the equipment is permanently installed in the opening of the dash or console of "your covered auto" or any "non owned auto". This opening must be normally used by the auto manufacturer for the installation of a radio.

10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:

    a. special carpeting and insulation, furniture, bars or television receivers;

    b. facilities for cooking and sleeping;

    c. height extending roofs; or

    d. custom murals, paintings or other decals or graphics.

11. Loss to equipment designed or used for the detection or location of radar.

12. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in the "business" of:

    a. selling;           d. storing; or
    b. repairing;         e. parking;
    c. servicing;

    vehicles designed for use on public highways. This includes road testing and delivery.

13. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in any "business" not described in exclusion 12. This exclusion (13.) does not apply to the maintenance or use by you or any "family member" of a "non-owned auto" which is a private passenger auto or "trailer".

## LIMIT OF LIABILITY

A. Our limit of liability for loss will be the lesser of the:

   1. Actual cash value of the stolen or damaged property; or

   2. Amount necessary to repair or replace the property.

   However, the most we will pay for loss to any "non owned auto" which is a "trailer" is $500.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

   1. You; or

   2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER INSURANCE

If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non owned auto" or any vehicle used as a temporary substitute for a vehicle you own shall be excess over any other collectible insurance.

## APPRAISAL

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   1. Pay its chosen appraiser; and

   2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

---

# PART E—DUTIES AFTER AN ACCIDENT OR LOSS

---

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

   1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

    a. to physical exams by physicians we select. We will pay for these exams.

    b. to examination under oath and subscribe the same.

4. Authorize us to obtain:

    a. medical reports; and

    b. other pertinent records.

5. Submit a proof of loss when required by us.

**C.** A person seeking Uninsured Motorists Coverage must also:

1. Promptly notify the police if a hit and run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect "your covered auto" and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if "your covered auto" is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F—GENERAL PROVISIONS

### BANKRUPTCY

Bankruptcy or insolvency of the "insured" shall not relieve us of any obligations under this policy.

### CHANGES

This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us. If a change requires a premium adjustment, we will adjust the premium as of the effective date of change.

We may revise this policy form to provide more coverage without additional premium charge. If we do this your policy will automatically provide the additional coverage as of the date the revision is effective in your state.

### FRAUD

We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

### LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the "insured" has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the **liability of an "insured"**.

### OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do not apply under Part D. against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

### POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

**B.** The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

### TERMINATION

**A. Cancellation.** This policy may be cancelled durig the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

Copyright, Insurance Services Office, Inc., 1986
PP 00 01 (Ed. 4/86)

a. returning this policy to us; or

b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

a. at least 10 days notice:

(1) if cancellation is for nonpayment of premium; or

(2) if notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or

b. at least 20 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

a. for nonpayment of premium; or

b. if your driver's license or that of:

(1) any driver who lives with you; or

(2) any driver who customarily uses "your covered auto";

has been suspended or revoked. This must have occurred:

(1) during the policy period; or

(2) since the last anniversary of the original effective date if the policy period is other than 1 year; or

c. if the policy was obtained through material misrepresentation.

**B. Nonrenewal.** If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at last 20 days before the end of the policy period. If the policy period is other than 1 year, we will have the right not to renew or continue it only at each anniversary of its original effective date.

**C. Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D. Other Termination Provisions.**

1. If the law in effect in your state at the time this policy is issued, renewed or continued:

a. requires a longer notice period;

b. requires a special form of or procedure for giving notice; or

c. modifies any of the stated termination reasons;

we will comply with those requirements.

2. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

3. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".

**B.** Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

*Paul M. Harmon*
**Secretary**

*Barbara A Baurer*
**President**

## MUTUAL POLICY CONDITIONS

This policy is issued by a Mutual Company having special regulations lawfully applicable to its organization, membership, policies or contracts of insurance, of which the following shall apply to and form a part of this policy:

This policy is nonassessable. The policyholder is a member of the company and shall participate, to the extent and upon the conditions fixed and determined by the Board of Directors of the Company in accordance with the provisions of law, in the distribution of dividends so fixed and determined.

The insured is hereby notified that by virtue of this policy he is a member of Cotton States Mutual Insurance Co., and is entitled to vote either in person or by proxy at any and all meetings of said company. The annual meeting of the policyholders is held at the home on the first Wednesday of each December in Atlanta, Georgia, at 10:30 a.m.

## PP 03 01 (Ed 6/80)
## FEDERAL EMPLOYEES USING AUTOS
## IN GOVERNMENT BUSINESS

**The following are not covered persons under Part A:**

1. The United States of America or any of its agencies.
2. Any person with respect to bodily injury or property damage resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the bodily injury or property damage.

