IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COTTON STATES MUTUAL, | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-868-WKW |
| | ) | |
| LEE A. SELLARS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court is Plaintiff's *Motion for Default Judgment* (Doc. 27, filed March 7, 2008). Pursuant to 28 U.S.C. § 636(b)(1) this motion was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 29, filed April 16, 2008). For good cause, it is the Recommendation of the Magistrate Judge to GRANT the motion.

### I. PARTIES

Plaintiff Cotton States Mutual Insurance Company ("Cotton States" or "Plaintiff") is a mutual insurance corporation organized under the law of Georgia whose principal place of business is in Atlanta, Georgia.

*Pro se* defendant, Jason Andrew Donald ("Defendant Donald") is a resident of Fairhope in Baldwin County, Alabama. Defendants Lindley Sellars, Lee Sellars, Rosemary Stanley, and Steven Stanley are not parties to this motion.

## II.  JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 2201 (Federal Declaratory Judgment Act).  To date, no party contests personal jurisdiction or venue, and there are adequate allegations to support both.

## III.  NATURE OF THE CASE & MOTION FOR DEFAULT JUDGMENT

Cotton States initiated this declaratory judgment action on September 28, 2007.  *See* Doc. 1, "Complaint."  An Amended Complaint was filed on April 21, 2008.  *See* Doc. 33, "Amended Complaint."  The controversy between the parties relates to the obligations, if any, pursuant to a personal automobile insurance policy written by Cotton States and obtained by Defendant Sellars to insure a 1996 Honda Accord.

The Accord was owned by Defendant Lee Sellars.  *See* Doc. 33 ¶ 8.  On April 3, 2007, Defendant Lindley Sellars, while using the vehicle with permission, parked the car at Defendant Donald's residence.  *Id*. at ¶ 11.  While Defendant Lindley Sellars was sleeping, Defendant Donald allegedly took the Accord without her express permission.  *Id*.  Further, Defendant Donald did not have permission, express or implied, from Defendant Lee Sellars.  *Id*. at ¶ 12.  Later that morning, Defendant Donald called Defendant Lindley and said he had been involved in a motor vehicle accident while using the Accord.  *Id*. at ¶ 13.  After being advised of the accident, Defendant Lee Sellars called the Foley, Alabama Police Department to report the unauthorized use of his car by Defendant Donald.  *Id*. at ¶ 15.  As a result of the accident, Defendants Rosemary and Steven Stanley filed a complaint against Defendant Donald for negligence and wantonness.  *Id*. at ¶ 16; *see* Exhibit D, "Complaint in Underlying

Action."

Cotton States filed the instant suit to obtain a declaratory judgment. Doc. 33 at ¶ 23. Specifically, Cotton States avers (1) the automobile insurance policy contains exclusions from coverage for the claims asserted by Stanley as to the vehicle driven Defendant Donald; (2) the policy excludes exemplary or punitive damages; (3) the policy excludes coverage in the event the vehicle is operated by a driver who lacks the express permission of the named insured; (4) the policy excludes coverage for medical payments for any injury sustained while occupying the vehicle without the express permission of the insured; and (5) the policy contains limitations of liability up to the limit of coverage provided. *Id*. at ¶¶ 18-22. Cotton States seeks a declaration that the automobile insurance policy does not provide coverage for the defense of Defendant Donald arising out of the motor vehicle accident involving Ms. Stanley.

On February 4, 2008, Cotton States filed a Motion to Compel to obtain Defendant Donald's initial disclosures as required under Rule 26 of the Federal Rules of Civil Procedure. *See* Doc. 22, "Motion to Compel." The Court entered an order to show cause with a response due to the Motion to Compel on or before February 13, 2008. *See* Doc. 23, "Order to Show Cause." Defendant Donald did not file a response and the Court granted the Motion to Compel on February 15, 2008. *See* Doc. 25, "Order on Motion to Compel." In the Order, the Court ordered Defendant Donald to provide his initial disclosures on or before February 22, 2008. *Id*. The order was sent by normal mail and by certified mail to the address of record for Defendant Donald, and the return receipt card was signed on February

