IN THE UNITED DISTRICT STATES COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case Number: <u>2:07-CV-868</u> |
| LEE A. SELLARS & JASON ANDREW DONALD et al Defendants. | § § § § | |

## <u>MOTION TO DISMISS</u>

COMES NOW the Defendants, Rosemary Stanley and Steven Stanley, by and through undersigned counsel, pursuant to ***Rule 12*** of the ***Federal Rules of Civil Procedure***, and in response to the Plaintiff's Amended Complaint for Declaratory Judgment, move to dismiss same; and in support thereof, Defendants state as follows:

1) On 30 November 2007, Defendant attempted to participate in the instant matter by filing a Motion to Intervene. (See Exhibit "A").

2) In its 19 December 2007 Opposition to Motion to Intervene, Plaintiff Cotton States vehemently objected to Defendant's intervention in this matter stating*, inter alia*:

"Thus, until Stanley actually files suit and receives a judgment against Donald, Stanley has no direct right, but only a theoretical right, to the proceeds of the policy. As such, Stanley's argument fails and she has shown no legally protectable interest in the proceeding. Therefore, Stanley's Motion to Intervene as of right is due to be denied. Moreover, in order to intervene with permission, Stanley must show a claim or defense or question of law or fact in common to the declaratory judgment action. In this case, Stanley has no claim or defense of any kind as she has not filed a lawsuit. ***Further, even if Stanley does file a lawsuit, there will not be a common question of law or fact to the declaratory judgment action. The main issue in the declaratory judgment action is whether Cotton States' policy excludes Donald because the insured allegedly did not give him express permission to drive the car at issue.*** The main issue in the underlying

suit, when filed, will be whether Donald was liable for the injuries sustained by Stanley. ***These issues are entirely unrelated***." *(emphasis added)* (Exhibit "B").

3)  This Honorable Court agreed with Plaintiff's position and on 8 April 2008 issued an Order denying the Defendants' the right to intervene, stating *inter alia:*

    "Similarly, Stanley's interest in securing a source of funds from which she might one day recover damages is also insufficient to constitute a legally protectable interest. [E]ven if she had filed a lawsuit, an underlying tort action against the tortfeasor would not share common questions of law or fact with a declaratory action seeking a determination of insurance coverage. ***The Eleventh Circuit has held that the issue of insurance coverage, which is the primary issue in the declaratory judgment action, "is unrelated to the issue of fault in the [underlying tort] action."*** *(emphasis added)* (See Exhibit "C").

4)  Subsequent to said 08 April 2008 Order, the Defendants herein, Rosemary Stanley and Steven Stanley, filed their lawsuit in the Baldwin County Circuit on February 7th, 2008 (Case number CV-2008-900137.00.) (See Exhibit "D").

5)  The Defendants in said action (whose defense is being funded by Cotton States, the Plaintiff herein) answered Rosemary and Steven Stanley's Complaint without objecting to the Baldwin County Circuit Court's jurisdiction; and, in fact, has been actively participating in the discovery process therein.

6)  Plaintiff has *now* decided that the Defendants, Rosemary Stanley and Steven Stanley, *do have* standing and a justiciable controversy before this Court. After ***successfully*** asserting that said jurisdiction did not previously exist and securing the agreement of this Court in its corresponding Order, the Plaintiff is thereby judicially estopped from *now* asserting that subject matter jurisdiction does exist.

7)  Plaintiffs present effort is either a ***de facto*** attempt to remove the Stanleys' state law tort claims or to assert a type of pendent jurisdiction of this Court.

WHEREFORE, the above premises considered, Defendants respectfully request that this Honorable Court Dismiss the Plaintiff's Amended Complaint for Declaratory Judgment <u>with prejudice</u>.

BY: /s/ Scott W. Soutullo

SCOTT W. SOUTULLO (SOU004)

Attorney for Movant
50 Saint Emanuel Street
Mobile, Alabama 36602
Phone: (251) 391-1212
Fax: (251) 650-1358
Email: scott@lawyerscott.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this the **4th** day of **SEPTEMBER, 2008,** served a copy of the foregoing on all presently known counsel of parties to this proceeding by electronic filing and delivery to the email addresses shown below and also to the *pro se* party below by United States Postal Service first class postage prepaid as follows:

Mr. Jason Andrew Donald
*Pro Se* Defendant
9655 Wilson Road
Elberta, AL 36530

Mr. Lee A. Sellars
c/o Louis M. Calligas, Esq.
BALCH & BINGHAM
P.O. Box 78
Montgomery, AL 36101-0078
lcalligas@balch.com
wsellers@balch.com