**The following endorsements, PP 03 09 and PP 04 01, apply if there are separate limits of liability shown in the Declarations for Bodily Injury and Property Damage Liability under the Liability Coverage and, if applicable, for "each person" and "each accident" under the Uninsured Motorists Coverage:**

## PP 03 09 (Ed. 04/86)
## SPLIT LIABILITY LIMITS

The first paragraph of the Limit of Liability provision in Part A is replaced by the following:

**LIMIT OF LIABILITY**

The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

## PP 04 01 (Ed. 04/86)
## SPLIT UNINSURED MOTORISTS LIMITS

The first paragraph of the Limit of Liability provision in Part C is replaced by the following:

**LIMIT OF LIABILITY**

The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident. This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

 Copyright, Insurance Services Office, Inc., 1986     PP 00 01 (Ed. 4/86)

# Cotton States Mutual Insurance Company

**A MUTUAL COMPANY** • **NONASSESSABLE POLICY**

## Personal Automobile Policy





# Our Most Important Policy Is Trust.[SM]

**Coverage under this policy is provided
by the company indicated on the declarations page.**

Cotton States Insurance • 244 Perimeter Center Parkway N.E. • Atlanta, Georgia 30346-2397

BJP8054 (04/86)

# YOUR  PERSONAL  AUTO  POLICY — QUICK  REFERENCE

### DECLARATIONS PAGE

Your Name and Address
Your Auto or Trailer
Policy Period
Coverages and Amounts of Insurance

|  | Beginning On Page |  | Beginning On Page |
|---|---|---|---|
| AGREEMENT | 1 | PART D — COVERAGE FOR DAMAGE TO YOUR AUTO | 6 |
| DEFINITIONS | 1 | Insuring Agreement | |
| PART A — LIABILITY COVERAGE | 1 | Transportation Expenses | |
| Insuring Agreement | | Exclusions | |
| Supplementary Payments | | Limit of Liability | |
| Exclusions | | Payment of Loss | |
| Limit of Liability | | No Benefit to Bailee | |
| Out of State Coverage | | Other Insurance | |
| Financial Responsibility | | Appraisal | |
| Other Insurance | | PART E — DUTIES AFTER AN ACCIDENT OR LOSS | 7 |
| PART B — MEDICAL PAYMENTS COVERAGE | 3 | PART F — GENERAL PROVISIONS | 8 |
| Insuring Agreement | | Bankruptcy | |
| Exclusions | | Changes | |
| Limit of Liability | | Fraud | |
| Other Insurance | | Legal Action Against Us | |
| PART C — UNINSURED MOTORISTS COVERAGE | 4 | Our Right to Recover Payment | |
| Insuring Agreement | | Policy Period and Territory | |
| Exclusions | | Termination | |
| Limit of Liability | | Transfer of Your Interest in this Policy | |
| Other Insurance | | Two or More Auto Policies | |
| Arbitration | | | |

BJP8054 (04/86)

CS 01
(Ed. 07/98)

## ALABAMA AMENDATORY ENDORSEMENT AUTOMOBILE

### PART I

THE ENDORSEMENTS CONTAINED IN THIS STATE AMENDATORY ENDORSEMENT APPLY TO YOUR PERSONAL AUTOMOBILE POLICY.

### PP 00 02 (Ed. 4/86)
### TRANSITION ENDORSEMENT

This endorsement amends the policy as follows:

**DEFINITIONS**

The Definitions Section is amended as follows:

A. The fourth paragraph is replaced by the following:

Other words and phrases are defined. They are either boldfaced or in quotation marks when used.

B. The terms "bodily injury", "business" and "property damage" are defined terms wherever they appear.

They are defined as follows:

"Bodily injury" means bodily harm, sickness or disease including death that results.

"Business" includes trade, profession or occupation.

"Property Damage" means physical injury to, destruction of, or loss of use of tangible property.

C. The term "covered person" is replaced by the term "insured" wherever it appears with no change in definition.

### CS 01 87 (Ed. 1/88)
### AMENDMENT OF POLICY PROVISIONS ALABAMA

**I. LIABILITY COVERAGE**

Part A—LIABILITY COVERAGE is amended as follows:

A. Exclusion A.8. is deleted and replaced by the following:

8. Using a vehicle without the express permission of the "named insured".

**II. MEDICAL PAYMENTS COVERAGE**

Part B—MEDICAL PAYMENTS is amended as follows:

A. Exclusion 7. is deleted and replaced by the following:

7. Sustained while "occupying" a vehicle without the express permission of the "named insured".

**III. UNINSURED MOTORISTS COVERAGE**

Part C is amended as follows:

A. The following is added to the first paragraph of the Insuring Agreement:

We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgements or settlements.

B. Sections 2. and 3. of the definition of "uninsured motor vehicle" are replaced by the following:

"Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

2. To which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

3. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in "bodily injury" without hitting:

a. you or any "family member";

b. a vehicle which you or any "family member" are occupying; or

c. "your covered auto".

If there is no physical contact with the hit and run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claim under this or any similar coverage.

C. Exception 1. to the definition of "uninsured motor vehicle" is replaced by the following:

However, "uninsured motor vehicle" does not include any vehicle or equipment:

    1. Owned by or furnished or available for the regular use of you or any "family member" unless there is no liability coverage available under Part A of this policy to respond for damages sustained by you or any "family member".