29, 2008 by Jean Donald. *See* Doc. 26, "Return Receipt Card." On March 7, 2008, due to the continued failure of Defendant Donald to abide by court imposed deadlines and orders, Cotton States filed a Motion for Default Judgment. *See* Doc. 27, "Motion for Default Judgment."[1] Cotton States avers it still did not have the initial disclosures and Defendant Donald still continued to ignore the Court's orders relating to discovery. An order to show cause was issued by the Court on April 16, 2008 wherein the Court ordered Defendant Donald to respond to the Motion for Default Judgment on or before April 30, 2008. *See* Doc. 30, Order to Show Cause. No response was filed with the Court.

In lieu of granting the motion as unopposed and as a last effort to provide Defendant Donald the opportunity to respond to the motion, the Court set a hearing on the Motion for Default Judgment on May 21, 2008. *See* Doc. 40, Order Setting Hearing. The order was sent to Defendant Donald by certified mail and overnight mail. *Id.* The return receipt card shows the receipt was signed by Defendant Donald on May 16, 2008. *See* Doc. 41, Return Receipt Card. In the order, Defendant Donald was expressly told his lack of representation does not excuse him from compliance with court orders and failure to appear for the hearing may result in the entry of a final judgment against him. *See* Doc. 40. Defendant Donald failed to appear at the May 21, 2008 hearing. Further, the Court waited an additional ten minutes

---

[1]On April 9, 2008, the Court denied Stanley's Motion to Intervene. *See* Doc. 28, "Order denying Intervention." In the Order, the Court noted "Donald has failed to comply with Rule 26 and the court's order to compel production of his initial disclosures. As a result, Cotton States has now filed a motion for default judgment against Donald as sanctions for his noncompliance." *Id.* at n. 1.

to begin the hearing while the Court's law clerk checked with the court security officers to ensure Defendant Donald had not entered the courthouse.  At the hearing, the Court confirmed Defendant Donald failed to appear and had not notified the Court of any reason why he could not attend or otherwise shown cause why he should not be sanctioned.

### IV.  DISCUSSION AND ANALYSIS

In this case, default judgment should be granted for two overlapping reasons: (1) as a sanction under Rule 37 of the Federal Rules of Civil Procedure and (2) as a default by a failure to defend under Rule 55 of the Federal Rules of Civil Procedure.  Defendant Donald's behavior in this case leave no other alternative as he consistently fails to respond to discovery, respond to motions, and obey court orders.

### A.    Rule 37 Sanction

Rule 37 of the Federal Rules of Civil Procedure provides "[i]f a party...fails to obey an order to provide or permit discovery...the court may issue further just orders."  FED. R. CIV. P. 37(b)(2).  "[Rule 37] gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule."  *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  Under Rule 37, the court may render a default judgment against the disobedient party.  FED. R. CIV. P. 37(b)(2)(A)(vi).  That said, a default judgment sanction requires a willful or bad faith failure to obey a discovery order.  *Malautea*, 987 F.2d at 1542 (citing *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212, 78 S,Ct, 1087, 1096, 2 L.Ed.2d 1255 (1958)); *see also Adolph Coors Co. v.*

*Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985) (internal quotations and citations omitted) ("Sanctions may also be imposed to punish those guilty of willful bad faith and callous disregard."). A violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. *Id*. (citations omitted). Finally, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *Id.*

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The fact Defendant Donald is *pro se* does not excuse him from compliance with the Rules and court orders. Defendant Donald has failed to do both. As noted on the Alabama Middle District website, "[o]nce a court order is obtained compelling discovery, unexcused failure to provide a timely response is treated by the court with the special gravity it deserves; violation of a court order is always serious and may be treated as contempt, or judgment may be entered, or some other appropriate and measured sanction used." *See* www.almd.uscourts.gov, "Guidelines to Civil Discovery Practice in the Middle District of Alabama."