Cotton States Insurance
c/o William P. Blanton, Esq.
Jannea Rogers, Esq.
ADAMS & REESE
P.O. Box 1348
Mobile, AL 36633-1348
jannea.rogers@arlaw.com

/s/ Scott Soutullo
SCOTT SOUTULLO (SOU004)

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **COTTON STATES MUTUAL INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No.: 2:07CV868 - WKW** |
| | ) | |
| **LEE A. SELLARS and JASON ANDREW DONALD,** | ) ) ) | |
| **Defendants** | ) ) | |
| **and** | ) ) | |
| **ROSEMARY STANLEY,** | ) ) | |
| **Proposed Intervenor.** | ) ) ) | |

---

## MOTION TO INTERVENE

---

COMES NOW a non-party, the proposed intervenor, Rosemary Stanley ("Stanley"), through undersigned counsel, and respectfully moves this Court for leave to intervene as a Defendant in this action either as of right under Fed.R. Civ. P. 24(a) or, in the alternative, permissively under Fed.R. Civ. P. 24(b). As grounds therefor, Stanley says that she claims an interest in and relating to the transaction which is the subject of the pending action and that she is so situated that a disposition of this action without her participation may, as a practical matter, impair or impede her ability to protect that interest. Furthermore, Stanley says that her interest is not

adequately represented and/or protected by existing parties.  More specifically, she says as follows:

**1.**      Stanley is an adult citizen of Baldwin County, Alabama who resides at 12769 South Main Street, Elberta, Alabama 36530, and is the same person as "Ms. Stanley" identified in Paragraph 14 of the Complaint herein.

**2.**      At approximately 4:00 a.m. on the morning of Monday, April 2nd, 2007, Stanley awoke in her Elberta, Alabama home and proceeded to go to work at Cracker Barrel, where she was employed as a waitress.

**3.**      Later that same morning, Stanley left her home at approximately 4:40 a.m. and drove Westbound on County Road 20 in her black 2004 Chevrolet Impala.

**4.**      During the aforesaid time frame, Defendant Jason Andrew Donald ("Donald") was driving Eastbound down County Road 20 in the same green 1996 Honda Accord automobile (hereinafter "Honda") described in Paragraph 7 of the Complaint herein.

**5.**      The section of County Road 20 where the subject collision occurred has only two lanes: an Eastbound lane and a Westbound lane.  When Donald and Stanley both reached a point on a bridge near Bell Street and Clark Ridge Road, Donald negligently and/or wantonly caused or allowed the Honda he was operating to collide "head-on" with the motor vehicle being operated by Stanley.

**6.**      Donald is, without question, 100% at fault for causing the subject collision. Donald admitted such to the investigating state trooper.  Such is further substantiated by the Toxicological Analysis Report bearing Case Number

07MB03840 which shows the presence of alcohol and diazepam (Valium) in Donald's bloodstream, attached hereto as Exhibit "A." Such is further substantiated by the physical evidence that both vehicles were found at rest, interlocked in the outermost edge of Stanley's Westbound lane. The tow truck driver confirms that it is obvious that Donald crossed the center line. Such is also substantiated by the findings of the investigating Alabama Uniform Traffic Accident Report referenced as Exhibit D in Paragraph 16 of the Complaint herein.

7.      Stanley suffered a variety of serious injuries in the subject collision including but not limited to a "supracondylar" type fracture of her left humerus which is among the more severe classifications representing about 3% of humerus fractures which has resulted in permanent loss of movement of her left arm. She also suffered a multi-fractured right patella and other injuries. A diagnosis coding summary from Baptist Hospital is attached hereto as Exhibit "B."

8.      Upon information and belief and as is stated in Paragraph 7 of the Complaint herein, the Honda driven by Donald was owned by Defendant Lee A. Sellars ("Mr. Sellars"), an adult resident of Montgomery, Alabama.

9.      Upon information and belief, Mr. Sellars provided the Honda to his daughter, Lindley Sellars ("Ms. Sellars") for her regular use and in so doing gave Ms. Sellars express and/or implied permission to use said Honda at all times.

10.     Upon information and belief, after being provided the Honda by Mr. Sellars, never did Ms. Sellars seek nor did she obtain (her father) Mr. Sellars' express permission to use the Honda each time she drove it.

11.    Upon information and belief, Ms. Sellars and Donald carried on an exclusive dating relationship continuously for at least six (6) months prior to the subject collision and Mr. Sellars was fully aware of the nature of his daughter's ongoing relationship with Donald.