D. Exception 3. to the definition of "uninsured motor vehicle" does not apply.

E. Exclusion A.1. does not apply.

F. Exclusion A. 4. is deleted and replaced by the following:

    4. Using a vehicle without the express permission of the "named insured".

G. The Limit of Liability provision is replaced by the following:

## LIMIT OF LIABILITY

A. Except as provided in B. below, our maximum limit of liability for all damages resulting from any one accident is:

    1. The limit of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to "your covered auto", when there is only 1 insured vehicle; or

    2. when there is more than 1 insured vehicle:

        a. the limit of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to the "your covered auto" an "insured" was "occupying" at the time of the accident, plus the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to any other of "your covered autos" up to a maximum of 2 additional limits; or

        b. If an "insured" was not "occupying" one of "your covered autos" at the time of the accident, the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to any of "your covered autos" up to a maximum of 3 limits.

This is the most we will pay regardless of the number of:

    1. "Insureds";

    2. Claims made; or

    3. Vehicles involved in the accident.

B. If Uninsured Motorists Coverage is payable because liability coverage under Part A is excluded for damages sustained by you or any "family member", our maximum limit of liability for all damages resulting from any one accident is:

    1. That part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to "your covered auto" that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, when there is only 1 insured vehicle; or

    2. When there is more than 1 insured vehicle:

        The sum of that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to any of "your covered autos" that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, up to a maximum of 3 vehicles.

This is the most we will pay regardless of the number of:

    1. "Insureds";

    2. Claims made; or

    3. Vehicles involved in the accident.

C. Regardless of whether A. or B. applies, no one will be entitled to receive duplicate payments for the same elements of loss as a result of the application of this provision.

D. Any amounts otherwise payable for damages under this coverage shall be reduced by all sums paid because of "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

E. Any coverage afforded under this endorsement shall apply over and above all sums paid or payable for the same elements of loss because of the "bodily injury" under any of the following or similar law:

    1. Workers' Compensation law; or

    2. Disability benefits law.

However, no one will be entitled to receive duplicate payments for the same elements of loss.

F. Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

## IV. COVERAGE FOR DAMAGE TO YOUR AUTO

Part D—COVERAGE FOR DAMAGE TO YOUR AUTO—is amended as follows:

A. Exclusion 7. is deleted and replaced by the following:

    7. Loss to any "non-owned auto" or any vehicle used as a temporary substitute for a vehicle you own, when used by you or any "family member" without the express permission of the "named insured".

The following endorsement replaces PP 04 01 shown in policy jacket and applies only if CS 01 87 above applies and if separate limits of liability are shown in the Declarations for "each person" and "each accident" for bodily injury for Uninsured Motorists Coverage.

## PP 04 84 (Ed. 3/87)
## SPLIT UNINSURED MOTORISTS LIMITS

Paragraphs A. and B. of the Limit of Liability provision for Uninsured Motorists Coverage are replaced by A. and B. as follows:

### LIMIT OF LIABILITY

A. Except as provided in B. below:

1. When there is only 1 insured vehicle:

   a. the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

   b. subject to this limit for each person, the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

2. When there is more than 1 insured vehicle:

   a. and the "insured" was "occupying" "your covered auto" at the time of the accident:

      (1) the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to that "your covered auto", plus the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any other of "your covered autos" up to a maximum of 2 additional limits, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

      (2) subject to this limit for each person the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to that "your covered auto", plus the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any other of "your covered autos" up to a maximum of 2 additional limits, is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

   b. and the "insured" was not "occupying" one of "your covered autos" at the time of the accident:

      (1) the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any of "your covered autos" up to a maximum of 3 limits, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

      (2) subject to this limit for each person, the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any of "your covered autos" up to a maximum of 3 limits, is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of

1. "Insureds";

2. Claims made; or

3. Vehicles involved in the accident.

B. If Uninsured Motorists Coverage is payable because liability coverage under Part A is excluded for damages sustained by you or any "family member":

   1. When there is only 1 insured vehicle:

      a. that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

      b. subject to this limit for each person, that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

2. When there is more than 1 insured vehicle:

   a. the sum of that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any of "your covered autos" that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act, up to a maximum of 3 limits, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident; and

   b. subject to this limit for each person, the sum of that part of the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any of "your covered autos" that does not exceed the limits specified in the Alabama Motor Vehicle Safety Responsibility Act up to a maximum of 3 limits, is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made; or

3. Vehicles involved in the accident.

---

## PP 03 26 (Ed. 12/82)
## LIABILITY COVERAGE EXCLUSION ENDORSEMENT

LIABILITY COVERAGE

The following exclusion is added to Part A. Section A: We do not provide Liability Coverage to any person for bodily injury to you or any "family member".

---

### PP 03 05 (Ed. 8/83)x
### LOSS PAYABLE CLAUSE

Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of your covered auto. However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

---

### CS 775 (Ed. 12/87)
### AMENDMENT OF PART F - GENERAL PROVISIONS
### NONRENEWAL SECTION

The Nonrenewal section of the termination provision of Part F—General Provisions is replaced by the following:

**Nonrenewal** If we decide not to renew or continue this policy we will mail notice to the named insured shown in the Declarations at the address last shown in this policy. Notice will be mailed at least 20 days before the end of the policy period. If the policy period is less than 1 year, we will not exercise our right to refuse to renew or continue this insurance except at the end of any six month interval after the original effective date.

---

### CS 201 (10/87)
### COMMUNICABLE DISEASE AND
### SEXUAL MISCONDUCT EXCLUSION

The following exclusion is added to Part A Liability Coverage and Part B Medical Payments Coverage.