The Court is mindful that the sanction Plaintiff seeks is one of the harshest permitted under Rule 37 and used in circumstances where the party has willfully and wrongfully ignored court orders or otherwise made a conscious decision to obstruct the orderly prosecution of the case.  *See Buchman v. Bowman*, 820 F.2d 359, 361 (11thCir. 1997) (Default judgment under Rule 27 is only appropriate in instances where "a party's conduct amounts to a flagrant disregard and willful disobedience of discovery orders.")  Defendant Donald displays the requisite bad faith and willfulness to justify entry of default.  Defendant Donald ignored the Court's order granting the Motion to Compel which required his Initial Disclosures be filed on or before February 22, 2008.  *See* Doc. 25.  Defendant Donald clearly did not comply within the mandated time frame.  At the hearing, the Court was apprised that Defendant Donald provided a barebones document for Initial Disclosures on April 22, 2008 - two months after the Court's deadline.  *See* Doc. 43.[2]  After the March 7, 2008 Motion for Default Judgment was filed, the Court ordered Defendant Donald to respond to the motion on or before April 30, 2008.  He again failed to file a response despite the Court's order.  Finally, the Court issued the Order setting the hearing, detailing the consequences should Defendant Donald not attend, yet he still did not appear.  Defendant Donald has not provided any explanation or excuses for his failure to comply with discovery rules and court orders nor did he ever seek additional time.  Instead, Defendant Donald apparently feels he can work on his own schedule and ignore his litigation obligations.  Consequently, the Court finds no

---

[2]       The Initial Disclosures were docketed at the Court's request, despite Local Rule 5.1 on the Non-filing of Civil Discovery.

other remedy will suffice in light of Defendant Donald's willful disregard for the Federal Rules of Civil Procedure and the authority of this Court. As such, default judgment pursuant to Rule 27 is appropriate.

### B.    Rule 55 Default Judgment

Default judgment is also appropriate under Rule 55 of the Federal Rules of Civil Procedure, which provides for default judgments against parties who fail to defend a lawsuit. FED. R. CIV. P. 55(a). That said, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citations omitted).

Since filing his answer back in October 2007, Defendant Donald has neither sought discovery nor complied with discovery requests. Further, he has not responded to motions filed against him including the Motion to Compel and the Motion for Default Judgment. Moreover, he has ignored and disobeyed two court orders. His inaction prejudices the Plaintiff in this case who seeks a determination of its claims on the merits.

However, the failure to defend does not automatically entitle a plaintiff to recover. *See Nishimatsu Construction Company, Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A defendant's default does not in itself warrant the court entering default judgment" because "[t]here must be a sufficient basis in the pleadings for the judgment

entered.");[3] *see also Descent v. Kolitsidas*, 396 F.Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief."); *Bruce v. Wal-Mart Stores, Inc.*, 699 F.Supp. 905, 906 (N.D. Ga. 1988) ("In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint.").  In other words, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

A review of the Complaint and Amended Complaint confirms that it does assert detailed facts against Defendant Donald which are sufficiently to state a cognizable claim against Defendant Donald for declaratory relief.  Further, because of Defendant Donald's delays, he has halted the adversarial dispute resolution process which amounts to a deliberate and intentional failure to respond in an appropriate manner.  The actions of Defendant Donald are just the sort of dilatory litigation tactics for which the default judgment mechanism was made.  Finally, Defendant Donald made no attempt to defend this action despite receiving several notices of default proceedings against him.

## V.  CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

---

[3]*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

(1)    Plaintiff's *Motion for Default Judgment* against Defendant Jason Donald (Doc. 27) be **GRANTED**.

(2)    A declaratory judgment be entered stating Plaintiff has no obligation to defend or indemnify Defendant Jason Donald with regard to the claims asserted by Rosemary and Steven Stanley.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **June 5, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 23rd day of May, 2008.

/s/Terry F. Moorer

TERRY F. MOORER

UNITED STATES MAGISTRATE JUDGE