12.    Upon information and belief, during the many months prior to the subject collision, Donald frequently drove the Honda with the express and/or implied permission of Ms. Sellars and it was understood between them that Donald could use the Honda without specifically seeking or obtaining permission from Ms. Sellars each time he used it.

13.    Furthermore, upon information and belief, during the said many months prior to the subject collision, Donald frequently drove the Honda with the ongoing express and/or implied permission of Mr. Sellars and that Mr. Sellars personally witnessed Donald driving the Honda on one or more specific occasions and Mr. Sellars was also aware that his daughter, Ms. Sellars, regularly permitted Donald to use the Honda.

14.    Furthermore, upon information and belief, during the said many months prior to the subject collision, Mr. Sellars never expressed to Ms. Sellars or to Donald any prohibition on Donald's use of the Honda.

15.    On September 28, 2007, the Plaintiff herein, Cotton States, filed the instant action for declaratory relief.  Specifically, Cotton States seeks an adjudication by this Court that coverages afforded by the policy of insurance between it and Mr. Sellars do not extend to Donald because Donald did not have the permission to use the

Honda required by the policy.

**16.**    Defendant Donald was served with the Complaint herein and on or about October 17, 2007.  Donald sought and obtained the help of Robertsdale, Alabama attorney, Stephen Russell Copeland, to assist Donald in preparing an Answer to said Complaint which Donald filed *pro se* on or about October 18, 2007.

**17.**    Upon information and belief, the *pro se* defendant, Donald, is twenty-eight years of age and owns no assets of any significant value.  Also, at the time of the subject collision, Donald was unemployed (as was reported by the Alabama Uniform Traffic Accident Report referenced in Paragraph 6 herein.)  Such information is relevant to the factors to be considered in determining whether any already existing parties to this action will likely represent and/or protect the interests of the proposed intervenor.  The foregoing facts about Donald (with special emphasis on the fact that he is unrepresented by counsel) strongly support the proposed intervenor's assertion that her interests would not be represented and/or protected by Donald.  On the contrary, Stanley contends that not only will her interests not be represented and/or protected by Donald, her interests are likely to be irreparably harmed by Donald handling his defense to this action without Stanley's participation as a co-defendant.

**18.**    As a courtesy to undersigned counsel, on or about October 17, 2007, Attorney Copeland (referenced in Paragraph 16 herein) phoned undersigned counsel and advised that the instant action had been commenced.  This was the first date that the proposed intervenor, through her undersigned counsel, became aware of the instant action.

19.    Both Fed.R. Civ. P. 24(a) and Fed.R. Civ. P. 24(b) say that a motion for intervention must be "timely" filed and provide no specific time frame.  After a reasonable amount of time was spent conducting the research and drafting this motion and the accompanying memorandum of law in support hereof, they are being filed simultaneously approximately forty days after undersigned counsel was first made aware of the instant action.  For this and other reasons specified in the accompanying memorandum, this motion is timely under the rules.

20.    The accompanying memorandum of law being filed simultaneously with this motion is incorporated into this motion as if fully set forth herein.

FOR THE FOREGOING REASONS and for the reasons set forth in the accompanying memorandum of law, Stanley is entitled to participate in this action as a Defendant-Intervenor either as a matter of right under Fed.R. Civ. P. 24(a) or with the Court's permission under Fed.R. Civ. P. 24(b).

RESPECTFULLY SUBMITTED on this _____30th____ day of NOVEMBER, 2007.

_____/s/ Scott Soutullo_____
SCOTT SOUTULLO (SOU004)
Attorney for Movant
50 Saint Emanuel Street
Mobile, Alabama 36602
Phone:        (251) 391-1212
Fax:          (251) 650-1358
Email:        scott@lawyerscott.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the **30th** day of **NOVEMBER, 2007,** served a copy of the foregoing on all presently known counsel of parties to this proceeding by electronic delivery to the email addresses shown below and also to the *pro se*

party below by United States Postal Service first class postage prepaid as follows:

Mr. Jason Andrew Donald
*Pro Se* Defendant
9655 Wilson Road
Elberta, AL 36530

Mr. Lee A. Sellars
c/o Louis M. Calligas, Esq.
BALCH & BINGHAM
P.O. Box 78
Montgomery, AL 36101-0078
lcalligas@balch.com
wsellers@balch.com

Cotton States Insurance
c/o Jannea Rogers, Esq.
ADAMS & REESE
P.O. Box 1348
Mobile, AL 36633-1348
jannea.rogers@arlaw.com

                                        /s/ Scott Soutullo
                                    SCOTT SOUTULLO (SOU004)