This policy does not cover and will not pay for:

1. Claims that arise out of the transmission of a Communicable Disease, unless caused by an auto accident.

2. Sexual misconduct or molestation in violation of penal or criminal statutes.

PMS-124
(Ed. 01/91)

## Amendment of Mutual Policy Conditions
## (Not Applicable to Shield Insurance Policyholders)

The third paragraph of the Mutual Policy Conditions is replaced by the following:

You, the named insured, by virtue of this policy, are a member of Cotton States Mutual Insurance Company and are entitled to vote either in person or by proxy at any and all meetings of said company. The annual meeting of the policyholders is held at the home office of the Company, 244 Perimeter Center Parkway, N.E., Atlanta, Georgia 30346 on the first Tuesday after the fourth Monday of April of each year at 10:30 a.m., Atlanta time.

PMS-124 (Ed. 01/91)

CS 03 03
(Ed. 01/90)

## TOWING AND LABOR COSTS COVERAGE

We will pay towing and labor costs incurred each time "**your covered auto**" or any "**non-owned auto**" is disabled, up to $ * for each disablement. If a "**non-owned auto**" is disabled, we will provide the broadest towing and labor costs coverage applicable to any "**your covered auto**" shown in the Declarations. We will only pay for labor performed at the place of disablement.

*Refer to Declarations for Limits.

CS 03 03 (Ed. 01/90)     This endorsement contains copyrighted material of the Insurance Services Office, Inc. With its permission 1987.

**Cotton States INSURANCE**

INSURED COPY

APA0831100                              04/30/2007

PERSONAL AUTO POLICY
AMENDED DECLARATION * * EFFECTIVE 04/03/2007
SUPERSEDES ANY PREVIOUS DECLARATION BEARING
THE SAME NUMBER FOR THIS POLICY PERIOD
REASON FOR AMENDMENT :   DELETE VEHICLE

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|
| #BWNCNTT<br>#APA0831100857IA5#<br>LEE A SELLARS<br>6213 OLIVER DR<br>MONTGOMERY, AL 36117 | LARRY LIVEOAK<br>P O BOX 1298<br>MILLBROOK, AL 36054<br><br>PHONE: 334/285-2881 |

VEHICLES COVERED

| VEH | ST | TER | YR | MAKE-DESCRIPTION | SERIAL NUMBER | AGE | SYM | CLASS | ST AM | CHG DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 001 | AL | 006 | 1996 | FORD EXPLORER | 1FMDU32X8TUB22812 | 6 | 07 | 885123 | | 11/06/2006 |
| 002 | AL | 006 | 1980 | TYTA P/U | RN42084439 | 6 | 06 | 885120 | | 11/06/2006 |
| 004 | AL | 006 | 1999 | HOND ACCORD EX | 1HGCG5658XA126895 | 6 | 13 | 835423 | | 11/06/2006 |

INSURANCE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE

| COVERAGE | LIMITS OF LIABILITY | PREMIUMS | | |
|---|---|---|---|---|
| | | UNIT 1 | 2 | 4 |
| BODILY INJURY LIABILITY<br>$100,000 EACH PERSON / $300,000 EACH ACCIDENT | | 88.00 | 67.00 | 145.00 |
| PROPERTY DAMAGE LIABILITY<br>$100,000 EACH ACCIDENT | | 62.00 | 47.00 | 102.00 |
| MEDICAL PAYMENTS - $5,000 PER PERSON | | 8.00 | 6.00 | 13.00 |
| UNINSURED MOTORIST BODILY INJURY LIABILITY<br>$20,000 EACH PERSON / $40,000 EACH ACCIDENT | | 27.00 | 27.00 | 27.00 |
| OTHER THAN COLLISION - $250 DEDUCTIBLE | | | | 66.00 |
| OTHER THAN COLLISION - $50 DEDUCTIBLE | | 37.00 | | |
| COLLISION - $1000 DEDUCTIBLE | | | | 105.00 |
| COLLISION - $250 DEDUCTIBLE | | 96.00 | | |
| TOWING AND LABOR - $25 | | 4.00 | | 4.00 |

PS-267 04/1989

---CONTINUE ON NEXT PAGE---

**EXHIBIT**

B



PERSONAL AUTO POLICY
AMENDED DECLARATION * * EFFECTIVE 04/03/2007
SUPERSEDES ANY PREVIOUS DECLARATION BEARING
THE SAME NUMBER FOR THIS POLICY PERIOD
REASON FOR AMENDMENT :   DELETE VEHICLE

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|

#BWNCNTT
#APA0831100857IA5#
LEE A SELLARS
6213 OLIVER DR
MONTGOMERY, AL 36117

LARRY LIVEOAK
P O BOX 1298
MILLBROOK, AL 36054

PHONE: 334/285-2881

```
                              TOTAL BY UNIT   322.00   147.00   462.00
   6% ANTI-THEFT DISCOUNT     APPLIED UNIT  4
```

PS-267 04/1989

---CONTINUE ON NEXT PAGE---

**Cotton States INSURANCE®**

PERSONAL AUTO POLICY
AMENDED DECLARATION * * EFFECTIVE 04/03/2007
SUPERSEDES ANY PREVIOUS DECLARATION BEARING
THE SAME NUMBER FOR THIS POLICY PERIOD
REASON FOR AMENDMENT :   DELETE VEHICLE