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

COTTON STATES MUTUAL                *
INSURANCE COMPANY,
                                    *
        Plaintiff,
                                    *        Civil Action No.: 2:07-cv-868
v.
                                    *
LEE A. SELLARS and
JASON ANDREW DONALD                 *

        Defendant.                  *


## OPPOSITION TO MOTION TO INTERVENE

COMES NOW, Plaintiff Cotton States Mutual Insurance Company ("Cotton States"), by and through undersigned counsel, pursuant to Rule 24 of the *Federal Rules of Civil Procedure* and the Court's Order of December 5, 2007, and files this its Opposition to non-party Rosemary Stanley's ("Stanley") Motion to Intervene, and in support thereof, states the following:

1.      On November 30, 2007, Stanley, a non-party to the pending action, filed a Motion to Intervene as a defendant in the action, along with a supporting brief.

2.      In her motion and brief, Stanley argues she should be granted intervention as of right or permissive intervention pursuant to Fed.R.Civ.P. 24(a)(2) or 24(b)(2). Stanley's brief sets forth the basic background of the case and, while Cotton States disputes some of Stanley's assertions, those disputed facts are not at issue for purposes of this opposition.  However, Stanley's brief fails to directly inform the Court that Stanley

has *not* filed a lawsuit against Defendant Jason Andrew Donald ("Donald") to establish his liability for her injuries.

3.      While there may be an issue over whether the Motion was timely filed, the Court need not make this determination as binding precedent in the Eleventh Circuit mandates the Court deny Stanley's Motion to Intervene as it fails to set forth a legally protectable interest and shows no question of law or fact in common with the pending action.

4.      In *Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308 (11th Cir. 2005), the Eleventh Circuit considered this very issue, namely whether a non-party to an insurance policy, who *may* have a claim against the policy proceeds if successful in a suit on liability, is entitled to intervene in a declaratory judgment action determining whether the insurance policy covers the underlying potential liability. *Id.* at 1309. In *Mt. Hawley*, Andre Riguad, as personal representative of the Estate of Kendel Riguad, who drowned at a property that had been owned and managed by the defendants in the declaratory action, appealed the district court's denial of his motion to intervene in the declaratory action that Mt. Hawley filed against the defendants. *Id.* The declaratory action sought judgment that Mt. Hawley owed no duty to defend or indemnify defendants, pursuant to the insurance policy it issued to defendants, in the underlying wrongful death action brought against them by Andre Riguad in state court. *Id.* at 1309-1310. Mt. Hawley alleged they had no duty to defend or indemnify because the defendants failed to cooperate in the defense of the underlying wrongful death action. Id. at 1310. The defendants failed to respond to Mt. Hawley's declaratory judgment action, so Mt. Hawley filed a motion for default. *Id.* Thereafter, Riguad filed a motion to

intervene in the declaratory judgment action, either as of right or by permission, arguing

that he had a direct, substantial and legally protectable interest in the subject matter of the

declaratory judgment action because if Mt. Hawley owed neither a defense nor coverage

to the defendants, then Riguad would not have a pool or fund of money from which to

recover his damages in the underlying suit.  *Id.* at 1310 - 1311.

The Court disagreed and, after a de novo review, upheld the district court's denial

of Riguad's motion to intervene as of right. *Id.* at 1311.  In reaching this conclusion the

court set out the standard for obtaining intervention as of right as follows:

> Under Rule 24(a)(2), a party is entitled to intervention as a matter of right
> if the party's interest in the subject matter of the litigation is direct,
> substantial and legally protectable.  The proposed intervenor must show
> that it has an interest in the subject matter of the suit, that its ability to
> protect that interest may be impaired by the disposition of the suit, and that
> existing parties in the suit cannot adequately protect that interest…  This
> Court has held that a legally protectable interest is something more than an
> economic interest. What is required is that the interest be one which the
> *substantive* law recognized as belonging to or being owned by the
> applicant. Thus, a legally protectable interest is an interest that derives
> from a legal right.

*Id.*  (internal quotations and citations omitted) (emphasis in original).

The court held Rigaud's interest in the subject matter of the declaratory judgment

action was purely economic, and, thus, not legally protectable.   The court reasoned

Riguad was not a party to the insurance policy and had no legally protectable interest in

that insurance policy.  *Id.* The court further reasoned Riguad's interest was "purely

speculative because it [was] contingent upon his prevailing against the defendants in the

wrongful death action." *Id.*; *see also Midwest Employers Cas. Co. v. East Alabama

Health Care*, 170 F.R.D. 195 (M.D. Ala. 1996) (acknowledging movant's interest in the

insurance proceeds and, thus, in the outcome of the declaratory judgment action, but

holding that the interest did not rise to the level of significant interest); *In re Healthsouth Corporation Insurance Litigation*, 219 F.R.D. 688 (N.D. Ala. 2004) (intervention denied where movants' only interest was in procuring potential insurance proceeds for the underlying suit and where interest was only theoretical as no judgments had been obtained against the insureds). Therefore, the Eleventh Circuit upheld the District Court's denial of the Motion to Intervene as of right.