INSURED COPY

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|

#BWNCNTT
#APA0831100857IA5#
LEE A SELLARS
6213 OLIVER DR
MONTGOMERY, AL 36117

LARRY LIVEOAK
P O BOX 1298
MILLBROOK, AL 36054

PHONE: 334/285-2881

---

VEHICLES COVERED

VEH ST TER  YR  MAKE-DESCRIPTION SERIAL NUMBER    AGE SYM CLASS  ST AM  CHG DATE
005 AL 006 1995 TYTA T100 SR5    JT4VD22F1S0008344 6  15  835420    11/06/2006
INSURANCE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE

| COVERAGE | LIMITS OF LIABILITY | PREMIUMS UNIT  5 |
|---|---|---|
| BODILY INJURY LIABILITY | $100,000 EACH PERSON / $300,000 EACH ACCIDENT | 124.00 |
| PROPERTY DAMAGE LIABILITY | $100,000 EACH ACCIDENT | 87.00 |
| MEDICAL PAYMENTS - $5,000 PER PERSON | | 11.00 |
| UNINSURED MOTORIST BODILY INJURY LIABILITY | $20,000 EACH PERSON / $40,000 EACH ACCIDENT | 27.00 |
| OTHER THAN COLLISION - $250 DEDUCTIBLE | | 59.00 |
| COLLISION - $1000 DEDUCTIBLE | | 83.00 |
| TOWING AND LABOR - $25 | | 4.00 |

TOTAL BY UNIT  395.00
TOTAL RETURN PREMIUM    $44.00

TOTAL TERM PREMIUM  $1,326.00

6 YEAR CONTINUOUS RENEWAL DISCOUNT APPLIED
MULTI-POLICY DISCOUNT APPLIES

PS-267 04/1989

---CONTINUE ON NEXT PAGE---

3

INSURED COPY

**Cotton States**
**INSURANCE**

PERSONAL AUTO POLICY
AMENDED DECLARATION * * EFFECTIVE 04/03/2007
SUPERSEDES ANY PREVIOUS DECLARATION BEARING
THE SAME NUMBER FOR THIS POLICY PERIOD
REASON FOR AMENDMENT :   DELETE VEHICLE

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|
| #BWNCNTT<br>#APA08311008571A5#<br>LEE A SELLARS<br>6213 OLIVER DR<br>MONTGOMERY, AL 36117 | LARRY LIVEOAK<br>P O BOX 1298<br>MILLBROOK, AL 36054<br><br>PHONE: 334/285-2881 |

PS-267 04/1989

---CONTINUE ON NEXT PAGE---

**Cotton States INSURANCE**

PERSONAL AUTO POLICY
AMENDED DECLARATION * * EFFECTIVE 04/03/2007
SUPERSEDES ANY PREVIOUS DECLARATION BEARING
THE SAME NUMBER FOR THIS POLICY PERIOD
REASON FOR AMENDMENT :   DELETE VEHICLE

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| APA0831100 | 11/06/2006 to 05/06/2007 | COTTON STATES MUTUAL INS CO | 857 |

| NAMED INSURED and ADDRESS | AGENT |
|---|---|

#BWNCNTT
#APA0831100857IA5#
LEE A SELLARS
6213 OLIVER DR
MONTGOMERY, AL 36117

LARRY LIVEOAK
P O BOX 1298
MILLBROOK, AL 36054

PHONE: 334/285-2881

| DRIVER ID | DRIVER NAME | LICENSE NUMBER | BIRTH DATE |
|---|---|---|---|
| 01 | LEE A SELLARS | 2415211 | 10/30/1947 |
| 02 | CYNTHIA SELLARS | 3518348 | 02/27/1949 |
| 03 | LINDLEY SELLARS | 6775661 | 04/06/1982 |
| 04 | JAMIE E SELLARS | 7073990 | 08/25/1984 |

MB

APPLICABLE FORMS

| FORM # | DATE | UNIT | FORM # | DATE | UNIT | FORM # | DATE | UNIT | FORM # | DATE | UNIT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PP0001 | 04/86 | ALL | CS01 | 07/98 | ALL | BJP80540486 | | ALL | PMS124 | 01/91 | ALL |
| CS0303 | 01/90 | 001 | CS0303 | 01/90 | 004 | CS0303 | 01/90 | 005 | | | |

BY _Charles Roy Martin_
AUTHORIZED SIGNATURE

PS-267 04/1989

THANK YOU FOR LETTING US SERVE YOU

5

## ALABAMA UNIFORM INCIDENT/OFFENSE REPORT

| | | | |
|---|---|---|---|
| VICTIM SSN | COMPLAINANT SSN | ☒ INCIDENT ☐ OFFENSE | 2 CASE # 071642 3 SFX |
| | | ☐ SUPPLEMENT | |

| 4 ORI# AL00S0300 | 5 DATE AND TIME OF THE REPORT M D Y 04/02/2007 16:11 AM PM MIL | 6 AGENCY NAME FOLEY POLICE DEPARTMENT | 7 SUPPLEMENT ORIGINAL OFFENSE DATE M D Y |
|---|---|---|---|