In determining whether Riguard could intervene with permission, the court stated, "[p]ermissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Id.* at 1312. The Court held the lack of cooperation that Mt. Hawley asserted in the declaratory action was irrelevant to the issue of fault in the wrongful death action. *Id.* "Specifically, the primary issue in the declaratory judgment action is whether Mt. Hawley owes insurance coverage to [the defendants] under the insurance agreement. The issue of insurance coverage is unrelated to the issue of fault in the wrongful death action." *Id.* The court further reasoned Riguad's intervention would not help resolve the issue of whether the defendants were entitled to insurance coverage pursuant to a policy with Mt. Hawley. *Id.* Thus, the court upheld the district court's denial of the permissive intervention. *Id.; see also Midwest Employers Cas. Co. v. East Alabama Health Care*, 170 F.R.D. 195 (M.D. Ala. 1996); *In re Healthsouth Corporation Insurance Litigation*, 219 F.R.D. 688 (N.D. Ala. 2004).

5.      In applying the standards set forth in *Mt. Hawley,* it is clear Stanley's Motion to Intervene is due to be denied. Stanley has failed to show the requisite burden

of proof in order to intervene and, thus, although Stanley has an interest in preserving insurance coverage that *might* pay any judgment she *may* receive in a yet unfiled lawsuit, that interest does not rise to the level required for intervention of right. This is the very situation contemplated by the Eleventh Circuit in *Mt. Hawley.* Stanley's interest, like Riguad's, is purely economic and speculative, and, therefore, is not a legally protectable interest. *Mt. Hawley, 425 F.3d at 1311.*

  Stanley's argument that she has a legally protectable interest in the insurance proceeds pursuant to Ala. Code § 27-23-1 et seq. is without merit as it is an immutable principal that a tort claimant does not have standing to bring a declaratory action against a tortfeasor's liability insurer without first obtaining a final judgment determining the tortfeasor's liability. *Knox III v. Western World Insurance Company*, 893 So. 2d 321 (Ala. 2004). Thus, until Stanley actually files suit and receives a judgment against Donald, Stanley has no direct right, but only a theoretical right, to the proceeds of the policy. As such, Stanley's argument fails and she has shown no legally protectable interest in the proceeding. Therefore, Stanley's Motion to Intervene as of right is due to be denied.

  Moreover, in order to intervene with permission, Stanley must show a claim or defense or question of law or fact in common to the declaratory judgment action. In this case, Stanley has no claim or defense of any kind as she has not filed a lawsuit. Further, even if Stanley does file a lawsuit, there will not be a common question of law or fact to the declaratory judgment action. The main issue in the declaratory judgment action is whether Cotton States' policy excludes Donald because the insured allegedly did not give him express permission to drive the car at issue. The main issue in the underlying suit,

when filed, will be whether Donald was liable for the injuries sustained by Stanley. These issues are entirely unrelated. *See Mt. Hawly,* 425 F. 3d at 1312. Further, Stanley could not offer the Court any additional information regarding the permission given to Donald other than what Donald himself could offer, and, thus, could not help resolve the issues involved in the coverage dispute. Thus, as in the cases cited above, Stanley's Motion to Intervene with permission is also due to be denied.

WHEREFORE, based on the foregoing, Plaintiff Cotton States Mutual Insurance Company respectfully requests the Court deny non-party Rosemary Stanley's Motion to Intervene as she has no legally protectable interest and no claim or defense in common with the pending declaratory judgment action.

/s/ JANNEA S. ROGERS
Jannea S. Rogers
Attorney for Plaintiff, Cotton States
Mutual Insurance Company.
Adams and Reese, LLP
11 N. Water Street, Ste., 23200
Mobile, Alabama 36602
(251) 433-3234
(251)438-7733 Facsimile
jannea.rogers@arlaw.com

CERTIFICATE OF SERVICE

I certify that I have served a copy on this the 19th day of December of Plaintiff's Opposition to Motion to Intervene on counsel for all parties by depositing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, and/or *via* the Alabama CM/ECF electronic filing and notification system, as follows:

William B. Sellars (SEL024)
wsellars@balch.com
Louis M. Calligas (CAL060)
lcalligas@balch.com
Balch & Bingham LLP