**8 REPORTED BY** ☒ VICTIM OR   **9** ADDRESS (STREET, CITY, STATE, ZIP)   **10** PHONE

**VICTIM/BUSINESS/OFFICER**

| 12 VICTIM (LAST, FIRST, MIDDLE NAME) SELLARS, LINDLEY JEAN | 1 P 2 B 3 3 | 13 ADDRESS (STREET, CITY, STATE, ZIP) 8213 OLIVER DR, Montgomery, AL 36117 | 14 PHONE (334) 272-3550 |
|---|---|---|---|
| 15 EMPLOYER/SCHOOL UNEMPLOYED | 16 OCCUPATION | 17 ADDRESS (STREET, CITY, STATE, ZIP) | 18 PHONE (334) 202-5717 |

| 19 ☒ RESIDENT ☐ NON-RESIDENT | 20 INJURY ☒ N | 21 RACE ☒ W ☐ B ☐ I | 22 SEX ☐ MALE ☒ FEMALE | 23 HGT 5'05" | 24 WGT 223 | 25 DOB M D Y 04/06/1982 | 26 AGE 24 | 27 WAS OFFENDER KNOWN TO VICTIM ☒ Y ☐ N | 28 VICTIM WAS (EXPLAIN RELATIONSHIP) Girlfriend | 29 CODE GF |
|---|---|---|---|---|---|---|---|---|---|---|

| 30 TYPE INCIDENT OR OFFENSE Unauthorized Use of Auto | 31 ☒ FEL ☐ MISD | 31 DEGREE (CIRCLE) 1 2 3 | 32 UCR CODE 2411 | 33 STATE CODE/LOCAL ORDINANCE 013A-08-0011 |
|---|---|---|---|---|
| 34 TYPE INCIDENT OR OFFENSE | 35 ☐ FEL ☐ MISD | 36 DEGREE (CIRCLE) 1 2 3 | 36 UCR CODE | 37 STATE CODE/LOCAL ORDINANCE |

| 38 PLACE OF OCCURRENCE 9655 WILSON RD, Elberta, AL 36530 | 38 SECTOR JD |
|---|---|

| 40 POINT OF ENTRY ☐ DOOR ☐ WINDOW ☐ ROOF ☐ OTHER | 41 METHOD OF ENTRY | ☐ FORCIBLE ☒ NO FORCE ☐ ATT FORCIBLE | 42 ASSAULT ☐ SIMPLE ☐ AGGR | 43 TREATMENT FOR ASSAULT INJURY ☐ Y ☐ N | 50 CODE |
|---|---|---|---|---|---|

| OCCURRED ON OR BETWEEN M D Y 04/02/2007 | 45 TIME 3:00 AM PM MIL | 46 | 47 LIGHTING ☒ NATURAL ☐ MOON ☐ ART. EXT. ☐ ART. INT. ☐ UNK | 48 WEATHER ☒ CLEAR ☐ CLOUDY ☐ RAIN ☐ FOG ☐ SNOW ☐ HAIL ☐ UNK | 49 PREMISE ☐ HWY-ST-ALLEY ☐ RAILROAD ☐ RESIDENCE ☐ CHURCH ☐ SCHOOL ☐ CONVENIENCE ☐ INDUSTRIAL ☐ SERVICE STA. | ☐ BANK ☐ DRUG STORE ☐ APT./TWN. HSE ☐ SHOPPING CENTER ☐ PARKING LOT ☐ OTHER COMMER. ☐ OTHER |
|---|---|---|---|---|---|---|
| M D Y 04/02/2007 | 52 TIME 5:30 AM PM MIL | 46 | | | | |

| 53 VERIFY FOR RAPE EXAM ☐ Y ☒ N | 54 TREAT. FOR RAPE INJURY ☐ Y ☒ N | 55 CIRCUMSTANCE HOMICIDE & ASSAULT LOCATION: RAPE | 57 CODE |
|---|---|---|---|

| 58 WEAPON USED ☐ FIREARM ☐ HANDS, FISTS, VOICE, ETC ☐ KNIFE ☐ OTHER DANGEROUS | 59 DESCRIPTION OF WEAPONS/FIREARMS/TOOLS USED IN OFFENSE DESCRIBE: | ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ UNKNOWN |
|---|---|---|

**PROPERTY DESCRIPTION**

| 60 QUANTITY | 61 STOLEN, RECOVERED, LOST, FOUND OR DESTROYED (INCLUDE MAKE, MODEL, SIZE, TYPE, SERIAL NUMBER, COLOR, ETC.) | 62 DOLLAR VALUE STOLEN | DAMAGED | 63 RECOVERED DATE | VALUE |
|---|---|---|---|---|---|
| 1 | VEHICLE ; HONDA ; ACCORD ; GRN | 5,000.00 | | 04/02/2007 | 5,000.00 |
| | | | | | |