P. O. Box 78
Montgomery, Alabama  36101-0078


Jason Andrew Donald
9655 Wilson Road
Elberta, AL  36530

/s/ JANNEA S. ROGERS
COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COTTON STATES MUTUAL          )
INSURANCE COMPANY,            )
                             )
        Plaintiff,            )
                             )
v.                           )    Case No. 2:07-cv-0868-WKW [wo]
                             )
LEE A. SELLARS, *et al.*,     )
                             )
        Defendants.           )

## <u>ORDER</u>

This cause is before the court on the Motion to Intervene (Doc. # 13) filed by Rosemary Stanley ("Stanley"). Stanley seeks intervention of right under Rule 24(a), or in the alternative, permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. The plaintiff filed its opposition (Doc. # 18), and the motion to intervene is ready for the court to consider. For the reasons set forth below, the motion to intervene (Doc. # 13) is due to be denied.

### A.    *Procedural History & Background*

In this action, Cotton States Mutual Insurance Company ("Cotton States") seeks a declaration that it has no duty to defend or indemnify the defendants from any damages arising out of an automobile accident that occurred between Stanley and Defendant Jason Andrew Donald ("Donald"). (Compl.) At the time of the accident, Donald was driving a vehicle owned by Defendant Lee A. Sellars ("Sellars") and insured by Cotton States. Stanley

seeks to intervene in this action because Donald is proceeding *pro se*[1] and, because he appears to own no assets of significant value, "if the instant action results in a declaratory judgment that Plaintiff Cotton States's insurance coverage does not extend to Donald, the only recovery of monetary damages for Stanley will be her own $20,000 policy of Uninsured / Underinsured Motorist coverage." (Doc. #14, at 4.)

## B.    *Intervention of Right*

Rule 24(a) requires a court to permit anyone who, in a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Cotton States asserts that Stanley's motion fails to meet the Rule 24 requirements for intervention as a matter of right and questions the timeliness of the motion. Even if Stanley's motion is assumed timely, she fails to set forth a legally protectable interest sufficient to entitle her to intervention as a matter of right.

In a strikingly similar case, the Eleventh Circuit held that a putative intervenor's interest in the subject matter of a declaratory judgment action was purely economic because he was not a party to the insurance policy and, furthermore, that his interest "is purely

---

[1] Although Donald apparently received assistance from counsel in drafting his answer to the complaint (Doc. # 15-2, at ¶ 16), he did file it *pro se* and Stanley's fears of competent representation have now proven true. Since Stanley's motion to intervene was filed, Donald has failed to comply with Rule 26 and the court's order to compel production of his initial disclosures. As a result, Cotton States has now filed a motion for default judgment against Donald as sanctions for his noncompliance. (Doc. # 27.)

speculative because it is contingent upon his prevailing against [the defendants] in the wrongful death action." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). In reaching this conclusion, the Eleventh Circuit rejected the putative intervenor's argument that he has an interest to intervene "because if [the insurer] owes neither a defense nor coverage . . . then [he] will not have [a] pool or fund from which to recover his damages." *Id.* (internal quotation marks omitted). Similarly, Stanley's interest in securing a source of funds from which she might one day recover damages is also insufficient to constitute a legally protectable interest. Therefore, based on the holding of *Mt. Hawley*, Stanley's motion to intervene as a matter of right is due to be denied.

### C.    *Permissive Intervention*

Rule 24(b) allows a court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In its declaratory action, Cotton States contends that Donald did not have the requisite permission to use the insured vehicle. Because Stanley disputes this, she contends that her claims or defenses have common questions of law or fact with Cotton States's declaratory action. (Doc. # 14, at 11.) However, as Cotton States points out, "Stanley has no claim or defense of any kind as she has not filed a lawsuit." (Doc. # 18, at 5.)

Even if she had filed a lawsuit, an underlying tort action against the tortfeasor would not share common questions of law or fact with a declaratory action seeking a determination of insurance coverage. The Eleventh Circuit has held that the issue of insurance coverage,

3

which is the primary issue in the declaratory judgment action, "is unrelated to the issue of fault in the [underlying tort] action." *Mt. Hawley*, 425 F.3d at 1312.  Therefore, Stanley's motion to permissively intervene is due to be denied.

**D.     *Conclusion***

For the reasons set forth above,  it is ORDERED that Stanley's Motion to Intervene (Doc. # 13) is DENIED.

DONE this the 9th day of April, 2008.