**DOLLAR VALUE**

| 64 MOTOR VEHICLE $5,000.00 $5,000.00 | 65 CURRENCY, NOTES S R D C | 66 JEWELRY S R D C | 67 CLOTHING/FURS S R D C | 68 FIREARMS S R D C | 69 OFFICE EQUIPMENT S R D C |
|---|---|---|---|---|---|
| 70 ELECTRONICS S R D C | 71 HOUSEHOLD S R D C | 72 CONSUMABLE GOODS S R D C | 73 LIVESTOCK S R D C | 74 MISCELLANEOUS S R D C | |

| 75 CHECK CATEGORIES | ☐ STOLEN | ☒ RECOVERED | ☐ SUSPECTS VEH | ☒ VICTIMS VEH. | ☒ UNAUTH. USE | ☐ ABANDONED |
|---|---|---|---|---|---|---|

**VEHICLES**

| 76 # STOLEN 1 | 77 LIC. 3AS088Y | 78 LIS. AL | 79 LIY. 2007 | 80 TAG COLOR | 81 VIN 1HGCD5692TA219613 |
|---|---|---|---|---|---|
| 82 VYR 1996 | 83 VMA HONDA | 84 VMO ACCORD | 85 VST 4D | 86 VCO: TOP: GRN BOTTOM GRN | 87 ADDITIONAL DESCRIPTION VEHICLE |
| STOLEN MTR. VEH. ONLY | 88 AREA STOLEN ☐ BUS. ☐ RES. ☐ RUR | 89 OWNERSHIP VERIFIED BY: | ☐ TAG RECEIPT ☐ BILL OF SALE ☐ TITLE ☐ OTHER | | 90 WARRANT SIGNED ☐ Y ☐ N |

| 91 AUTO INSURER NAME (COMPANY) ADDRESS (STREET, CITY, STATE, ZIP) COTTON STATES INS. | 92 PHONE |
|---|---|
| MOTOR VEH. RECOVERY DAY REQUIRED FOR 24HOUR CODE | 93 STOLEN IN YOUR JURISDICTION? ☐ WHERE? | 94 RECOVERED IN YOUR JURISDICTION? ☐ WHERE? |

**TYPE OR PRINT IN BLACK INK**

ACJIC—32 REV. 8-96



EXHIBIT
C

ELECTRONICALLY FILED
2/7/2008 1:43 PM
CV-2008-900137.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| ROSEMARY STANLEY and<br>STEVEN STANLEY,<br><br>    Plaintiffs,<br><br>v.<br><br>JASON ANDREW DONALD and<br>LINDLEY SELLARS and<br>LEE SELLARS and<br>A, B, C, D, E and/or F, whether<br>singular or plural, being those<br>persons, firms or legal entities<br>whose negligence, wantonness<br>and/or other wrongful conduct<br>caused or contributed to the injuries<br>of the plaintiffs and whose true<br>names and identities are not known<br>to plaintiffs at this time but who will<br>be added by amendment when such<br>are ascertained.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No.:_____<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **PLAINTIFFS DEMAND TRIAL**<br>)        **BY JURY**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## COMPLAINT

---

COME NOW the plaintiffs, ROSEMARY STANLEY and STEVEN STANLEY,

husband and wife, to allege against the defendants, jointly and severally, as follows:

### THE PARTIES

1.    Plaintiff, ROSEMARY STANLEY, is and was at all times material hereto a resident

of Baldwin County, Alabama and above the age of nineteen years.

2.    Plaintiff, STEVEN STANLEY, is and was at all times material hereto a resident of



Baldwin County, Alabama and above the age of nineteen years.

3.    Defendant, JASON ANDREW DONALD ("Donald"), is and was at all times material

hereto a resident of Baldwin County, Alabama and above the age of nineteen years.

4.    Defendant, LINDLEY SELLARS, is and was at all times material hereto a resident

of Baldwin County, Alabama and above the age of nineteen years.

5.    Defendant, LEE SELLARS, is and was at all times material hereto a resident of

Montgomery County, Alabama and above the age of nineteen years.

6.    Defendants A, B, C, D, E and/or F, whether singular or plural, are those persons, firms

or legal entities whose negligence and/or wantonness caused or contributed to the injuries

of the plaintiffs as set forth herein and whose true names and identities are not now known

to the plaintiffs but who will be added by amendment when such are ascertained.

## STATEMENT OF THE FACTS

7.    On the morning of Monday, April 2nd, 2007, plaintiff, ROSEMARY STANLEY,

drove from her Elberta, Alabama home to her workplace.  As she was driving to work

DONALD, driving on the same road from the opposite direction, crossed the center line and

negligently and/or wantonly caused and/or allowed the motor vehicle he was operating (a

green four-door 1996 Honda Accord ("Honda") to collide with her motor vehicle (a black,

four-door 2004 Chevrolet Impala).  At the time of the collision, DONALD's judgment was

impaired by his ingestion of alcohol and diazepam (Valium) such that he was unable to safely

operate a motor vehicle.  This head-on collision seriously injured ROSEMARY STANLEY

Page -2-

and has resulted in the plaintiffs incurring extensive medical bills. The injuries have diminished and will continue to diminish ROSEMARY STANLEY's capacity to participate in her marriage with her husband, STEVEN STANLEY. STEVEN STANLEY has suffered as a result of this collision as well, both in loss of services in his marriage and also financially as a member of this household.

8.      Defendants DONALD and LINDLEY SELLARS cohabited for many months preceding the collision in a home owned by DONALD and/or his parents in Elberta, Alabama.