/s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

**AlaFile E-Notice**

05-CV-2008-900137.00

To:  PETE MACKEY
     psmackey@bcmlawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

### ROSEMARY STANLEY ET AL v. JASON ANDREW DONALD ET AL
### 05-CV-2008-900137.00

The following complaint was FILED on 2/7/2008 1:43:37 PM

Notice Date:     2/7/2008 1:43:37 PM

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
2/7/2008 1:43 PM
CV-2008-900137.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**State of Alabama**
**Unified Judicial System**

**Form ARCiv-93   Rev.5/99**

# COVER SHEET
## CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number
05-CV-200

Date of Filing:
02/07/2008

## GENERAL INFORMATION

### IN THE CIRCUIT OF BALDWIN COUNTY, ALABAMA
### ROSEMARY STANLEY ET AL v. JASON ANDREW DONALD ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  MAC012   2/7/2008 1:42:06 PM   /s PETE MACKEY

**MEDIATION REQUESTED:**  ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
2/29/2008 1:43 PM
CV-2008-900137.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ROSEMARY STANLEY and )
STEVEN STANLEY, )
                 )
    Plaintiffs, )
                 )    Civil Action No.:_____
v.               )
                 )
JASON ANDREW DONALD and )
LINDLEY SELLARS and )
LEE SELLARS and )
A, B, C, D, E and/or F, whether )
singular or plural, being those )    **PLAINTIFFS DEMAND TRIAL**
persons, firms or legal entities )    **BY JURY**
whose negligence, wantonness )
and/or other wrongful conduct )
caused or contributed to the injuries )
of the plaintiffs and whose true )
names and identities are not known )
to plaintiffs at this time but who will )
be added by amendment when such )
are ascertained. )
                 )
    Defendants. )

## COMPLAINT

COME NOW the plaintiffs, ROSEMARY STANLEY and STEVEN STANLEY,

husband and wife, to allege against the defendants, jointly and severally, as follows:

### THE PARTIES

1.    Plaintiff, ROSEMARY STANLEY, is and was at all times material hereto a resident

of Baldwin County, Alabama and above the age of nineteen years.

2.    Plaintiff, STEVEN STANLEY, is and was at all times material hereto a resident of

Baldwin County, Alabama and above the age of nineteen years.

3.      Defendant, JASON ANDREW DONALD ("Donald"), is and was at all times material hereto a resident of Baldwin County, Alabama and above the age of nineteen years.

4.      Defendant, LINDLEY SELLARS, is and was at all times material hereto a resident of Baldwin County, Alabama and above the age of nineteen years.

5.      Defendant, LEE SELLARS, is and was at all times material hereto a resident of Montgomery County, Alabama and above the age of nineteen years.

6.      Defendants A, B, C, D, E and/or F, whether singular or plural, are those persons, firms or legal entities whose negligence and/or wantonness caused or contributed to the injuries of the plaintiffs as set forth herein and whose true names and identities are not now known to the plaintiffs but who will be added by amendment when such are ascertained.

## STATEMENT OF THE FACTS

7.      On the morning of Monday, April 2nd, 2007, plaintiff, ROSEMARY STANLEY, drove from her Elberta, Alabama home to her workplace. As she was driving to work DONALD, driving on the same road from the opposite direction, crossed the center line and negligently and/or wantonly caused and/or allowed the motor vehicle he was operating (a green four-door 1996 Honda Accord ("Honda") to collide with her motor vehicle (a black, four-door 2004 Chevrolet Impala). At the time of the collision, DONALD's judgment was impaired by his ingestion of alcohol and diazepam (Valium) such that he was unable to safely operate a motor vehicle. This head-on collision seriously injured ROSEMARY STANLEY

and has resulted in the plaintiffs incurring extensive medical bills. The injuries have diminished and will continue to diminish ROSEMARY STANLEY's capacity to participate in her marriage with her husband, STEVEN STANLEY. STEVEN STANLEY has suffered as a result of this collision as well, both in loss of services in his marriage and also financially as a member of this household.

8.    Defendants DONALD and LINDLEY SELLARS cohabited for many months preceding the collision in a home owned by DONALD and/or his parents in Elberta, Alabama.

9.    During the entirety of said cohabitation, DONALD drove Sellars' green four-door 1996 Honda Accord with the ongoing express permission of LINDLEY SELLARS.

10.    During the entirety of said cohabitation, DONALD drove Sellars' green four-door 1996 Honda Accord with the express permission of LINDLEY SELLARS' father, LEE SELLARS.

### 1st CAUSE OF ACTION: NEGLIGENCE

11.    Plaintiffs adopt and reallege each and every preceding paragraph as if fully set forth herein and further allege as follows.