9.      During the entirety of said cohabitation, DONALD drove Sellars' green four-door 1996 Honda Accord with the ongoing express permission of LINDLEY SELLARS.

10.     During the entirety of said cohabitation, DONALD drove Sellars' green four-door 1996 Honda Accord with the express permission of LINDLEY SELLARS' father, LEE SELLARS.

### 1st CAUSE OF ACTION: NEGLIGENCE

11.     Plaintiffs adopt and reallege each and every preceding paragraph as if fully set forth herein and further allege as follows.

12.     DONALD's negligence proximately caused ROSEMARY STANLEY to suffer the following damages:

        A.      Past and future medical expenses;

        B.      Past and future lost income;

Page -3-

C.    Past and future pain and suffering;

D.    Past and future emotional distress and mental anguish; and

E.    Permanent bodily injuries, loss of enjoyment of life and permanent bodily disfigurement; and

F.    Damage and loss to her personal property.

WHEREFORE, the above premises considered, ROSEMARY STANLEY demands judgment of compensatory damages against the defendant, JASON ANDREW DONALD and against A, B, C, D, E and/or F in an amount in excess of the minimal jurisdictional limits of this Court, plus interest and costs.

## 2nd CAUSE OF ACTION:
## WANTONNESS

13.    Plaintiffs adopt and reallege the preceding paragraphs 1-12 as if fully set forth herein and further allege as follows:

14.    At all times material hereto and at the time of the collision that is the subject of this action, DONALD, was intoxicated due to his intake of at least alcohol and diazepam (Valium).

15.    The above described act(s) and/or omission(s) and other actions of the DONALD constitute wantonness, and as a proximate cause of said defendant's wanton conduct, the plaintiffs suffered the injuries and damages set forth herein.

WHEREFORE, the above premises considered, ROSEMARY STANLEY demand judgment of compensatory and punitive damages against the defendant, DONALD and

against A, B, C, D, E and/or F in an amount in excess of the minimal jurisdictional limits of this Court, plus interest and costs.

### 3rd CAUSE OF ACTION:
### NEGLIGENT ENTRUSTMENT

16.     Plaintiffs adopt and reallege the preceding paragraphs 1-12 as if fully set forth herein and further allege as follows:

17.     At all times material DONALD drove the subject green four-door 1996 Honda Accord with the express permission of defendants LINDLEY SELLARS and LEE SELLARS.

18.     Upon information and belief, LINDLEY SELLARS and LEE SELLARS knew that DONALD had drug and alcohol problems and had been in treatment for such problems.

19.     As a proximate consequence of LINDLEY SELLARS and LEE SELLARS permitting DONALD to use the Honda, the subject collision occurred.

20.     Said negligent entrustment by defendants LINDLEY SELLARS and LEE SELLARS proximately caused ROSEMARY STANLEY to suffer the following damages:

      A.     Past and future medical expenses;

      B.     Past and future lost income;

      C.     Past and future pain and suffering;

      D.     Past and future emotional distress and mental anguish; and

      E.     Permanent bodily injuries, loss of enjoyment of life and permanent bodily disfigurement; and

      F.     Damage and loss to her personal property.

WHEREFORE, the above premises considered, the plaintiffs, ROSEMARY STANLEY and STEVEN STANLEY demand judgment of compensatory damages against the defendants, LINDLEY SELLARS and LEE SELLARS and against A, B, C, D, E and/or F in an amount in excess of the minimal jurisdictional limits of this Court, plus interest and costs.

**4th CAUSE OF ACTION:**
**LOSS OF CONSORTIUM**

21.    Plaintiffs adopt and reallege the preceding paragraphs 1-12 as if fully set forth herein and further allege as follows:

22.    As a direct and proximate result of the Defendants' negligence and/or wantonness, including that of the Fictitious Defendants, STEVEN STANLEY lost the consortium and services of his wife, ROSEMARY STANLEY.

WHEREFORE, the above premises considered, STEVEN STANLEY demands a judgment for compensatory and punitive damages against the defendants, including fictitious Defendants A, B, C, D, E and/or F, in an amount in excess of the minimal jurisdictional limits of this Court, plus interest and costs.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully submitted,


_____/s/ Peter S. Mackey_____
PETER S. MACKEY (MAC012)
One of the Attorneys for the Plaintiffs
Burns, Cunningham & Mackey, P.C.


Page -6-

50 Saint Emanuel Street
Mobile, Alabama 36602
Phone: (251) 432-0612
Fax:   (251) 432-0625
Email: psmackey@bcmlawyers.com


_____/s/ Scott Soutullo_____
SCOTT SOUTULLO (SOU004)
One of the Attorneys for the Plaintiffs
Scott Soutullo, P.C.
50 Saint Emanuel Street
Mobile, Alabama 36602
Phone: (251) 391-1212
Fax:   (251) 650-1358
Email: scott@lawyerscott.com

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

**Mr. Jason Andrew Donald**
9655 Wilson Road
Elberta, AL 36530

**Ms. Lindley Sellars**
9655 Wilson Road
Elberta, AL 36530

**Mr. Lee A. Sellars**
6213 Oliver Dr.
Montgomery, AL 36117