12.    DONALD's negligence proximately caused ROSEMARY STANLEY to suffer the following damages:

      A.    Past and future medical expenses;

      B.    Past and future lost income;

Page -3-

C.     Past and future pain and suffering;

D.     Past and future emotional distress and mental anguish; and

E.     Permanent bodily injuries, loss of enjoyment of life and permanent

bodily disfigurement; and

F.     Damage and loss to her personal property.

WHEREFORE, the above premises considered, ROSEMARY STANLEY demands

judgment of compensatory damages against the defendant, JASON ANDREW DONALD

and against A, B, C, D, E and/or F in an amount in excess of the minimal jurisdictional limits

of this Court, plus interest and costs.

## 2nd CAUSE OF ACTION:
## WANTONNESS

13.     Plaintiffs adopt and reallege the preceding paragraphs 1-12 as if fully set forth herein

and further allege as follows:

14.     At all times material hereto and at the time of the collision that is the subject of this

action, DONALD, was intoxicated due to his intake of at least alcohol and diazepam

(Valium).

15.     The above described act(s) and/or omission(s) and other actions of the DONALD

constitute wantonness, and as a proximate cause of said defendant's wanton conduct, the

plaintiffs suffered the injuries and damages set forth herein.

WHEREFORE, the above premises considered, ROSEMARY STANLEY demand

judgment of compensatory and punitive damages against the defendant, DONALD and

against A, B, C, D, E and/or F in an amount in excess of the minimal jurisdictional limits of this Court, plus interest and costs.

### 3rd CAUSE OF ACTION:
### NEGLIGENT ENTRUSTMENT

16.    Plaintiffs adopt and reallege the preceding paragraphs 1-12 as if fully set forth herein and further allege as follows:

17.    At all times material DONALD drove the subject green four-door 1996 Honda Accord with the express permission of defendants LINDLEY SELLARS and LEE SELLARS.

18.    Upon information and belief, LINDLEY SELLARS and LEE SELLARS knew that DONALD had drug and alcohol problems and had been in treatment for such problems.

19.    As a proximate consequence of LINDLEY SELLARS and LEE SELLARS permitting DONALD to use the Honda, the subject collision occurred.

20.    Said negligent entrustment by defendants LINDLEY SELLARS and LEE SELLARS proximately caused ROSEMARY STANLEY to suffer the following damages:

        A.    Past and future medical expenses;

        B.    Past and future lost income;

        C.    Past and future pain and suffering;

        D.    Past and future emotional distress and mental anguish; and

        E.    Permanent bodily injuries, loss of enjoyment of life and permanent bodily disfigurement; and

        F.    Damage and loss to her personal property.

WHEREFORE, the above premises considered, the plaintiffs, ROSEMARY STANLEY and STEVEN STANLEY demand judgment of compensatory damages against the defendants, LINDLEY SELLARS and LEE SELLARS and against A, B, C, D, E and/or F in an amount in excess of the minimal jurisdictional limits of this Court, plus interest and costs.

### 4th CAUSE OF ACTION:
### LOSS OF CONSORTIUM

21.    Plaintiffs adopt and reallege the preceding paragraphs 1-12 as if fully set forth herein and further allege as follows:

22.    As a direct and proximate result of the Defendants' negligence and/or wantonness, including that of the Fictitious Defendants, STEVEN STANLEY lost the consortium and services of his wife, ROSEMARY STANLEY.

WHEREFORE, the above premises considered, STEVEN STANLEY demands a judgment for compensatory and punitive damages against the defendants, including fictitious Defendants A, B, C, D, E and/or F, in an amount in excess of the minimal jurisdictional limits of this Court, plus interest and costs.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully submitted,


_____/s/ Peter S. Mackey_____
PETER S. MACKEY (MAC012)
One of the Attorneys for the Plaintiffs
Burns, Cunningham & Mackey, P.C.

Page -6-

50 Saint Emanuel Street
Mobile, Alabama 36602
Phone: (251) 432-0612
Fax:    (251) 432-0625
Email: psmackey@bcmlawyers.com


_____/s/ Scott Soutullo_____
SCOTT SOUTULLO (SOU004)
One of the Attorneys for the Plaintiffs
Scott Soutullo, P.C.
50 Saint Emanuel Street
Mobile, Alabama 36602
Phone: (251) 391-1212
Fax:    (251) 650-1358
Email: scott@lawyerscott.com

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

**Mr. Jason Andrew Donald**
9655 Wilson Road
Elberta, AL 36530

**Ms. Lindley Sellars**
9655 Wilson Road
Elberta, AL 36530

**Mr. Lee A. Sellars**
6213 Oliver Dr.
Montgomery, AL 36117